1  KEITH A. JACOBY, Bar No. 150233
   LITTLER MENDELSON, P.C.
2  2049 Century Park East, 5th Floor
   Los Angeles, CA  90067.3107
3  Telephone:     310.553.0308
   Fax No.:         310.553.5583
4  kjacoby@littler.com

5  RYAN L. EDDINGS, Bar No. 256519
   LITTLER MENDELSON, P.C.
6  5200 North Palm Avenue, Suite 302
   Fresno, CA  93704.2225
7  Telephone:     559.244.7500
   Fax No.:         559.244.7525
8  reddings@littler.com

9  GREGORY G. ISKANDER, Bar No. 200215
   LITTLER MENDELSON, P.C.
10 Treat Towers
   1255 Treat Boulevard, Suite 600
11 Walnut Creek, CA  94597
   Telephone:     925.932.2468
12 Facsimile:     925.946.9809
   giskander@littler.com
13
   Attorneys for Defendant
14 T-MOBILE USA, INC.

15                        UNITED STATES DISTRICT COURT

16                        EASTERN DISTRICT OF CALIFORNIA

17

18

19 EMMANUEL SALGADO, on behalf of        Case No.
   himself and all others similarly situated,   (Kern County Superior Court Case No. BCV-
20                                               17-100243)
                  Plaintiff,
21                                               **DEFENDANT'S NOTICE TO FEDERAL
   v.                                            COURT OF REMOVAL OF CIVIL
22                                               ACTION FROM STATE COURT
   T-MOBILE USA, INC., a Delaware               PURSUANT TO 28 U.S.C. SECTION
   corporation; and DOES 1 to 100, inclusive,   1332(D)(2)(CAFA)**
23
                  Defendant.
24

25

26

27

28

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

NOTICE  TO  FEDERAL  COURT  OF            Case No. _____
REMOVAL OF CIVIL ACTION

1    **TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF EMMANUEL**

2    **SALGADO, AND HIS ATTORNEYS OF RECORD:**

3         PLEASE TAKE NOTICE that Defendant T-MOBILE USA, INC. ("T-MOBILE"),

4    ("Defendants") hereby removes the above-captioned action from the Superior Court of the State of

5    California for the County of Kern, to the United States District Court for the Eastern District of

6    California.  This Removal is based on the original jurisdiction of the District Court over the parties

7    under 28 U.S.C. sections 1332(d), and 1446.

8                           I.    **STATEMENT OF JURISDICTION**

9         1.     This Court has original jurisdiction over this action pursuant to the Class Action

10   Fairness Act of 2005 ("CAFA"), which vests the United States district courts with original

11   jurisdiction of any civil action: (a) that is a class action with a putative class of more than a hundred

12   members; (b) in which any member of a class of Plaintiffs is a citizen of a State different from any

13   defendant; and (c) in which the matter in controversy exceeds the sum or value of $5,000,000,

14   exclusive of interest and costs.  See 28 U.S.C. §1332(d).  CAFA authorizes removal of such actions

15   in accordance with United States Code, Title 28, § 1446.  As set forth below, this case meets all of

16   CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

17                          II.    **PLEADINGS, PROCESS, AND ORDERS**

18        2.     On February 2, 2017, Plaintiff Emmanuel Salgado ("Plaintiff") filed a Class Action

19   Complaint against Defendant and various Doe defendants in Kern County Superior Court: *Salgado*

20   *v. T-Mobile, USA Inc.,* Case No. BCV-17-100243 (hereinafter, the "Complaint").  The Complaint

21   asserts the following causes of action under the California Labor Code: 1) failure to pay overtime; 2)

22   failure to pay all wages; 3) failure to authorize and permit rest breaks; 4) failure to reimburse work

23   expenses; 5) failure to provide accurate itemized wage statements; 6) derivative violations for

24   waiting time penalties; 7) direct waiting time penalty violations; 8) penalties pursuant to California's

25   Private Attorney General's Act ("PAGA"); and 9) unfair competition in violation of California

26   Business & Professions Code §§ 17200 *et seq.*

27        3.     On February 6, 2017, Plaintiff served on Defendant, via its registered agent for

28   service of process: (1) the Summons and Complaint; (2) a Civil Case Cover Sheet; and (3) a Notice

.ITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION          2.          CASE NO. _____

1    of Assignment and Case Management Conference. True and correct copies of these documents,

2    including exhibits, are attached hereto as Exhibit "A."

3           4.      On March 7, Defendant timely filed its Answer with the Superior Court, a true and

4    correct copy of which is attached hereto as Exhibit "B."

5           5.      Pursuant to 28 U.S.C. § 1446(d), the attached exhibits constitute all process,

6    pleadings and orders served on Defendant or received by or filed by Defendant in this action. To

7    Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed

8    in Kern County Superior Court or served by any party.

9           6.      To Defendant's knowledge, no proceedings related hereto have been heard in Kern

10    County Superior Court.

11                  **III.**    **TIMELINESS OF REMOVAL**

12           7.      This Notice of Removal is timely filed as it is filed within thirty (30) days of February

13    6, 2017, the date of service of the Summons and Complaint.

14                  **IV.**    **CAFA JURISDICTION**

15           8.      As set forth below, this Court has jurisdiction over this case under CAFA, 28 U.S.C.

16    § 1332(d), and this case may be removed pursuant to the provisions of 28 U.S.C. § 1441(a), in that it

17    is a civil class action wherein: (1) the proposed class contains at least 100 members; (2) Defendant is

18    not a state, state official or other governmental entity; (3) there is diversity between at least one class

19    member and the sole named and served Defendant; and (4) the total amount in controversy for all

20    class members exceeds $5,000,000.

21          **A.**    **The Proposed Class Contains At Least 100 Members**

22           9.      28 U.S.C. § 1332(d)(5)(B) sets forth that the provisions of CAFA do not apply to any

23    class action where "the number of members of all proposed plaintiff classes in the aggregate is less

24    than 100." This requirement is easily met in the case at bar.

25          10.      As set forth in the Complaint, Plaintiff seeks to represent a class consisting of all

26    California citizens employed by Defendant as hourly-paid employees including but not limited to

27    Sales Representatives, Sales Leads, Retail Associate Managers, Assistant managers, and/or Store

28    Managers. Complaint at ¶¶ 4, 25. According to Plaintiff's definition, there are approximately seven

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION      3.      CASE NO. _____

1    thousand (7,000) putative class members included in this case to date.  See Declaration of Latisha

2    Moss in Support of Notice of Removal of Civil Action to Federal Court ("Moss Decl.") ¶ 5.

3         **B.        Defendant is Not  a Governmental Entity**

4         11.     Under 28 U.S.C. § 1332(d)(5)(B), the CAFA does not apply to class actions where

5    "primary defendants are States, State officials, or other governmental entities against whom the

6    district court may be foreclosed from ordering relief."

7         12.     Defendant is a corporation, not a state, state official or other government entity

8    exempt from the CAFA.  Moss Decl. at ¶ 2.

9         **C.        There Is Diversity Between At Least One Class Member And Defendant**

10        13.     CAFA's minimal diversity requirement is satisfied, inter alia, when "any member of a

11   class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. §§ 1332(d)(2)(A);

12   1453(b).  In a class action, only the citizenship of the named parties is considered for diversity

13   purposes and not the citizenship of the class members.  *Snyder v. Harris*, 394 U.S. 332, 339-40

14   (1969).  Minimal diversity of citizenship exists here because Plaintiff and Defendant are citizens of

15   different states.

16        14.     Allegations of residency in a state court complaint can create a rebuttable

17   presumption of domicile supporting diversity of citizenship.  *Lew v. Moss*, 797 F.2d 747, 751 (9th

18   Cir. 1986); see also *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994)

19   (allegation by party in state court complaint of residency "created a presumption of continuing

20   residence in [state] and put the burden of coming forward with contrary evidence on the party

21   seeking to prove otherwise"); *Smith v. Simmons*, 2008 U.S. Dist. LEXIS 21162, *22 (E.D. Cal.

22   2008) (place of residence provides "prima facie" case of domicile).  Plaintiff alleges that at the time

23   he commenced this action and at all relevant times, he is and was a citizen of the State of California,

24   residing in Bakersfield, California.  Complaint at ¶¶ 6, 7, 22.

25        15.     Conversely, Defendant is not a citizen of California.  For diversity purposes, a

26   corporation is deemed a citizen of its state of incorporation and the state where it has its principal

27   place of business.  28 U.S.C. § 1332(c)(1).  At the time this action was commenced in state court,

28   Defendant was, and still is, a corporation organized under the laws of the State of Delaware with its

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

NOTICE  TO  FEDERAL  COURT  OF
REMOVAL OF CIVIL ACTION                4.          CASE NO. _____

1    principal place of business in Bellevue, Washington, where its corporate offices and headquarters,

2    which house Defendant's executive and administrative functions, are located. Moss Decl. at ¶2. See

3    *Hertz Corp. v. Friend*, 130 U.S. 1181, 1192-93 (2010) (the principal place of business is "where a

4    corporation's officers direct, control, and coordinate the corporation's activities"). Thus, Defendant

5    is a citizen of the State of Delaware, where it is incorporated, and of the State of Washington, where

6    it has its principal place of business.

7         16.    No other party has been named or served as of the date of this removal. The presence

8    of Doe defendants in this case has no bearing on diversity with respect to removal. *See* 28 U.S.C. §

9    1441(a) ("[f]or purposes of removal under this chapter, the citizenship of defendants sued under

10   fictitious names shall be disregarded").

11        17.    Accordingly, the named Plaintiff is a citizen of a state different from Defendant, and

12   diversity exists for purposes of CAFA jurisdiction. See 28 U.S.C. §§ 1332(d)(2)(A), 1453.

13       **D.**    **The Amount in Controversy Exceeds $5,000,000**[1]

14        18.    This Court has jurisdiction under CAFA, which authorizes the removal of class

15   actions in which, among the other factors mentioned above, the amount in controversy for all class

16   members exceeds $5,000,000. 28 U.S.C. § 1332(d). "The claims of the individual class members

17   shall be aggregated to determine whether the matter in controversy exceeds" this amount. 28 U.S.C.

18   § 1332(d)(6).

19        19.    The removal statute requires that a defendant seeking to remove a case to federal

20   court must file a notice "containing a short and plain statement of the grounds for removal." 28

21   U.S.C. § 1446(a). Plaintiff's Complaint is silent on the amount in controversy. Under CAFA, where

22   a complaint fails to state the amount in controversy, the defendant's notice of removal may do so.

23   *Dart Cherokee Basin Operating Co. LLC v. Owens*, 135 S. Ct. 547, 551 (2014). The notice of

24   removal need simply include "a plausible allegation that the amount in controversy exceeds the

25   jurisdictional threshold." *Id.* at 554; *see also Ibarra v. Manheim Invests., Inc.*, 775 F. 3d 1193, 1195

---

26   [1] The alleged damages calculations contained herein are for purposes of removal only. Defendant
27   denies that Plaintiff or the putative class are entitled to any relief whatsoever and expressly reserves
     the right to challenge Plaintiff's alleged damages in this case, including the proffered methodology
28   for such calculations.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION     5.    CASE NO. _____

1  (9th Cir. 2015) (same).  "[N]o antiremoval presumption attends cases invoking CAFA." *Dart*, 135

2  S. Ct. at 554.

3       20.     Here, Plaintiff does not allege the amount in controversy in the Complaint.  Yet, the

4  face of the Complaint, as well as the Declaration of Latisha Moss, clearly demonstrate that the

5  amount of controversy in this case exceeds $5,000,000.

6       21.     Plaintiff alleges a cause of action for a violation of the Unfair Competition Law

7  ("UCL"), Business and Professions Code §§ 17200, et seq.  Complaint at ¶¶ 116-127.  By alleging

8  this UCL violation, Plaintiff intends to extend the statute of limitations on his Labor Code claims to

9  four years.  See Bus. & Prof. Code § 17208.

10      22.     Plaintiff's average hourly rate of pay at the time his employment with Defendant

11  terminated was $17.83. (Moss Decl., ¶ 4.)  Plaintiff alleges that his claims are typical of all putative

12  class members, and thus a similar rate of pay of at least $17 per hour can be assumed for the putative

13  class.  Complaint at ¶ 30.

14      23.     Through his first cause of action, Plaintiff alleges failure to pay overtime wages under

15  Labor Code section 510, as to all putative class members.  Complaint at ¶¶ 33-37.  Based on

16  Plaintiff's average hourly rate (assuming $17 per hour), the average overtime hourly rate is $25.50

17  per hour.  There are approximately 210 weeks from the start of the putative class period (February 2,

18  2013) to present.  Assuming even one hour of unpaid overtime per week during the putative class

19  period, an individual putative class member employed during this period would seek to recover at

20  least $5,355 ($25.50 x 210 weeks).  Approximately 3,675 putative class members are currently

21  active employees.  (Moss Decl. ¶5.)  Assuming even only half of the putative class is able to recover

22  damages for the entire class period, Plaintiff seeks to recover at least **$18,742,500** ($5,355 x. 3,500

23  individuals).

24      24.     Through his second cause of action, Plaintiff seeks to recover unpaid wages for

25  alleged off-the-clock work under Labor Code section 218, and liquidated damages in an amount

26  equal to the unpaid minimum wage under Labor Code section 1194.2.  Complaint at ¶¶ 42-52.

27  Assuming even one hour of unpaid wages for off-the-clock work each week, and not including

28  overtime, Plaintiff seeks to recover at least $3,570 for each class member employed during the entire

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION          6.          CASE NO. _____

1    class period to date.  Assuming half of the class could recover such unpaid wages, Plaintiff seeks to

2    recover at least **$12,495,000** ($3,570 x 3,500 individuals).  Plaintiff's request for liquidated damages

3    in an amount equal to the unpaid minimum wages serves to further increase this amount.

4          25.    Through his third cause of action, Plaintiff seeks to recover penalties under Labor

5    Code section 226.7 for failing to authorize and permit rest periods, in the amount of one hour at the

6    regular rate of pay.  Complaint at ¶¶ 57-63.  Assuming even just one violation per putative class

7    member per week during the class period, Plaintiff seeks to recover at least at least $3,570 for each

8    putative class member employed during the entire class period to date.  Assuming half of the class

9    could recover such rest period penalties, Plaintiff seeks to recover at least **$12,495,000** ($3,570 x

10   3,500 individuals).

11         26.    Through his fifth cause of action, Plaintiff seeks to recover penalties under Labor

12   Code section 226 for failure to provide accurate wage statements.  Complaint at ¶¶ 78-87.  Plaintiff

13   alleges that every class member received inaccurate wage statements, resulting in penalties of $50

14   per pay period for the initial pay period and $100 for each subsequent pay period per employee, with

15   a maximum of $4,000 per employee. Complaint at ¶¶ 81-82, 87.  Assuming Plaintiff is successful in

16   extending the relevant time period to four years prior to the filing of the Complaint to the present for

17   this cause of action, and will seek the maximum penalty, Plaintiff seeks to recover **$28,000,000**

18   ($4,000 x 7,000 individuals).

19         27.    Through his sixth and seventh causes of action, Plaintiff seeks to recover penalties

20   under Labor Code section 203 for derivative and direct waiting time penalties for all former putative

21   class members for failure to pay all wages at time of termination.  Complaint at ¶¶ 91-96, 98-103.

22   Of the putative class members to date, approximately 3,325 are former employees.  (Moss Decl., ¶5.)

23   Plaintiff seeks to recover for these putative class members up to thirty days of wages.  For each

24   individual, this would amount to $4,080 ($17/hr x 8 hours x 30 days).  For the putative class,

25   Plaintiff seeks to recover at least **$13,566,000** ($4,080 x 3,325 individuals).

26         28.    Through his eighth cause of action, Plaintiff seeks to recover penalties under Labor

27   Code section 2699, the California Private Attorney General's Act (PAGA). Complaint at ¶ 106.

28   Plaintiff seeks to recover between $50-$250 for each putative class member for violations of the

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

NOTICE  TO  FEDERAL  COURT  OF
REMOVAL OF CIVIL ACTION                7.          CASE NO. _____

1    Labor Code for each initial pay period, and penalties of $100-$1,000 for each subsequent pay period.

2    *Id.* Assuming 26 pay periods per year for even just one year, and assuming just $100 per pay period

3    for each putative class member, Plaintiff seeks to recover at least **$18,200,000** in PAGA penalties

4    (26 x $100 x 7,000 individuals).

5            29.    Plaintiff's claims for attorneys' fees for each of his causes of action under the

6    California Labor Code must also be considered in determining whether the jurisdictional limit is

7    met. Complaint at Prayer for Relief. "Where an underlying statute authorizes an award of attorneys'

8    fees, either with mandatory or discretionary language, such fees may be included in the amount in

9    controversy.'" *Lowdermilk v. U.S. Bank National Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007) (citing

10    *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998)).   Further, "it is well

11    established that the Ninth Circuit has established 25% of the common fund as a benchmark award

12    for attorney fees." *Jasso v. Money Mart Express, Inc.*, 2012 U.S. Dist. LEXIS 27215 (N.D. Cal. Mar.

13    1, 2012).   This serves to further increase the amount in controversy.

14            30.    Thus, although Defendant denies that Plaintiff and the putative class are entitled to

15    any relief, accepting Plaintiff's claims as true, it is more likely than not that the amount in

16    controversy in this case exceeds $5,000,000.  As set forth above, Plaintiff's Complaint puts forth at

17    least $100 million in controversy and will likely seek an additional 25% in attorneys' fees. [2]  Based

18    on the allegations in Plaintiff's Complaint, the $5 million jurisdictional amount requirement of the

19    CAFA is therefore easily met.

20                                    **V.  VENUE**

21            31.    Venue lies in the Eastern District of California pursuant to 28 U.S.C. §§ 84(c),

22    1441(a), and 1446(a).  Plaintiff originally brought this action in the Superior Court of the State of

23    California, County of Kern.  Thus, the appropriate assignment of this action is to the Bakersfield

24    Division of this Court.

25    ///

26

27    [2] Plaintiff further seeks recovery of unpaid expense reimbursement under his fourth cause of action,
      which is not included in the above calculations, but serves to further increase the amount in

28    controversy.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

NOTICE TO FEDERAL COURT OF          8.      CASE NO. _____
REMOVAL OF CIVIL ACTION

1

## VI.  NOTICE OF REMOVAL

2      32. Contemporaneously with the filing of this Notice of Removal in the United States District

3  Court for the Eastern District of California, the undersigned is providing written notice of such filing

4  to Plaintiff's counsel of record: Kevin T. Barnes and Gregg Lander of Law Offices of Kevin T.

5  Barnes, and Raphael A. Katri of Law Offices of Raphael A. Katri.   In addition, a copy of this Notice

6  of Removal will be filed with the Clerk of the Superior Court of the State of California, County of

7  Kern.

8      WHEREFORE, Defendant prays that the Court remove this civil action from the Superior

9  Court of the State of California, County of Kern, to the United States District Court for the Eastern

10  District of California.

11

Dated: March 8, 2017                    LITTLER MENDELSON, P.C.

12

13

By:*/s/ Gregory G. Iskander*_____
14         KEITH JACOBY
            RYAN L. EDDINGS
15         GREGORY G. ISKANDER
            Attorneys for Defendant
16         T-MOBILE USA, INC.

17

18  Firmwide:146143757.1 066431.1019

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

NOTICE  TO  FEDERAL  COURT  OF            9.      CASE NO. _____
REMOVAL OF CIVIL ACTION

# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

T-MOBILE USA, INC., a Delaware corporation; and DOES 1 to 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*

EMMANUEL SALGADO, on behalf of himself and all other similarly situated

**ELECTRONICALLY FILED**

2/3/2017 1:08:31 PM

Kern County Superior Court

Terry McNally

By Vanessa Cofield, Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: *(El nombre y dirección de la corte es):* Kern County Superior Court | **CASE NUMBER:** *(Número del Caso)* BCV-17-100243 |
| --- | --- |

1415 Truxtun Avenue
Bakersfield, CA 93301

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Law Offices of Kevin T. Barnes, 5670 Wilshire Blvd., Suite 1460, Los Angeles, CA 90036 - (323) 549-9100

| DATE: *(Fecha)* 2/3/2017 | TERRY MCNALLY | Clerk, by *(Secretario)* Vanessa Cofield | , Deputy *(Adjunto)* |
| --- | --- | --- | --- |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): *T-Mobile USA, Inc. a Delaware Corporation*

    under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
    ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
    ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
    ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |
| --- | --- | --- |

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Kevin T. Barnes, Esq. (SBN# 138477)<br>Law Offices of Kevin T. Barnes<br>5670 Wilshire Boulevard, Suite 1460<br>Los Angeles, California 90036<br>TELEPHONE NO.: (323) 549-9100   FAX NO.: (323) 549-0101<br>ATTORNEY FOR (Name): Emmanuel Salgado | ELECTRONICALLY FILED<br>2/3/2017 1:08:31 PM<br>Kern County Superior Court<br>Terry McNally<br>By Vanessa Cofield, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF: Kern
STREET ADDRESS: 1415 Truxtun Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Bakersfield, CA 93301
BRANCH NAME: Metropolitan Division

| CASE NAME:<br>Emmanuel Salgado v. T-Mobile USA, Inc. | |
|---|---|

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited ☐ Limited<br>(Amount        (Amount<br>demanded    demanded is<br>exceeds $25,000)  $25,000 or less) | ☐ Counter  ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | BCV-17-100243 |
| | | JUDGE: |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☑ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action (specify): Nine (9)
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: February 3, 2017

Kevin T. Barnes, Esq.
(TYPE OR PRINT NAME)                                                 ►                  (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) (*if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto*)
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability (*not asbestos or
  toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) (*not civil
  harassment*) (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract (*not unlawful detainer
      or wrongful eviction*)
  Contract/Warranty Breach–Seller
    Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage (*not provisionally
  complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent
    domain, landlord/tenant, or
    foreclosure*)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  (*arising from provisionally complex
  case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment (*non-
    domestic relations*)
  Sister State Judgment
  Administrative Agency Award
    (*not unpaid taxes*)
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
  above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-
    harassment*)
  Mechanics Lien
  Other Commercial Complaint
    Case (*non-tort/non-complex*)
  Other Civil Complaint
    (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition (*not specified
  above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

Kevin T. Barnes, Esq. (#138477)
Gregg Lander, Esq. (#194018)
LAW OFFICES OF KEVIN T. BARNES
5670 Wilshire Boulevard, Suite 1460
Los Angeles, CA 90036-5664
Tel.: (323) 549-9100 / Fax: (323) 549-0101
Email: Barnes@kbarnes.com

Raphael A. Katri, Esq. (#221941)
LAW OFFICES OF RAPHAEL A. KATRI
8549 Wilshire Boulevard, Suite 200
Beverly Hills, CA 90211-3104
Tel.: (310) 940-2034 / Fax: (310) 733-5644
Email: RKatri@socallaborlawyers.com

Attorneys for Plaintiff EMMANUEL SALGADO,
on behalf of himself and all others similarly situated

ELECTRONICALLY FILED
2/3/2017 1:08:31 PM
Kern County Superior Court
Terry McNally
By Vanessa Cofield, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF KERN

| | |
|---|---|
| EMMANUEL SALGADO, on behalf of himself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> T-MOBILE USA, INC., a Delaware corporation; and DOES 1 to 100, inclusive, <br><br> Defendants. | Case No. BCV-17-100243 <br><br> <u>CLASS ACTION</u> <br><br> <u>COMPLAINT FOR:</u> <br><br> 1.  **FAILURE TO PAY OVERTIME WAGES AT THE LEGAL OVERTIME PAY RATE;** <br> 2.  **FAILURE TO PAY ALL WAGES;** <br> 3.  **FAILURE TO AUTHORIZE AND PERMIT ALL PAID REST PERIODS;** <br> 4.  **FAILURE TO FULLY REIMBURSE WORK EXPENSES;** <br> 5.  **DERIVATIVE FAILURE TO TIMELY FURNISH ACCURATE ITEMIZED WAGE STATEMENTS;** <br> 6.  **DERIVATIVE VIOLATIONS OF LABOR CODE §203;** <br> 7.  **INDEPENDENT VIOLATIONS OF LABOR CODE §203;** <br> 8.  **PENALTIES PURSUANT TO LABOR CODE §2699; AND** <br> 9.  **UNFAIR BUSINESS PRACTICES** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff EMMANUEL SALGADO, an individual on behalf of himself and all others

similarly situated (hereinafter collectively referred to as "Plaintiffs"), hereby files this Complaint

SALGADO V. T-MOBILE USA, INC. - COMPLAINT

1  against Defendant T-MOBILE USA, INC. and DOES 1 to 100 (hereinafter collectively referred
2  to as "Defendants"). Plaintiffs are informed and believe, and on the basis of that information and
3  belief, allege as follows:

## I.

## INTRODUCTION

6    1.    This is a civil action seeking recovery for Defendants' violations of the California
7  Labor Code ("Labor Code") California Business and Professions Code ("B&PC"), the applicable
8  Wage Orders issued by the California Industrial Welfare Commission (hereinafter, the "IWC
9  Wage Orders") and related common law principles.

10   2.    Plaintiffs' action seeks monetary damages, including full restitution from
11  Defendants as a result of Defendants' unlawful, fraudulent and/or unfair business practices.

12   3.    The acts complained of herein occurred, occur and will occur, at least in part,
13  within the time period from four (4) years preceding the filing of the original Complaint herein,
14  up to and through the time of trial for this matter although this should not automatically be
15  considered the statute of limitations for any cause of action herein.

16  RELEVANT JOB TITLES

17   4.    For introductory and general information only (and not to be considered a
18  proposed class definition), the relevant job titles held by the California citizens in this action are
19  Defendants' hourly-paid employees who were subjected to Defendants' policies and practices as
20  described herein (hereafter, including but not limited to Sales Representatives, Sales Leads, Retail
21  Associate Managers, Assistant Managers, and/or Store Managers). Any differences in job activities
22  between the different individuals in these positions were and are legally insignificant to the
23  issues presented by this action.

24  SUMMARY OF CLAIMS

25   5.    With regard to Defendants' hourly-paid employees, Defendants have:
26       a.  Failed to pay overtime wages at the appropriate overtime pay rate;
27       b.  Failed to pay straight time, minimum and/or overtime wages for all hours
28          worked;

- 2 -

SALGADO V. T-MOBILE USA, INC. - COMPLAINT

1         c. Failed to authorize and permit all paid rest periods;

2         d. Failed to reimburse for all work-related expenses;

3         e. Failed to timely furnish accurate itemized wage statements;

4         f. Derivatively violated Labor Code §203;

5         g. Independently violated Labor Code §203;

6         h. Incurred penalties pursuant to Labor Code §§2698, et seq.; and

7         i. Conducted unfair business practices.

8                     **II.**

9               **PARTIES**

10  PLAINTIFF EMMANUEL SALGADO

11       6.    Plaintiff EMMANUEL SALGADO is an individual over the age of eighteen (18)

12  and is now and/or at all times mentioned in this Complaint was a citizen of the State of California.

13       7.    Plaintiff EMMANUEL SALGADO worked for Defendants as an hourly-paid Sales

14  Representative and hourly-paid Retail Associate Manager (also known as Assistant Manager)

15  from approximately November 2010 to August 10, 2016 in Bakersfield, California.

16       8.    Plaintiff EMMANUEL SALGADO seeks recovery herein from Defendants

17  because with regard to Plaintiff EMMANUEL SALGADO, while acting for Defendants in his

18  capacity as an hourly-paid employee, Defendants have:

19         a. Failed to pay overtime wages at the appropriate overtime pay rate;

20         b. Failed to pay straight time, minimum and/or overtime wages for all hours

21           worked;

22         c. Failed to authorize and permit all paid rest periods;

23         d. Failed to reimburse for all work-related expenses;

24         e. Failed to timely furnish accurate itemized wage statements;

25         f. Derivatively violated Labor Code §203;

26         g. Independently violated Labor Code §203;

27         h. Incurred penalties pursuant to Labor Code §§2698, et seq.; and

28         i. Conducted unfair business practices.

**SALGADO V. T-MOBILE USA, INC. - COMPLAINT**

1   DEFENDANT, T-MOBILE USA, INC.

2       9.      Defendant T-MOBILE USA, INC.is now and/or at all times mentioned in this

3   Complaint was a Delaware corporation and the owner and operator of an industry, business

4   and/or facility licensed to do business and actually doing business in the State of California.

5   DOES 1 TO 100, INCLUSIVE

6       10.     DOES 1 to 100, inclusive are now, and/or at all times mentioned in this

7   Complaint were licensed to do business and/or actually doing business in California.

8       11.     Plaintiffs do not know the true names or capacities, whether individual, partner or

9   corporate, of DOES 1 to 100, inclusive and for that reason, DOES 1 to 100 are sued under such

10  fictitious names pursuant to California Code of Civil Procedure ("CCP") §474.

11      12.     Plaintiffs will seek leave of court to amend this Complaint to allege such names and

12  capacities as soon as they are ascertained.

13  ALL DEFENDANTS

14      13.     Defendants, and each of them, are now and/or at all times mentioned in this

15  Complaint were in some manner legally responsible for the events, happenings and circumstances

16  alleged in this Complaint.

17      14.     Defendants, and each of them, proximately subjected Plaintiffs to the unlawful

18  practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.

19      15.     Defendants, and each of them, are now and/or at all times mentioned in this

20  Complaint were the agents, servants and/or employees of some or all other Defendants, and vice-

21  versa, and in doing the things alleged in this Complaint, Defendants are now and/or at all times

22  mentioned in this Complaint were acting within the course and scope of that agency, servitude

23  and/or employment.

24      16.     Defendants, and each of them, are now and/or at all times mentioned in this

25  Complaint were members of and/or engaged in a joint venture, partnership and common

26  enterprise, and were acting within the course and scope of, and in pursuance of said joint

27  venture, partnership and common enterprise.

28      17.     Defendants, and each of them, at all times mentioned in this Complaint concurred

- 4 -

**SALGADO V. T-MOBILE USA, INC. - COMPLAINT**

1   and contributed to the various acts and omissions of each and every one of the other Defendants

2   in proximately causing the complaints, injuries and/or damages alleged in this Complaint.

3       18.    Defendants, and each of them, at all times mentioned in this Complaint approved

4   of, condoned and/or otherwise ratified each and every one of the acts and/or omissions alleged in

5   this Complaint.

6       19.    Defendants, and each of them, at all times mentioned in this Complaint aided and

7   abetted the acts and omissions of each and every one of the other Defendants thereby

8   proximately causing the damages alleged in this Complaint.

9                                           III.

10                          **JURISDICTION AND VENUE**

11      20.    The California Superior Court has jurisdiction in this matter due to Defendants'

12   aforementioned violations of California statutory law and/or related common law principles.

13      21.    The California Superior Court also has jurisdiction in this matter because both the

14   individual and aggregate monetary damages and restitution sought herein exceed the minimal

15   jurisdictional limits of the Superior Court and will be established at trial, according to proof.

16      22.    The California Superior Court also has jurisdiction in this matter because during

17   their employment with Defendants, Plaintiff EMMANUEL SALGADO and the members of the

18   putative Classes herein were all California citizens. Further, there is no federal question at issue, as

19   the issues herein are based solely on California statutes and law.

20      23.    Venue is proper in Kern County pursuant to CCP §395(a) and CCP §395.5 in that

21   liability arose there because at least some of the transactions that are the subject matter of this

22   Complaint occurred therein and/or each Defendant either is found, maintains offices, transacts

23   business, and/or has an agent therein.

24                                          IV.

25                          **CLASS ACTION ALLEGATIONS**

26      24.    CCP §382 provides in pertinent part: "…[W]hen the question is one of a common

27   or general interest, of many persons, or when the parties are numerous, and it is impracticable to

28   bring them all before the court, one or more may sue or defend for the benefit of all." Plaintiffs

1   bring this suit as a class action pursuant to CCP §382.

2          25.     The putative classes Plaintiffs will seek to certify are currently composed of and

3   defined as follows:

4          a.   All California citizens employed by Defendants as hourly-paid employees (as

5               defined, supra) during the appropriate time period who were subjected to

6               Defendants' policies and practices regarding the calculation of overtime pay

7               as specifically described herein (hereinafter, the "Overtime Rate Class");

8          b.   All California citizens employed by Defendants as hourly-paid employees (as

9               defined, supra) during the appropriate time period who were subjected to

10              Defendants' policies and practices regarding the payment of straight time,

11              minimum and/or overtime wages as specifically described herein (hereinafter,

12              the "Wage Class");

13         c.   All California citizens employed by Defendants as hourly-paid employees (as

14              defined, supra) during the appropriate time period who were subjected to

15              Defendants' policies and practices regarding paid rest periods as specifically

16              described herein (hereinafter, the "Rest Period Class");

17         d.   All California citizens employed by Defendants as hourly-paid employees (as

18              defined, supra) during the appropriate time period who were subjected to

19              Defendants' policies and practices regarding business expense reimbursement

20              as specifically described herein (hereinafter, the "Reimbursements Class");

21         e.   All California citizens employed by Defendants as hourly-paid employees (as

22              defined, supra) during the appropriate time period who were subjected to

23              Defendants' policies and practices regarding itemized wage statements as

24              specifically described herein (hereinafter, the "Wage Statement Class");

25         f.   All formerly-employed California citizens employed by Defendants as hourly-

26              paid employees (as defined, supra) during the appropriate time period who

27              were derivatively subjected to Defendants' policies and practices regarding

28              Labor Code §203 and the payment of final wages as specifically described

1     herein (hereinafter, the "Derivative LC 203 Class"); and

2     g.  All formerly-employed California citizens employed by Defendants as hourly-

3     paid employees (as defined, supra) during the appropriate time period who

4     were independently subjected to Defendants' policies and practices regarding

5     Labor Code §203 and the payment of final wages as specifically described

6     herein (hereinafter, the "Independent LC 203 Class"); and

7     h.  All California citizens employed by Defendants as hourly-paid employees (as

8     defined, supra) during the appropriate time period regarding whom

9     Defendants have engaged in unlawful, unfair and/or fraudulent business acts

10    or practices prohibited by B&PC §17200, et seq. as specifically described

11    herein (hereinafter, the "17200 Class").

12    26.     The Overtime Rate Class, Wage Class, Rest Period Class, Reimbursements Class,

13   Wage Statement Class, Derivative LC 203 Class, Independent LC 203 Class and 17200 Class are

14   herein collectively referred to as the "Classes."

15    27.     Throughout discovery in this litigation, Plaintiffs may find it appropriate and/or

16   necessary to amend the definition of the Classes. Plaintiffs will formally define and designate a

17   class definition at such time when Plaintiffs seek to certify the Classes alleged herein.

18    28.     Numerosity (CCP §382):

19    a.  The potential quantity of members of the Classes as defined is so numerous

20    that joinder of all members is unfeasible and impractical;

21    b.  The disposition of the claims of the members of the Classes through this class

22    action will benefit both the parties and this Court;

23    c.  The quantity of members of the Classes is unknown to Plaintiffs at this time;

24    however, it is estimated that the membership of the Classes numbers greater

25    than 100 individuals; and

26    d.  The quantity and identity of such membership is readily ascertainable via

27    inspection of Defendants' records.

28    29.     Superiority (CCP §382): The nature of this action and the nature of the laws

**SALGADO V. T-MOBILE USA, INC. - COMPLAINT**

available to Plaintiffs make the use of the class action format particularly efficient and the appropriate procedure to afford relief to Plaintiffs for the wrongs alleged herein, as follows:

    a.   California has a public policy which encourages the use of the class action device;

    b.   By establishing a technique whereby the claims of many individuals can be resolved at the same time, the class suit both eliminates the possibility of repetitious litigation and provides small claimants with a method of obtaining redress for claims which would otherwise be too small to warrant individual litigation;

    c.   This case involves large corporate Defendants and a large number of individual Class members with many relatively small claims and common issues of law and fact;

    d.   If each individual member of the Classes was required to file an individual lawsuit, the large corporate Defendants would necessarily gain an unconscionable advantage because Defendants would be able to exploit and overwhelm the limited resources of each individual member of the Classes with Defendants' vastly superior financial and legal resources;

    e.   Requiring each individual member of the Classes to pursue an individual remedy would also discourage the assertion of lawful claims by the members of the Classes who would be disinclined to pursue an action against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being;

    f.   Proof of a common business practice or factual pattern, of which the members of the Classes experienced, is representative of the Classes herein and will establish the right of each of the members of the Classes to recover on the causes of action alleged herein;

    g.   Absent class treatment, the prosecution of separate actions by the individual members of the Classes, even if possible, would likely create:

SALGADO V. T-MOBILE USA, INC. - COMPLAINT

i) a substantial risk of each individual plaintiff presenting in separate, duplicative proceedings the same or essentially similar arguments and evidence, including expert testimony;

ii) a multiplicity of trials conducted at enormous expense to both the judicial system and the litigants;

iii) inconsistent or varying verdicts or adjudications with respect to the individual members of the Classes against Defendants;

iv) potentially incompatible standards of conduct for Defendants; and

v) potentially incompatible legal determinations with respect to individual members of the Classes which would, as a practical matter, be dispositive of the interest of the other members of the Classes who are not parties to the adjudications or which would substantially impair or impede the ability of the members of the Classes to protect their interests.

h. The claims of the individual members of the Classes are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attendant thereto;

i. Courts seeking to preserve efficiency and other benefits of class actions routinely fashion methods to manage any individual questions; and

j. The Supreme Court of California urges trial courts, which have an obligation to consider the use of innovative procedural tools to certify a manageable class, to be procedurally innovative in managing class actions.

30. Well-defined Community of Interest: Plaintiffs also meet the established standards for class certification (see, e.g. Lockheed Martin Corp. v. Superior Court (2003) 29 Cal.4th 1096), as follows:

a. Typicality: The claims of Plaintiff EMMANUEL SALGADO are typical of the claims of all members of the Classes he seeks to represent because all members of the Classes sustained injuries and damages arising out of

- 9. -

SALGADO V. T-MOBILE USA, INC. - COMPLAINT

Defendants' common course of conduct in violation of law and the injuries

and damages of all members of the Classes were caused by Defendants'

wrongful conduct in violation of law, as alleged herein.

    b.   Adequacy: Plaintiff EMMANUEL SALGADO:

        i)    is an adequate representative of the Classes he seeks to represent;

        ii)   will fairly protect the interests of the members of the Classes;

        iii)  has no interests antagonistic to the members of the Classes; and

        iv)  will vigorously pursue this suit via attorneys who are competent,

            skilled and experienced in litigating matters of this type.

    c.   Predominant Common Questions of Law or Fact: There are common

questions of law and/or fact as to the members of the Classes which

predominate over questions affecting only individual members of the Classes,

including, without limitation:

        i)    Whether Defendants paid all overtime wages owed to the members of

            the Overtime Rate Class at the appropriate overtime pay rate;

        ii)   Whether Defendants paid the legal and appropriate straight time pay,

            minimum wage pay and/or overtime pay for all work hours to the

            members of the Wage Class;

        iii)  Whether Defendants failed and continue to fail to authorize and permit

            paid rest periods to the members of the Rest Period Class in violation

            of the Labor Code and Section 12 of the IWC Wage Orders;

        iv)  Whether Defendants failed to fully reimburse for all work-related

            expenses incurred by the members of the Reimbursements Class;

        v)   Whether Defendants failed to timely furnish accurate, itemized and

            legal wage statements to the members of the Wage Statement Class;

        vi)  Whether Defendants are derivatively liable pursuant to Labor Code

            §203 to the members of the Derivative LC 203 Class;

        vii) Whether Defendants are independently liable pursuant to Labor Code

SALGADO V. T-MOBILE USA, INC. - COMPLAINT

1    §203 to the members of the Independent LC 203 Class;

2    viii)    Whether the members of the Classes are entitled to penalties pursuant

3    to Labor Code §§2698, et seq.;

4    ix)    Whether Defendants' conduct constitutes unfair competition within the

5    meaning of B&PC §17200, et seq.;

6    x)    Whether Defendants' conduct constitutes unfair business practices

7    within the meaning of B&PC §17200, et seq.;

8    xi)    Whether the members of the Classes are entitled to compensatory

9    damages, and if so, the means of measuring such damages;

10    xii)    Whether the members of the Classes are entitled to restitution; and

11    xiii)    Whether Defendants are liable for attorneys' fees and costs.

12    31.    Whether each member of the Classes might be required to ultimately justify an

13    individual claim does not preclude maintenance of a class action (see, e.g. Collins v. Rocha

14    (1972) 7 Cal.3d 232, 238).

15    V.

16    CAUSES OF ACTION

17    FIRST CAUSE OF ACTION

18    FAILURE TO PAY OVERTIME WAGES

19    AT THE LEGAL OVERTIME PAY RATE

20    (On Behalf of the Overtime Rate Class)

21    (Against All Defendants)

22    32.    Plaintiffs incorporate by reference and reallege each and every one of the

23    allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set

24    forth herein.

25    33.    Labor Code §510(a) states in pertinent part: "Any work in excess of eight hours in

26    one workday and any work in excess of 40 hours in any one workweek .... shall be compensated

27    at the rate of no less than one and one-half times the regular rate of pay for any employee."

28    34.    The "regular rate of pay" includes "all [applicable] remuneration paid to, or on

- 11 -

SALGADO V. T-MOBILE USA, INC. - COMPLAINT

1   behalf of the employee." See, e.g., 29 U.S.C. §207(3). The California Industrial Welfare

2   Commission applies this standard for determining an employee's regular rate of pay for overtime

3   calculation purposes.

4        35.   Labor Code §§1194(a) states: "Notwithstanding any agreement to work for a

5   lesser wage, any employee receiving less than the legal minimum wage or the legal overtime

6   compensation applicable to the employee is entitled to recover in a civil action the unpaid

7   balance of the full amount of this minimum wage or overtime compensation, including interest

8   thereon, reasonable attorney's fees, and costs of suit."

9        36.   Defendants, as a matter of established company policy and procedure, at each and

10   every one of the individual facilities owned and/or operated by Defendants, consistently:

11            a.   Administered a uniform company policy and practice regarding the payment

12               of wages, including overtime and bonuses, to the members of the Overtime

13               Rate Class;

14            b.   Scheduled and/or required the members of the Overtime Rate Class to work in

15               excess of eight (8) hours per workday and/or in excess of forty (40) hours per

16               workweek;

17            c.   Paid the members of the Overtime Rate Class nondiscretionary commissions

18               based on sales and other earnings, including but not limited to "Com Currnt

19               Mo" payments;

20            d.   Also paid the members of the Overtime Rate Class in the form of

21               nondiscretionary prizes and/or manufacturers' products as compensation;

22            e.   Failed to pay the members of the Overtime Rate Class for all work

23               accomplished in excess of forty (40) hours per week at the appropriate

24               overtime rate, reflecting all applicable forms of remuneration, including but

25               not limited to said commissions and prizes, as required by law.

26        37.   Defendants' pattern, practice and uniform administration of corporate policy

27   regarding illegal employee compensation as described herein is unlawful and creates an

28   entitlement, pursuant to Labor Code §218 and Labor Code §1194(a), to recovery by the members

1    of the Overtime Rate Class, in a civil action, for the unpaid balance of the full amount of the

2    overtime premiums owing.

3          38.     That calculation of individual damages for the members of the Overtime Rate

4    Class may at some point be required does not foreclose the possibility of taking common

5    evidence on questions regarding their entitlement to overtime compensation (see, e.g. Collins v.

6    Rocha (1972) 7 Cal.3d 232; Hypolite v. Carleson (1975) 52 Cal.App.3d 566; Employment

7    Development Dept. v. Superior Court (1981) 30 Cal.3d 256).

8          39.     Pursuant to Labor Code §218.6, Labor Code §1194(a) and CC §3287, the

9    members of the Overtime Rate Class seek recovery of pre-judgment interest on all amounts

10   recovered herein.

11         40.     Pursuant to Labor Code §218.5 and/or Labor Code §1194, the members of the

12   Overtime Rate Class request that the Court award reasonable attorneys' fees and costs incurred

13   by them in this action.

14                           **SECOND CAUSE OF ACTION**

15                          **FAILURE TO PAY ALL WAGES**

16                         **(On Behalf of the Wage Class)**

17                          **(Against All Defendants)**

18         41.     Plaintiffs incorporate by reference and reallege each and every one of the

19   allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set

20   forth herein.

21         42.     Labor Code §510(a) states in pertinent part: "Any work in excess of eight hours in

22   one workday and any work in excess of 40 hours in any one workweek … shall be compensated

23   at the rate of no less than one and one-half times the regular rate of pay for any employee."

24         43.     Labor Code §1182.12, effective July 1, 2014, states: "Notwithstanding any other

25   provision of this part, on and after July 1, 2014, the minimum wage for all industries shall be not

26   less than nine dollars ($9) per hour, and on and after January 1, 2016, the minimum wage for all

27   industries shall be not less than ten dollars ($10) per hour." Further, pursuant to Labor Code

28   §1182.12(b)(1)(A), for any employer who employs 26 or more employees, the minimum wage

1    shall be as follows: "From January 1, 2017, to December 31, 2017, inclusive, - ten dollars and
2    fifty cents ($10.50) per hour."

3    44.    Labor Code §§1194(a) states: "Notwithstanding any agreement to work for a
4    lesser wage, any employee receiving less than the legal minimum wage or the legal overtime
5    compensation applicable to the employee is entitled to recover in a civil action the unpaid
6    balance of the full amount of this minimum wage or overtime compensation, including interest
7    thereon, reasonable attorney's fees, and costs of suit."

8    45.    Further, pursuant to Labor Code §1197, payment of less than the minimum wage
9    fixed by the Labor Commission is unlawful.

10   46.    Pursuant to Labor Code §1198, it is unlawful to employ persons for longer than
11   the hours set by the Industrial Welfare Commission or under conditions prohibited by the IWC
12   Wage Order(s).

13   47.    Pursuant to the IWC Wage Order(s), Defendants are required to pay the members
14   of the Wage Class for all hours worked, meaning the time during which an employee is subject
15   to the control of an employer, including all the time the employee is suffered or permitted to
16   work, whether or not required to do so.

17   48.    Defendants, as a matter of established company policy and procedure, at each and
18   every one of the individual facilities owned and/or operated by Defendants, consistently:

19        a.   Administered a uniform company policy and practice as to the pay policies
20             regarding the members of the Wage Class;

21        b.   Failed to pay the members of the Wage Class for all work, including but not
22             limited to such tasks as responding to GroupMe texts, scheduling, picking up
23             devices, making telephone calls, performing overrides/exchanges, submitting
24             reports, management calls, and/or Small Business Prep, and as such,

25        c.   Scheduled to work and/or required the members of the Wage Class to work
26             without paying for all time they were under Defendants' control.

27   49.    Because Defendants required the members of the Wage Class to remain under
28   Defendants' control without paying therefore, this resulted in the members of the Wage Class



- 14 -

SALGADO V. T-MOBILE USA, INC. - COMPLAINT

1    earning less than the legal minimum wage in the State of California.

2         50.    Defendants' pattern, practice and uniform administration of corporate policy

3    regarding illegal employee compensation as described herein is unlawful and creates an

4    entitlement, pursuant to Labor Code §218, to recovery by Plaintiffs and the members of the

5    Wage Class, in a civil action, of the unpaid balance of the full amount of wages owing,

6    calculated at the appropriate rate.

7         51.    Further, Defendants' pattern and practice in uniform administration of corporate

8    policy regarding Defendants' failure to pay the legal minimum wage to the members of the

9    Wage Class as described herein is unlawful and creates entitlement, pursuant to Labor Code

10   §1194(a), to recovery by the members of the Wage Class, in a civil action, for the unpaid balance

11   of the full amount of the unpaid minimum wages owed, calculated as the difference between the

12   straight time compensation paid and the applicable minimum wage, including interest thereon.

13        52.    Pursuant to Labor Code §1194.2(a) (which provides that in any action under

14   Labor Code §1194, an employee shall be entitled to recover liquidated damages), the members of

15   the Wage Class seek recovery of liquidated damages on the straight-time portion of

16   uncompensated hours of work (not including the overtime portion thereof) in an amount equal to

17   the wages unlawfully unpaid and interest thereon.

18        53.    That calculation of individual damages for the members of the Wage Class may at

19   some point be required does not foreclose the possibility of taking common evidence on

20   questions regarding their entitlement to overtime compensation (see, e.g. Collins v. Rocha (1972)

21   7 Cal.3d 232; Hypolite v. Carleson (1975) 52 Cal.App.3d 566; Employment Development Dept.

22   v. Superior Court (1981) 30 Cal.3d 256).

23        54.    Pursuant to Labor Code §218.6, Labor Code §1194(a) and CC §3287, the

24   members of the Wage Class seek recovery of pre-judgment interest on all amounts recovered

25   herein.

26        55.    Pursuant to Labor Code §218.5 and/or Labor Code §1194, the members of the

27   Wage Class request that the Court award reasonable attorneys' fees and costs incurred by them

28   in this action.

THIRD CAUSE OF ACTION

FAILURE TO AUTHORIZE AND PERMIT ALL PAID REST PERIODS

(On Behalf of the Rest Period Class)

(Against All Defendants)

56.    Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

57.    Labor Code §226.7(b) provides that "An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health."

58.    Labor Code §516 provides that the Industrial Welfare Commission "may adopt or amend working condition orders with respect to break periods, meal periods, and days of rest for any workers in California consistent with the health and welfare of those workers."

59.    Section 12(A) of the IWC Wage Order(s) states: "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

60.    Section 12(B) of the IWC Wage Order(s) states: "If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

61.    The members of the Rest Period Class sometimes worked over four (4) hours per shift and therefore were entitled to a rest period of not less than ten (10) minutes prior to exceeding four (4) hours of employment.

1    62.    As a matter of Defendants' established company policy, Defendants failed to

2    always authorize and permit the required rest periods established by Labor Code §226.7 and

3    Labor Code §516 and Section 12 of the IWC Wage Order(s).

4    63.    Pursuant to Section 12 of the IWC Wage Order(s) and Labor Code §226.7(b)

5    which states "if an employer fails to provide an employee a meal or rest period in accordance

6    with an applicable order of the Industrial Welfare Commission, the employer shall pay the

7    employee one additional hour of pay at the employee's regular rate of compensation for each

8    work day that the meal or rest period is not provided," the members of the Rest Period Class are

9    entitled to damages in an amount equal to one (1) additional hour of pay at each employee's

10   regular rate of compensation for each work day that the rest period was not so provided.

11   64.    Pursuant to Labor Code §218.6 and CC §3287, the members of the Rest Period

12   Class seek recovery of pre-judgment interest on all amounts recovered herein.

13   65.    Pursuant to Labor Code §218.5, the members of the Rest Period Class request that

14   the Court award reasonable attorneys' fees and costs incurred by them in this action.

FOURTH CAUSE OF ACTION

FAILURE TO FULLY REIMBURSE WORK EXPENSES

(On Behalf of the Reimbursements Class)

(Against All Defendants)

19   66.    Plaintiffs incorporate by reference and reallege each and every one of the

20   allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set

21   forth herein.

22   67.    Pursuant to Labor Code §450(a), "no employer…may compel or coerce any

23   employee… to patronize his or her employer, or any other person, in the purchase of any thing of

24   value."

25   68.    Pursuant to Labor Code §2802(a), "an employer shall indemnify his or her

26   employee for all necessary expenditures or losses incurred by the employee in direct

27   consequence of the discharge of his or her duties, or of his or her obedience to the directions of

28   the employer."

SALGADO V. T-MOBILE USA, INC. - COMPLAINT

69.     Labor Code §2804 states in pertinent part: "Any contract or agreement, express or implied, made by any employee to waive the benefits of this article or any part thereof is null and void, and this article shall not deprive any employee or his personal representative of any right or remedy to which he is entitled under the laws of this State."

70.     As a matter of Defendants' established company policy, the members of the Reimbursements Class were and are required by Defendants to personally incur necessary expenditures in direct consequence of the discharge of their duties, including but not limited to mileage-related expenses for such work-related tasks as driving between stores, making bank runs, and/or attending special events as part of Defendants' "Retail Reach Out" program.

71.     Defendants are legally required to reimburse the members of the Reimbursements Class for all necessary expenditures at a reasonable rate.

72.     Defendants failed to fully and reasonably reimburse the members of the Reimbursements Class for all necessary expenditures at a reasonable rate, including but not limited to the aforementioned expenditures.

73.     As a proximate result of the aforementioned violations of Labor Code §450(a) and §2802(a), the members of the Reimbursements Class are entitled to recovery from Defendants of the unpaid balance for all necessary expenditures at a reasonable rate, including but not limited to the aforementioned expenditures.

74.     As a proximate result of the aforementioned violations of Labor Code §450(a) and §2802(a), the members of the Reimbursements Class have been damaged in an amount according to proof at the time of Trial.

75.     Pursuant to Labor Code §2802(b), the members of the Reimbursements Class request that the Court award interest at the same rate as judgments in civil actions, accruing from the date on which each member of the Reimbursements Class incurred the necessary expenditure or loss.

76.     Pursuant to Labor Code §2802(c), the members of the Reimbursements Class request that the Court award reasonable attorneys' fees and costs incurred by them in this action.

///

### FIFTH CAUSE OF ACTION

### FAILURE TO TIMELY FURNISH ACCURATE ITEMIZED WAGE STATEMENTS

#### (On Behalf of the Wage Statement Class)

#### (Against All Defendants)

77.     Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

78.     Labor Code §226(a) states in pertinent part: "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee… (4) all deductions… (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid… (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee…".

79.     Further, the IWC Wage Orders §7(A) states in pertinent part: "(A) Every employer shall keep accurate information with respect to each employee including the following: (3) Time records showing when the employee begins and ends each work period. Meal periods, split shift intervals, and total daily hours worked shall also be recorded…(5) Total hours worked in the payroll period and applicable rates of pay…."

80.     Therefore, pursuant to Labor Code §226(a) and the IWC Wage Orders §7(A), California employers are required to maintain accurate records pertaining to the total hours worked for Defendants by the members of the Wage Statement Class, including but not limited to, beginning and ending of each work period, meal period and split shift interval, the total daily hours worked, and the total hours worked per pay period and applicable rates of pay.

81.     As a pattern and practice, in violation of Labor Code §226(a) and the IWC Wage Orders §7(A), Defendants did not and still do not furnish each of the members of the Wage

1  Statement Class with an accurate itemized statement in writing showing (1) gross wages earned,

2  (2) total hours worked by the employee, (3) all deductions, (4) net wages earned and/or (5) all

3  applicable hourly rates in effect during each respective pay period and the corresponding number

4  of hours worked at each hourly rate by each respective individual.

5      82.   As a pattern and practice, in violation of Labor Code §226(a) and the IWC Wage

6  Orders §7(A), Defendants did not and do not maintain accurate records pertaining to the total

7  hours worked for Defendants by the members of the Wage Statement Class, including but not

8  limited to, beginning and ending of each work period, meal period and split shift interval, the

9  total daily hours worked, and the total hours worked per pay period and applicable rates of pay.

10     83.   As of January 1, 2013, SB 1255 amended Labor Code §226 to clarify that an

11  employee suffers injury if the employer fails to provide accurate and complete information as

12  required by any one or more items listed in Labor Code §226(a)(1)-(9) and the employee cannot

13  promptly and easily ascertain requisite information without reference to other documents or

14  information.

15     84.   Here, the members of Wage Statement Class suffered injury because Defendants

16  failed to provide accurate and complete information as required by one or more items listed in

17  Labor Code §226(a)(1)-(9) and the Wage Statement Class members could not and cannot

18  promptly and easily ascertain requisite information without reference to other documents or

19  information.

20     85.   In addition, the members of the Wage Statement Class have suffered injury as a

21  result of Defendants' failure to maintain accurate records for the members of the Wage

22  Statement Class in that the members of the Wage Statement Class were not timely provided

23  written accurate itemized statements showing all requisite information, including but not limited

24  to total hours worked by the employee, net wages earned and all applicable hourly rates in effect

25  during the pay period and the corresponding number of hours worked at each hourly rate, in

26  violation of Labor Code §226 and the IWC Wage Orders §7(A), such that the members of the

27  Wage Statement Class were misled by Defendants as to the correct information regarding

28  various items, including but not limited to total hours worked by the employee, net wages earned

SALGADO V. T-MOBILE USA, INC. - COMPLAINT

1    and all applicable hourly rates in effect during the pay period and the corresponding number of

2    hours worked at each hourly rate.

3          86.    The actual injuries suffered by the members of the Wage Statement Class as a

4    result of Defendants' knowing and intentional failure to maintain accurate records for the

5    members of the Wage Statement Class include but are not limited to:

6                    a.   Confusion over whether they received all wages owed them by Defendants;

7                    b.   The difficulty and expense of attempting to reconstruct time and pay records;

8                    c.   Being forced to engage in mathematical computations to analyze whether

9                         Defendants' wages in fact compensated for all hours worked;

10                   d.   The inability to accurately calculate wage rates complicated by the fact that

11                        wage statement information required by Labor Code §226 is missing;

12                   e.   That such practice prevents the members of the Wage Statement Class from

13                        being able to effectively challenge information on their wage statements;

14                        and/or

15                   f.   The difficulty and expense of filing and maintaining this lawsuit, and the

16                        discovery required to collect and analyze the very information that California

17                        law requires.

18         87.    Pursuant to Labor Code §226(e), the members of the Wage Statement Class are

19   entitled to fifty dollars ($50.00) per employee for the initial pay period in which a violation

20   hereunder occurs and one hundred dollars ($100.00) per employee for each violation in a

21   subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000.00).

22         88.    Pursuant to Labor Code §226(g), the currently-employed members of the Wage

23   Statement Class are entitled to injunctive relief to ensure Defendants' compliance with Labor

24   Code §226.

25         89.    Pursuant to Labor Code §226(e) and/or §226(g), the members of the Wage

26   Statement Class are also entitled to an award of costs and reasonable attorneys' fees.

27   ///

28   ///

# SIXTH CAUSE OF ACTION

## DERIVATIVE VIOLATIONS OF LABOR CODE §203

### (On Behalf of the Derivative LC 203 Class)

### (Against All Defendants)

90.     Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

91.     Labor Code §203 provides that if an employer willfully fails to pay, without abatement or reduction, in accordance with Labor Code §§201 and 202, any wages of an employee who is discharged or who quits, the wages of the employee shall continue at the same rate, for up to thirty (30) days from the due date thereof, until paid or until an action therefore is commenced.

92.     The members of the Derivative LC 203 Class are no longer employed by Defendants as they were either discharged from or quit Defendants' employ.

93.     Defendants had a consistent and uniform policy, practice and procedure of willfully failing to pay the earned wages of Defendants' former employees, as set forth above, according to amendment or proof.

94.     As set forth above, Defendants willfully failed to pay the members of the Derivative LC 203 Class their entire wages due and owing at the time of their termination or within seventy-two (72) hours of their resignation, and failed to pay those sums for up to thirty (30) days thereafter.

95.     Defendants' willful failure to pay wages to the members of the Derivative LC 203 Class violates Labor Code §203 because Defendants knew or should have known wages were due to the members of the Derivative LC 203 Class, as set forth above, but Defendants failed to pay them.

96.     Thus, the members of the Derivative LC 203 Class are entitled to recovery pursuant to Labor Code §203.

///

SALGADO V. T-MOBILE USA, INC. - COMPLAINT

## SEVENTH CAUSE OF ACTION

### INDEPENDENT VIOLATIONS OF LABOR CODE §203

#### (On Behalf of the Independent LC 203 Class)

#### (Against All Defendants)

97.   Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

98.   Labor Code §203 provides that if an employer willfully fails to timely pay, without abatement or reduction, in accordance with Labor Code §§201 and 202, any wages of an employee who is discharged or who quits, the wages of the employee shall continue at the same rate, for up to thirty (30) days from the due date thereof, until paid or until an action therefore is commenced.

99.   The members of the Independent LC 203 Class are no longer employed by Defendants as they were either discharged from or quit Defendants' employ.

100.   Defendants had a consistent and uniform policy, practice and procedure of willfully failing to timely pay the earned wages of Defendants' former employees, including vacation wages, according to amendment or proof.

101.   For example, Plaintiff, EMMANUEL SALGADO was terminated on August 10, 2016. However, Plaintiff was not paid final wages, including final commissions, until September 30, 2016.

102.   As such, Defendants willfully failed to pay the members of the Independent LC 203 Class all wages due and owing at the time of their termination and/or within seventy-two (72) hours of their resignation.

103.   Defendants' willful failure to timely pay final wages to the members of the Independent LC 203 Class violates Labor Code §203 because Defendants knew or should have known final wages were due to the members of the Independent LC 203 Class by a date certain, but Defendants failed to pay them on a timely basis on or before that deadline.

104.   Thus, the members of the Independent LC 203 Class are entitled to recovery

1   pursuant to Labor Code §203.

2                          **EIGHTH CAUSE OF ACTION**

3              **PENALTIES PURSUANT TO LABOR CODE §2699**

4                       **(On Behalf of the Aggrieved Employees)**

5                            **(Against All Defendants)**

6         105.   Plaintiffs incorporate by reference and reallege each and every one of the

7    allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set

8    forth herein.

9         106.   Pursuant to Labor Code §2699(a) (which provides that any provision of the Labor

10   Code that provides for a civil penalty to be assessed and collected by the Labor and Workforce

11   Development Agency ("LWDA") (or any of its departments, divisions, commissions, board

12   agencies or employees), such civil penalties may, as an alternative, be recovered through a civil

13   action brought by an aggrieved employee on behalf of himself or herself and other current or

14   former employees) and Labor Code §2699(f) (which establishes a civil penalty for violations of

15   all Labor Code provisions except those for which a civil penalty is specifically provided), the

16   members of all Classes seek recovery of all applicable civil penalties, as follows:

17            a.   As applicable, civil penalties under Labor Code §558 (in addition to and

18                 entirely independent and apart from any other penalty provided in the Labor

19                 Code), for violations of Labor Code §§1-556, in the amount of $50 for each

20                 underpaid aggrieved employee for each pay period the aggrieved employee

21                 was underpaid in addition to an amount sufficient to recover underpaid wages,

22                 and $100 for each subsequent violation for each underpaid employee for each

23                 pay period for which the employee was underpaid in addition to an amount

24                 sufficient to recover underpaid wages, with all wages recovered pursuant to

25                 Labor Code §558 provided to the aggrieved employees;

26            b.   As applicable, civil penalties under Labor Code §2751, which states:

27                 "Whenever an employer enters into a contract of employment with an

28                 employee for services to be rendered within this state and the contemplated



- 24 -

**SALGADO V. T-MOBILE USA, INC. - COMPLAINT**

method of payment of the employee involves commissions, the contract shall be in writing and shall set forth the method by which the commissions shall be computed and paid." Further, Labor Code §2751(b) states in pertinent part: "The employer shall give a signed copy of the contract to every employee who is a party thereto and shall obtain a signed receipt for the contract from each employee." During the relevant time period, Defendants had a consistent and uniform policy, practice and procedure, when entering into a contract of employment with the aggrieved employees for services to be rendered within California, with the contemplated method of payment involving commissions, of failing to utilize a written contract setting forth the method by which the commissions shall be computed and paid. Defendants' pattern, practice and uniform administration of corporate policy regarding commission contracts as described herein is unlawful and creates an entitlement to recovery by the aggrieved employees of penalties pursuant to Labor Code §§2698, et seq. Further, Plaintiffs are entitled to recover reasonable attorneys' fees and costs pursuant to Labor Code §2699(g)(1), Labor Code §218.5, and/or any other applicable statute;

c.  As applicable, civil penalties under Labor Code §226.3 (in addition to and entirely independent and apart from any other penalty provided in the Labor Code), for each violation of Labor Code §226(a), in the amount of $250 for each aggrieved employee per pay period for each violation and $1,000 for each aggrieved employee per pay period for each subsequent violation;

d.  As applicable, civil penalties under Labor Code §256 (in addition to and entirely independent and apart from any other penalty provided in the Labor Code), for any aggrieved employee who was discharged or quit, and was not paid all earned wages at termination in accordance with Labor Code §§201, 201.1, 201.5, 202, and 205.5, in the amount of a civil penalty of one day of pay, at the same rate, for each day that he or she was paid late, until payment

1   was/is made, up to a maximum of thirty (30) days;

2   e.   As applicable, civil penalties under Labor Code §2699(f), for all violations of

3        the Labor Code except for those for which a civil penalty is specifically

4        provided, in the amount of one hundred dollars ($100.00) for each aggrieved

5        employee per pay period for the initial violation; and two hundred dollars

6        ($200.00) for each aggrieved employee per pay period for each subsequent

7        violation; and

8   f.   Any and all additional applicable civil penalties and sums as provided by the

9        Labor Code and/or other relevant statutes.

10   107.   In addition, Plaintiffs seek and are entitled to seventy-five percent (75%) of all

11   penalties obtained under Labor Code §2699 to be allocated to the LWDA, for education of

12   employers and employees about their rights and responsibilities under the Labor Code, and

13   twenty-five percent (25%) to all aggrieved employees.

14   108.   Further, Plaintiffs are entitled to recover reasonable attorneys' fees and costs

15   pursuant to Labor Code §§2699(g)(1), 218.5 (Wages), 1194(a), and any other applicable statute.

16   109.   Labor Code §2699.3(a) states in pertinent part: "A civil action by an aggrieved

17   employee pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision

18   listed in Section 2699.5 shall commence only after the following requirements have been met:

19   (1) (A) The aggrieved employee or representative shall give written notice by online filing with

20   the Labor and Workforce Development Agency and by certified mail to the employer of the

21   specific provisions of this code alleged to have been violated, including the facts and theories to

22   support the alleged violation."

23   110.   Labor Code §2699.3(c)(1) states in pertinent part: "A civil action by an aggrieved

24   employee pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision

25   other than those listed in Section 2699.5 or Division 5 (commencing with Section 6300) shall

26   commence only after the following requirements have been met: (1) (A) The aggrieved

27   employee or representative shall give written notice by online filing with the Labor and

28   Workforce Development Agency and by certified mail to the employer of the specific provisions

1  of this code alleged to have been violated, including the facts and theories to support the alleged

2  violation."

3      111.    Here, Plaintiffs' civil action alleges violations of provisions listed in Labor Code

4  §2699.5 and violations of provisions other than those listed in Labor Code §2699.5. As such,

5  Labor Code §2699.3(a) and §2699.3(c) apply to this action.

6      112.    On November 4, 2016, Plaintiffs complied with Labor Code §2699.3(a) and

7  Labor Code §2699.3(c) in that Plaintiffs gave written notice by online filing with the LWDA and

8  by certified mail to Defendants of the specific provisions of the Labor Code alleged to have been

9  violated, including the facts and theories to support the alleged violations. Attached hereto as

10  Exhibit "1" is Plaintiffs' LWDA letter.

11      113.    Labor Code §2699.3(a) further states in pertinent part: "(2)(A) The agency shall

12  notify the employer and the aggrieved employee or representative by certified mail that it does

13  not intend to investigate the alleged violation within 60 calendar days of the postmark date of the

14  notice received pursuant to paragraph (1). Upon receipt of that notice or if no notice is provided

15  within 65 calendar days of the postmark date of the notice given pursuant to paragraph (1), the

16  aggrieved employee may commence a civil action pursuant to Section 2699."

17      114.    As of January 8, 2017 (65 calendar days after Plaintiffs' LWDA letter was filed

18  online), Plaintiffs had not received any notification that the LWDA intended to investigate the

19  alleged violations. As such, Plaintiffs have complied with Labor Code §2699.3(a) and have been

20  given authorization therefrom to commence a civil action which includes a cause of action

21  pursuant to Labor Code §2699.

22      115.    Further, as of December 11, 2016 (33 calendar days after Plaintiffs' LWDA letter

23  was mailed via certified mail), Plaintiffs have not received from Defendants written notice by

24  certified mail that the alleged violations have been cured, including a description of actions

25  taken. As such, Plaintiffs have complied with Labor Code §2699.3(c) and have been given

26  authorization therefrom to commence a civil action which includes a cause of action pursuant to

27  Labor Code §2699.

28  ///

SALGADO V. T-MOBILE USA, INC. - COMPLAINT

# NINTH CAUSE OF ACTION

## UNFAIR BUSINESS PRACTICES

### (On Behalf of the 17200 Class)

### (Against All Defendants)

116. Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

117. B&PC §17200 provides in pertinent part "…[U]nfair competition shall mean and include any unlawful, unfair or fraudulent business act…".

118. B&PC §17205 provides that unless otherwise expressly provided, the remedies or penalties provided for unfair competition "are cumulative to each other and to the remedies or penalties available under all other laws of this state."

119. B&PC §17204 provides that an action for any relief from unfair competition may be prosecuted by any person who has suffered injury in fact and has lost money or property as a result of such unfair competition.

120. Defendants have engaged in unlawful, unfair and fraudulent business acts or practices prohibited by B&PC §17200, including those set forth in the preceding and foregoing paragraphs of the complaint, thereby depriving the members of the 17200 Class of the minimum working standards and conditions due to them under the Labor Code and/or the IWC Wage Orders, as specifically described herein.

121. Defendants have engaged in unfair business practices in California by practicing, employing and utilizing the employment practices outlined in the preceding paragraphs, specifically, by requiring employees to perform the labor services complained of herein without the requisite compensation.

122. Defendants' use of such practices constitutes an unfair business practice, unfair competition and provides an unfair advantage over Defendants' competitors.

123. Plaintiffs have suffered injury in fact and have lost money or property as a result of such unfair competition.

- 28 -

124.   Plaintiffs seek full restitution from Defendants, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by Defendants by means of the unfair practices complained of herein.

125.   Further, if Defendants are not enjoined from the conduct set forth above, Defendants will continue to practice, employ and utilize the employment practices outlined in the preceding paragraphs.

126.   Therefore, Plaintiffs request that the Court issue a preliminary and permanent injunction prohibiting Defendants from engaging in the foregoing conduct.

127.   Plaintiffs seek the appointment of a receiver, as necessary, to establish the total monetary relief sought from Defendants.

## VI.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray:

a.   That the Court issue an Order certifying the Classes herein, appointing all named Plaintiffs as representative of all others similarly situated, and appointing all law firms representing all named Plaintiffs as counsel for the members of the Classes;

As to the First Cause of Action for Failure to Pay Overtime Wages at the Appropriate Overtime Pay Rate:

b.   For damages, as set forth in Labor Code §1194(a) and the IWC Wage Order(s) regarding wages due and owing, according to proof;

c.   For pre-judgment interest as allowed by Labor Code §218.6, Labor Code §1194(a) and CC §3287;

d.   For an award of reasonable attorneys' fees and costs pursuant to Labor Code §218.5 and/or Labor Code §1194(a);

As to the Second Cause of Action for Failure to Pay All Wages:

e.   For recovery of the unpaid balance of the full amount of the straight time compensation due and owing, according to proof;

f.   For liquidated damages on the straight-time portion of uncompensated hours of work

1    (not including the overtime portion thereof), as authorized by Labor Code §1194.2(a);

2    g.  For recovery of the unpaid balance of the full amount of overtime compensation due

3        and owing, calculated at the appropriate rate and according to proof;

4    h.  For pre-judgment interest as allowed by Labor Code §218.6, Labor Code §1194(a)

5        and CC §3287;

6    i.  For an award of reasonable attorneys' fees and costs pursuant to Labor Code §218.5

7        and/or Labor Code §1194(a);

8    As to the Third Cause of Action for Failure to Authorize and Permit Paid Rest Periods:

9    j.  For one (1) hour of pay at the regular rate of compensation for each member of the

10       Rest Period Class for each workday that a meal or rest period was not provided;

11   k.  For pre-judgment interest as authorized by Labor Code §218.6 and CC §3287;

12   l.  For an award of reasonable attorneys' fees and costs pursuant to Labor Code §218.5;

13   As to the Fourth Cause of Action for Unpaid Reimbursements for Work Expenses:

14   m.  For recovery of the unpaid balance for all necessary expenditures and losses incurred

15       in direct consequence of the discharge of Defendants' duties;

16   n.  For interest thereon at the same rate as judgments in civil actions, accruing from the

17       date on which each member of the Reimbursements Class incurred the necessary

18       expenditure or loss, pursuant to Labor Code §2802(b);

19   o.  For reasonable attorneys' fees and costs pursuant to Labor Code §2802(c);

20   As to the Fifth Cause of Action for Failure to Timely Furnish Accurate Itemized Wage

21   Statements:

22   p.  For recovery as authorized by Labor Code §226(e);

23   q.  For an award of costs and reasonable attorneys' fees pursuant to Labor Code §226(e)

24       and/or §226(g);

25   As to the Sixth Cause of Action for Failure to Timely Furnish Accurate Itemized Wage

26   Statements:

27   r.  For recovery as authorized by Labor Code §226(e);

28   s.  For an award of costs and reasonable attorneys' fees pursuant to Labor Code §226(e)

- 30 -

SALGADO V. T-MOBILE USA, INC. - COMPLAINT

1    and/or §226(g);

2    As to the Seventh Cause of Action for Derivative Violations of Labor Code §203:

3         t.   For recovery as authorized by Labor Code §203;

4    As to the Eighth Cause of Action for Independent Violations of Labor Code §203:

5         u.   For recovery as authorized by Labor Code §203;

6    As to the Ninth Cause of Action for Penalties Pursuant to Labor Code §2699:

7         v.   For civil penalties pursuant to Labor Code §2699(f), in addition to and entirely

8              independent and apart from other penalties in the Labor Code and for Labor Code

9              violations without a specific civil penalty, in the amount of $100 for each aggrieved

10             employee per pay period for each violation, and $200 for each aggrieved employee

11             per pay period for each subsequent violation;

12        w.   For civil penalties pursuant to Labor Code §558, in addition to and entirely

13             independent and apart from other penalties in the Labor Code, as follows:

14             i.   For any initial violation, fifty dollars ($50) for each aggrieved underpaid

15                  employee for each pay period for which the employee was underpaid in

16                  addition to an amount which is sufficient to recover unpaid wages;

17             ii.  For each subsequent violation, one hundred dollars ($100) for each aggrieved

18                  underpaid employee for each pay period for which the employee was

19                  underpaid in addition to an amount which is sufficient to recover unpaid

20                  wages; and

21             iii. For all unpaid wages, to be paid to the aggrieved employees;

22        x.   For civil penalties under Labor Code §210, in addition to and entirely independent

23             and apart from other penalties in the Labor Code, in the amount of $100 for each

24             aggrieved employee per pay period for each violation, and $200 for each aggrieved

25             employee per pay period for each subsequent violation, plus 25% of the wages

26             wrongly withheld;

27        y.   For civil penalties per Labor Code §226.3, in addition to and entirely independent and

28             apart from other penalties in the Labor Code, in the amount of $250 for each



aggrieved employee per pay period for each violation, and $1,000 for each aggrieved employee per pay period for each subsequent violation;

z.  For civil penalties per Labor Code §256, in addition to and entirely independent and apart from other penalties in the Labor Code, in the amount of one day of pay, at the same rate, for each day that an aggrieved employee was paid late, at the time of termination, until payment was/is made, up to a maximum of thirty (30) days;

aa. For reasonable attorneys' fees and costs incurred pursuant to Labor Code §§2699(g)(1) and any other applicable statute;

As to the Tenth Cause of Action for Unfair Business Practices:

bb. For an accounting, under administration of Plaintiffs and/or the receiver and subject to Court review, to determine the amount to be returned by Defendants, and the amounts to be refunded to members of the Classes who are owed monies by Defendants;

cc. For an Order requiring Defendants to identify each of the members of the Classes by name, home address, home telephone number and, if available, email address;

dd. For an Order requiring Defendants to make full restitution and payment pursuant to California law;

ee. For an Order for a preliminary and/or permanent injunction prohibiting Defendants from engaging in the acts complained of herein;

ff. For the creation of an administrative process wherein each injured member of the Classes may submit a claim in order to receive his/her money;

gg. For interest to the extent permitted by law;

hh. For an award of attorneys' fees and costs incurred in the investigation, filing and prosecution of this action pursuant to CCP §1021.5, B&PC §17200, et seq., Labor Code §1194 and/or any other applicable provision of law;

As to All Causes of Action:

ii.  For such relief as this Court may deem just and proper, including reasonable attorneys' fees and costs incurred.

SALGADO V. T-MOBILE USA, INC. - COMPLAINT

## VII.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial of their claims by jury to the extent authorized by law.

Dated: February 3, 2017                    LAW OFFICES OF KEVIN T. BARNES

By: _____
    Kevin T. Barnes, Esq.
    Gregg Lander, Esq.
    Attorneys for Plaintiffs

SALGADO V. T-MOBILE USA, INC. - COMPLAINT

EXHIBIT 1

LAW OFFICES OF

# KEVIN T. BARNES

5670 WILSHIRE BOULEVARD, SUITE 1460
LOS ANGELES, CALIFORNIA 90036-5664

KEVIN T. BARNES
GREGG LANDER

A Professional Law Corporation

OF COUNSEL:
JOSEPH ANTONELLI

www.kbarnes.com

TELEPHONE: (323) 549-9100
Toll-Free: (877) 309-3577 FAX: (323) 549-0101

Barnes@kbarnes.com

November 4, 2016

<u>VIA ELECTRONIC MAIL ($75 filing fee to follow by mail)</u>

PAGA Administrator
California Labor and Workforce Development Agency
PAGAfilings@dir.ca.gov

Re:   T-Mobile USA, Inc. (hereafter, the "Employer")

## NOTICE OF LABOR CODE VIOLATIONS PURSUANT TO LABOR CODE §2699.3

To:   PAGA Administrator, California Labor and Workforce Development Agency and the Employer

From: Emmanuel Salgado (the "Employee"), who was subjected to the wage and hour practices set forth below

The Employee, by way of the above-named counsel, submits this Notice, pursuant to and in compliance with the requirements of California Labor Code §2699.3(a)/(c), and alleges the facts and theories to support the alleged violations as follows:

During the applicable time period, the Employer employed the Employee and all others similarly situated as hourly-paid employees, including but not limited to Sales Representatives, Sales Leads, Retail Associate Managers (aka Assistant Managers) and/or Store Managers. During this time period, the Employer utilized consistent policies and procedures regarding the Employee and all other similarly situated hourly-paid "Store Employees" as follows:

<u>First</u>, the Employer failed to use the correct regular rate when calculating overtime pay for the Employee and all others similarly situated. Specifically, the Employee and all others similarly situated received additional pay from the Employer in the form of various commissions. As a separate and independent theory, the Employee and all others similarly situated received additional pay from the Employer in the form of various prizes and/or products from a manufacturer who is a client of the Employer, which is earned as part of their compensation. However, the Employer did not consider this additional pay (commissions, prizes and/or product) in the computation of the regular rate of pay for the Employee and all others similarly situated. As such, the Employer owe the Employee and all others similarly situated unpaid overtime wages, and penalties pursuant to Labor Code §§2699(f) and/or 558.

<u>Second</u>, the Employee and all others similarly situated performed work for the Employer while clocked out, including but not limited to using the "GroupMe" mobile application, scheduling, making and receiving work-related telephone calls to and from customers, co-workers and supervisors, "Small Business Prep", and other meetings, picking up devices and submitting reports. As such, the Employer failed to pay all straight time wages, minimum wages and overtime wages due for the time the Employee and all others similarly situated were subject, as stated, to the Employer's control, allegedly in violation of Labor Code §§510, 1194, 1197 and 1198 and the applicable Industrial Wage Order, and owes penalties pursuant to Labor Code §§2699(f) and/or 558.

<u>Third</u>, the Employer failed to provide the Employee and all others similarly situated with paid rest breaks, as the Employee and those similarly situated did not always get full ten minute uninterrupted rest breaks within the first four hours or major fraction thereof of their shift. As such, the Employee and all others similarly situated were not always timely provided a legally compliant rest break. The Employer did not pay a rest period penalty for any of these violations. As such, the Employer violated Labor Code §226.7 and the applicable

PAGA Administrator
Re: T-Mobile USA, Inc.
November 4, 2016
Page 2

Industrial Wage Order, ¶12(A)/(B), and owes rest period wages and penalties pursuant to Labor Code §§2699(f) and/or 558.

Fourth, the Employee and all others similarly situated incurred mileage-related expenses for the use of their personal vehicles while performing reasonable and necessary work-related duties, including but not limited to driving between the Employee's stores and to/from work-related "Retail Reach Out" events, and/or making bank runs. The Employee failed to reimburse mileage for these reasons, even though the Employer did reimburse the Employee and all others similarly situated mileage expenses for work-related manager meetings. As such, the Employer violated Labor Code §§450 and 2802 by failing to reimburse the Employee and all others similarly situated for all mileage-related expenses reasonably incurred in the course of their required work duties.

Fifth, as stated, in addition to an hourly wage, the Employer sometimes paid the Employee and all others similarly situated in the form of a commission on sales. However, the Employer did not utilize a written contract setting forth the method by which the Employer's commissions would be computed, and did not give a signed copy to the Employee and all others similarly situated. As such, the Employer violated Labor Code §2751, which provides that whenever an employer enters into a contract of employment with an employee for services to be rendered within California and the contemplated method of payment of the employee involves commissions, the contract shall be in writing and shall set forth the method by which the commissions shall be computed and paid. Further, the Employer must give a signed copy of this contract to every employee who is a party thereto and must obtain a signed receipt for the contract from each employee. This did not occur here, and as such, the Employer owes penalties pursuant to Labor Code §§2699(a)/(f).

Sixth, regarding wage statements, pursuant to Labor Code §226 and the applicable Industrial Wage Order, the Employer is required to include on a paystub such information as all hours worked, the hourly rate of pay, and the rate of pay for overtime and double time work. Here, because of the Employer's illegal wage and hour policies as set forth above, all wages earned were not reflected on the wage statements provided by the Employer to the Employee and all others similarly situated, and the Employer issued improper wage statements. As such, the Employer derivatively violated Labor Code §226, and owe penalties pursuant to Labor Code §§2699(f).

Seventh, regarding waiting time penalties, pursuant to Labor Code §203, the Employee and all others similarly situated are entitled to thirty day of wages at their regular rate of pay for the Employer's failure to pay all wages due upon separation of employment. Here, because of the Employer's illegal wage and hour policies as set forth above, the Employer derivatively violated Labor Code §203, and owe penalties pursuant to Labor Code §§2699(f) and/or 256.

Eighth, and finally, also regarding waiting time penalties, and in addition to the derivative violations of Labor Code §203 above, the Employer did not timely pay the Employee and other similarly situated separated employees all wages due and owing in a timely manner. For example, the Employee last day of work for the Employer was August 10, 2016. However, the Employee was not paid final wages and commissions until September 30, 2016. Therefore, as an independent violation of Labor Code §§201-203, the Employer owes the Employee and all others similarly situated who did not timely receive their final wages for up to thirty day of wages at their regular rate of pay, and owes penalties pursuant to Labor Code §§2699(f).

Pursuant to Labor Code §2699.3(a)(2)(A), please advise within sixty-five (65) calendar days of the postmark date of this notice whether the LWDA intends to investigate these alleged violations. Further, pursuant to Labor Code §2699.3(c)(2)(A), the Employer may cure the alleged violations within thirty-three (33) calendar days of the postmark date of this notice and within that period, give notice by certified mail if the alleged violation is cured, including a description of actions taken.

We understand that if we do not receive a response within sixty-five (65) calendar days of the postmark and filing date of this notice that the LWDA intends to investigate these allegations and/or a notice from the

PAGA Administrator
Re: T-Mobile USA, Inc.
November 4, 2016
Page 3

Employer that the alleged violations are cured, and/or if the alleged violations are not cured, then the Employee may immediately thereafter commence a civil action against the Employer pursuant to Labor Code §2699.

Thank you for your consideration.

Very Truly Yours,

Kevin T. Barnes
Gregg Lander

cc: (via Certified Mail)
T-Mobile USA, Inc.
12920 SE 38th Street
Bellevue, WA 98006

cc: (via U.S. Mail)
Raphael A. Katri, Esq.
LAW OFFICES OF RAPHAEL A. KATRI
8549 Wilshire Boulevard, Suite 200
Beverly Hills, CA 90211-3104



**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF KERN**
BAKERSFIELD COURT
1415 TRUXTUN AVENUE
BAKERSFIELD CA 93301

FOR COURT USE ONLY

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF KERN

FEBRUARY 03, 2017

TERRY MCNALLY, CLERK
BY: *Vanessa Cofield* DEPUTY

PLAINTIFF/PETITIONER:
   EMMANUEL SALGADO, ON BEHALF OF HIMSELF AND ALL
OTHERS SIMILARLY SITUATED
DEFENDANT/RESPONDENT:
   T-MOBILE USA, INC., A DELAWARE CORPORATION

NOTICE OF ASSIGNMENT TO JUDGE FOR ALL PURPOSES AND
NOTICE OF ORDER TO SHOW CAUSE RE CRC RULE 3.110 AND
NOTICE OF CASE MANAGEMENT CONFERENCE

CASE NUMBER:

BCV-17-100243

By order of the presiding judge, the above entitled case is assigned to the Honorable Thomas S. Clark for all purposes. It will be managed on the direct calendar program in Bakersfield Department 17 until its conclusion. Peremptory challenges, if any, must be made within the times set out in CCP §170.6. Please include the initials TSC after the case number on all future pleadings filed in this case.

**TO PLAINTIFF AND PLAINTIFF'S COUNSEL:**
You are ordered to appear on **May 19, 2017** in **Bakersfield Department 17 at 8:30 AM** in the above entitled court to give any legal reason why sanctions shall not be imposed for failure to serve the complaint on all named defendants and file proof(s) of service with the court within sixty (60) days after the filing of the complaint pursuant to California Rules of Court, Rule 3.110. All appearances are mandatory, unless the court receives the required proof(s) of service five (5) court days prior to the hearing date, and then no appearance is necessary.

**TO EACH PARTY AND THEIR RESPECTIVE ATTORNEY(S) OF RECORD:**
This case is set for Case Management Conference by the Honorable Thomas S. Clark on **August 02, 2016** at **8:15 AM in Bakersfield Department 17** of the above entitled court. Case management statements are to be filed at least fifteen (15) days prior to the conference in accordance with California Rules of Court, Rules 3.720 – 3.730. All parties shall comply with California Rules of Court, Rules 3.720 – 3.730.

### NOTICE TO PLAINTIFF'S COUNSEL

**IMPORTANT:** You are required to serve this Notice of Assignment and Notice of Order to Show Cause Date and Notice of Case Management Conference Date with the Summons, Complaint [Local Rule 3.7(a)], Alternative Dispute Resolution (ADR) Information Packet, Civil Mediation Information Brochure, and ADR Stipulation and Order Form ( California Rules of Court, Rule 3.221).

### NOTICE TO CROSS COMPLAINANT'S COUNSEL

**IMPORTANT:** If you are bringing a cross complaint against new parties, you are, likewise, required to serve this Notice of Assignment pursuant to California Rules of Court, Rule 3.110 and Notice of Order to Show Cause date and Notice of Case Management Conference date on the new cross defendants.

**TERRY MCNALLY**
CLERK OF THE SUPERIOR COURT

Date:  February 03, 2017

By: ___*Vanessa Cofield*___
Vanessa Cofield, Deputy Clerk

The Clerk of the Superior Court's office has received a civil complaint from you for filing.  Pursuant to the Trial Court Delay Reduction Act, your case has been assigned to the Honorable Thomas S. Clark as monitoring judge.

Judge Thomas S. Clark has instituted a direct calendaring system for all cases assigned to him/her as the monitoring judge.

All law and motion, case management and trial setting conferences, ex parte matters and trials will be scheduled before him/her in Bakersfield Department 17. This will involve all cases in which the clerk has assigned the initials TSC to the complaint at the time of filing.  Counsel is expected to make the initials of the monitoring judge a part of the case number on all pleadings and papers.

Judge Thomas S. Clark expects that all law and motion hearings to be heard by him/her be set within five (5) days of the earliest date that they may be heard, given mail notice of hearing.  Law and motion matters must be reserved by going to the website address http://kerncourtlink.com for the Kern Courtlink Online Reservation System.  The website is available at any time.  You may calendar motions as scheduled below.  Ex-parte matters require pre-clearance.

At the time of filing the complaint, plaintiff's counsel will be given a Notice of Case Management Conference which sets a conference approximately one hundred eighty (180) days after filing of the complaint.  This notice must be served with the summons and complaint on all defendants.  Defendants must serve the notice on all cross-defendants named.  The notice must also be served on interveners and lien claimants.

Telephonic appearances for case management conferences and law and motion hearings are available through Court Call. The toll free telephone number for Court Call is (888) 88-COURT.  Proper procedures must be complied with under California Rules of Court, Rule 3.670.  Arrangements to make appearances through Court Call must be made at least five (5) court days prior to the hearing date.

Another judge will hear settlement conferences in cases assigned to Judge Thomas S. Clark.  However, those cases that do not settle will be set for trial before him/her.

To confirm any hearing on calendar, for general questions regarding cases assigned to Judge Thomas S. Clark or to pre-clear an ex-parte hearing, contact the Direct Calendaring Clerk at 661-868-2526.  To check on tentative rulings from Judge Chapin, go to the court's website address "http/www.kern.courts.ca.gov/", after 4:00 pm, and click on tentative rulings. Judge Brumfield and Judge Lampe do not offer tentative rulings.

## SUPERIOR COURT OF CALIFORNIA
### COUNTY OF KERN
## SPECIAL RULES RELATING TO CASE MANAGEMENT CONFERENCES

At least fifteen (15) days prior to the case management conference, each party shall prepare, file and serve on each other party a case management conference report providing the Court with the following information:

1. The "at-issue" status of the case including any new parties that may be contemplated;
2. A brief statement of the type of case and the general facts or contentions;
3. A description of the discovery done to date and that contemplated to be done;
4. Estimated time for trial and whether a jury is demanded;
5. Whether or not the case is entitled to priority in trial setting and if so, the legal authority thereof;
6. An evaluation of the case for alternative dispute resolution, including arbitration (judicial or binding), mediation or private judge handling;
7. If a person injury action, a description of the injuries sustained by each plaintiff and the elements of claimed damage;
8. A statement of any settlement negotiations undertaken thus far;
9. The name of the attorney primary responsible for the case on behalf of the party filing the report.

More than one party may join in the filing of a single report.

The case management conference shall be attended by the attorney primarily responsible for the case on behalf of each party or a member of his or her firm or counsel formally associated in the case. The attorney attending shall be thoroughly familiar with the case, and be able to engage in meaningful discussions with court and counsel, and to enter into agreements on behalf of his or her client on the following subjects:

1. The "at-issue" status of the case including the dismissal of the unnamed doe defendants or cross-defendants by agreement of all parties;
2. Discovery conducted and remaining to be done;
3. Amenability of the case to alternative dispute resolution including, but no limited to, arbitration (judicial or binding), mediation, and private judge handling.
4. Delineation of issues including stipulation of facts not in substantial controversy;
5. Settlement prospects;
6. Setting the matter for trial, pre-trial conferences, settlement conference or further case management conference;
7. Any other matters relevant to the processing of the case to a final resolution.

Any violation of these rules shall result in the imposition of substantial sanctions which may include monetary, issue, termination, or other appropriate sanctions.

# EXHIBIT B

1  KEITH A. JACOBY, Bar No. 150233
   LITTLER MENDELSON, P.C.
2  2049 Century Park East, 5th Floor
   Los Angeles, CA  90067.3107
3  Telephone:   310.553.0308
   Fax No.:      310.553.5583
4  kjacoby@littler.com

5  RYAN L. EDDINGS, Bar No. 256519
   LITTLER MENDELSON, P.C.
6  5200 North Palm Avenue, Suite 302
   Fresno, CA  93704.2225
7  Telephone:   559.244.7500
   Fax No.:      559.244.7525
8  reddings@littler.com

9  GREGORY G. ISKANDER, Bar No. 200215
   LITTLER MENDELSON, P.C.
10 Treat Towers
   1255 Treat Boulevard, Suite 600
11 Walnut Creek, CA  94597
   Telephone:   925.932.2468
12 Facsimile:    925.946.9809
   giskander@littler.com
13
   Attorneys for Defendant
14 T-MOBILE USA, INC.

15

16                    SUPERIOR COURT OF CALIFORNIA

17                           COUNTY OF KERN

   EMMANUEL SALGADO, on behalf of        Case No.  BCV-17-100243 TSC
18 himself and all others similarly situated,
                                         ANSWER TO UNVERIFIED COMPLAINT
19                Plaintiff,
                                         ASSIGNED FOR ALL PURPOSES TO JUDGE
20       v.                              THOMAS S. CLARK (DEPT. 17)

21 T-MOBILE USA, INC., a Delaware
   corporation; and DOES 1 to 10, inclusive,
22
                  Defendant.
23

24

25

26

27

28

LITTLER MENDELSON, P.C.
   Treat Towers
1255 Treat Boulevard
      Suite 600
Walnut Creek, CA  94597
    925.932.2468

ANSWER TO UNVERIFIED COMPLAINT                              Case No.  BCV-17-100243

FILED
SUPERIOR COURT, METROPOLITAN DIVISION
COUNTY OF KERN

MAR  7 2017

TERRY McNALLY, CLERK
BY_____ DEPUTY

1   Defendant T-Mobile USA, Inc. ("Defendant") hereby answers the unverified
2   Complaint of Plaintiff Emmanuel Salgado ("Plaintiff") in the above-captioned action as follows:

3   **GENERAL DENIAL**

4   Pursuant to the provisions of Code of Civil Procedure section 431.30, Defendant generally
5   denies each and every allegation contained in the COMPLAINT, and further denies that Plaintiff is
6   entitled to equitable or injunctive relief, compensatory damages, restitution, attorneys' fees,
7   prejudgment interest, costs of suit, or any other relief of any kind whatsoever.

8   **AFFIRMATIVE DEFENSES**

9   Defendant further asserts the following defenses and affirmative defenses.  In so doing,
10  Defendant does not concede that it has the burden of production or proof as to any affirmative
11  defense asserted below.  Further, Defendant does not presently know all facts concerning the
12  conduct of Plaintiff sufficient to state all affirmative defenses at this time.  Accordingly, Defendant
13  will seek leave of this Court to amend this Answer should it later discover facts demonstrating the
14  existence of additional affirmative defenses.

15  **SEPARATE AFFIRMATIVE DEFENSE**

16  **(Failure to State Cause of Action)**

17  1.   As a separate and distinct affirmative defense to the COMPLAINT and each
18  purported cause of action therein, Defendant alleges that the COMPLAINT and each purported
19  cause of action therein fails, in whole or in part, to state facts sufficient to constitute a cause of
20  action against Defendant.

21  **SEPARATE AFFIRMATIVE DEFENSE**

22  **(Statute of Limitations)**

23  2.   As a separate and distinct affirmative defense to the COMPLAINT and each
24  purported cause of action therein, Defendant alleges that the COMPLAINT and each purported
25  cause of action alleged therein is barred, in whole or in part, by the applicable statute of limitations,
26  including without limitation Sections 337, 338(a), 340(a), and 340(b) of the California Code of Civil
27  ///

28

2.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

ANSWER TO UNVERIFIED COMPLAINT                    Case No. BCV-17-100243

1  Procedure, Section 2699 of the California Labor Code, and Section 17208 of the California Business

2  and Professions Code.

### SEPARATE AFFIRMATIVE DEFENSE

**(Failure to Exhaust Administrative Remedies)**

3.    As a separate and distinct affirmative defense to the COMPLAINT and each purported cause of action therein, Defendant alleges that Plaintiff's COMPLAINT and each purported cause of action therein is barred to the extent that Plaintiff has failed to exhaust his administrative remedies or to the extent that his allegations exceed the scope of such exhaustion, which are required prior to filing a civil lawsuit.

### SEPARATE AFFIRMATIVE DEFENSE

**(Failure to Comply With § 2699.3)**

4.    As a separate and distinct affirmative defense to the COMPLAINT and each purported cause of action therein, Defendant alleges that Plaintiff's COMPLAINT and each purported cause of action seeking redress through Labor Code Section 2699 are barred to the extent that Plaintiff has failed to satisfy the prerequisites specified in Labor Code Section 2699.3.

### SEPARATE AFFIRMATIVE DEFENSE

**(Failure to Mitigate)**

5.    As a separate and distinct affirmative defense to the COMPLAINT and each purported cause of action therein, Defendant alleges, based upon the belief that further investigation and discovery will reveal facts supporting such defense, that Plaintiff or the putative class members he seeks to represent have failed to take reasonable steps to mitigate his or their alleged damages, and that any right of recovery must be reduced accordingly.

### SEPARATE AFFIRMATIVE DEFENSE

**(Doctrine of Avoidable Consequences)**

6.    As a separate and distinct affirmative defense to the COMPLAINT and each purported cause of action therein, Defendant alleges that Plaintiff's, and the putative class members' claims are barred, in whole or in part, by the equitable doctrine of avoidable consequences.  To the

3.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

ANSWER TO UNVERIFIED COMPLAINT                    Case No.  BCV-17-100243

1  extent that facts not currently known are revealed pertinent to this defense, Defendant reserves the
2  right to amend this defense to plead and allege such facts.

### SEPARATE AFFIRMATIVE DEFENSE

#### (Waiver)

7.     As a separate and distinct affirmative defense to the COMPLAINT and each purported cause of action therein, Defendant alleges, based upon the belief that further investigation and discovery will reveal facts supporting such defense, that Plaintiff's and the putative class members' claims are barred in whole or in part by the equitable doctrine of waiver.  To the extent that facts not currently known are revealed pertinent to this defense, Defendant reserves the right to amend this defense to plead and allege such facts.

### SEPARATE AFFIRMATIVE DEFENSE

#### (Laches)

8.     As a separate and distinct affirmative defense to the COMPLAINT and each purported cause of action therein, Defendant alleges, based upon the belief that further investigation and discovery will reveal evidence supporting such defense, that Plaintiff's and the putative class members' claims are barred, in whole or in part, by the equitable doctrine of laches.  To the extent that facts not currently known are revealed pertinent to this defense, Defendant reserves the right to amend this defense to plead and allege such facts.

### SEPARATE AFFIRMATIVE DEFENSE

#### (Estoppel)

9.     As a separate and distinct affirmative defense to the COMPLAINT and each purported cause of action therein, Defendant alleges, based upon the belief that further investigation and discovery will reveal facts supporting such defense, that Plaintiff's and the putative class members' claims are barred, in whole or in part, by the equitable doctrine of estoppel.  To the extent that facts not currently known are revealed pertinent to this defense, Defendant reserves the right to amend this defense to plead and allege such facts.

///

4.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

ANSWER TO UNVERIFIED COMPLAINT                    Case No.  BCV-17-100243

1

## SEPARATE AFFIRMATIVE DEFENSE

2

### (Unclean Hands)

3      10.    As a separate and distinct affirmative defense to the COMPLAINT and each

4  purported cause of action therein, Defendant alleges, based upon the belief that further investigation

5  and discovery will reveal facts supporting such defense, that Plaintiff's and the putative class

6  members' claims are barred, in whole or in part, by the equitable doctrine of unclean hands. To the

7  extent that facts not currently known are revealed pertinent to this defense, Defendant reserves the

8  right to amend this defense to plead and allege such facts.

9

## SEPARATE AFFIRMATIVE DEFENSE

10

### (Consent)

11      11.    As a separate and distinct affirmative defense, Defendant is informed and believes

12  that further investigation and discovery will reveal, and on that basis alleges, that the COMPLAINT

13  and each cause of action set forth therein, or some of them, are barred in whole or in part by the

14  equitable doctrine of consent.

15

## SEPARATE AFFIRMATIVE DEFENSE

16

### (Claims Discharged)

17      12.    As a separate and distinct affirmative defense, Defendant alleges that the

18  COMPLAINT and each cause of action set forth therein, or some of them, are barred because all or a

19  portion of the wages, overtime premiums, interest, attorneys' fees, penalties and/or other relief

20  sought by Plaintiff on his own behalf and/or on behalf of the putative class members were, or will be

21  before the conclusion of this action, paid or collected, and therefore, Plaintiff's claims and/or the

22  claims of the putative class members have been partially or completely discharged.

23

## SEPARATE AFFIRMATIVE DEFENSE

24

### (Accord and Satisfaction)

25      13.    As a separate and distinct affirmative defense, Defendant alleges that the

26  COMPLAINT and each cause of action set forth therein, or some of them, are barred by the doctrine

27  of accord and satisfaction, to the extent that some, or all, members of the putative class Plaintiff

28

5.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

1    seeks to represent have received, or will receive, compensation for any outstanding wages, penalties,

2    and/or damages purportedly due.

### SEPARATE AFFIRMATIVE DEFENSE

#### (Collateral Estoppel)

5    14.    As a separate and distinct affirmative defense, Defendant alleges that COMPLAINT

6    and each cause of action set forth therein, or some of them, are barred by the doctrine of collateral

7    estoppel insofar as individual putative class members Plaintiff seeks to represent have litigated or

8    will litigate issues raised by the COMPLAINT prior to adjudication of those issues in the instant

9    action.

### SEPARATE AFFIRMATIVE DEFENSE

#### (Release)

12   15.    As a separate and distinct affirmative defense, Defendant alleges that the

13   COMPLAINT and each cause of action set forth therein, or some of them, are barred to the extent

14   that Plaintiff and some, or all, members of the putative class he seeks to represent have released

15   Defendant from any liability as alleged in the COMPLAINT.

### SEPARATE AFFIRMATIVE DEFENSE

#### (Bona Fide Dispute)

18   16.    As a separate and distinct affirmative defense, Defendant alleges that the

19   COMPLAINT and each cause of action set forth therein, or some of them, are barred in whole or in

20   part because there is a bona fide dispute as to whether further compensation is actually due and

21   owing to Plaintiff or any member of the putative class that he seeks to represent and, if such

22   compensation is due, as to the amount of such further compensation ostensibly due and owing.

### SEPARATE AFFIRMATIVE DEFENSE

#### (After-Acquired Evidence)

25   17.    As a separate and distinct affirmative defense, Defendant alleges, on the belief that

26   further investigation and discovery will disclose facts supporting such an allegation, that evidence

27   acquired subsequent to the filing of Plaintiff's COMPLAINT bars and/or limits the amount of

6.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

ANSWER TO UNVERIFIED COMPLAINT                                      Case No.  BCV-17-100243

1    damages Plaintiff can recover, assuming arguendo, Defendant is found liable for any asserted claim.

2    To the extent that facts not currently known are revealed pertinent to this defense, Defendant

3    reserves the right to amend this defense to plead and allege such facts.

### SEPARATE AFFIRMATIVE DEFENSE

#### (No Private Right of Action)

6        18.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's

7    claims pursuant to California Labor Code section 200, *et seq.*, are barred, in whole or in part,

8    because there is no private right of action under such sections.

### SEPARATE AFFIRMATIVE DEFENSE

#### (Defendant's Good Faith/No Willful Failure To Pay)

11        19.    As a separate and distinct affirmative defense, Defendant alleges that any purported

12    violation of the Labor Code or an order of the Industrial Welfare Commission was an act or

13    omission made in good faith and Defendant had reasonable grounds for believing that the act or

14    omission was not a violation of the Labor Code or any order of the Industrial Welfare Commission

15    and that, accordingly, it has not willfully or intentionally failed to pay additional compensation to

16    Plaintiff and/or the putative class members, and no penalties should be awarded Plaintiff or any

17    putative class members for any violation thereof that may be found to exist.

### SEPARATE AFFIRMATIVE DEFENSE

#### (Wage Recovery is *De Minimis*)

20        20.    As a separate and distinct affirmative defense, Defendant alleges that some or all of

21    the disputed time for which Plaintiff and/or the putative class members seek to recover wages

22    purportedly owed is not compensable pursuant to the doctrine of *de minimis non curat lex.*

### SEPARATE AFFIRMATIVE DEFENSE

#### (Wage Orders – Violation of Due Process)

25        21.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's

26    COMPLAINT and each cause of action set forth therein, or some of them, are barred because the

27    applicable wage orders of the Industrial Welfare Commission are unconstitutionally vague and

28                                              7.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

1  ambiguous and violate Defendant's rights under the United States Constitution and the California

2  Constitution as to, among other things, due process of law.

3  **SEPARATE AFFIRMATIVE DEFENSE**

4  **(Class Action Denies Defendant's Due Process Rights)**

5  22.    As a separate and distinct affirmative defense to the COMPLAINT and each

6  purported cause of action therein, Defendant alleges that Plaintiff's COMPLAINT and each

7  purported cause of action therein is barred because the certification of a class, as applied to the facts

8  and circumstances of this case, would constitute a denial of Defendant's due process rights and to a

9  trial by jury, both substantive and procedural, in violation of the Due Process and Equal Protection

10 clauses of the Fourteenth Amendment of the United States Constitution and the Due Process and

11 Equal Protection clauses of Article I, Section 7 of the California Constitution.

12 **SEPARATE AFFIRMATIVE DEFENSE**

13 **(Due Process - Replicating Penalties)**

14 23.    As a separate and distinct affirmative defense, Defendant alleges that, to the extent

15 Plaintiff seeks statutory or other penalties, such claims must comport with the due process

16 requirements of *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003); *People ex. rel.*

17 *Lockyer v. R.J. Reynolds*, 37 Cal. 4th 707 (2005); *Ratner v. Chemical Bank New York Trust Co.*, 54

18 F.R.D. 412 (S.D.N.Y. 1972).

19 **SEPARATE AFFIRMATIVE DEFENSE**

20 **(Due Process and Equal Protection - Excessive Penalties)**

21 24.    As a separate and distinct affirmative defense to the COMPLAINT and each

22 purported cause of action therein, Defendant alleges that Plaintiff's COMPLAINT and each

23 purported cause of action therein is barred to the extent that it seeks the imposition of penalties

24 pursuant to Labor Code section 2699 *et seq.* because the imposition of penalties as applied to the

25 facts and circumstances of this case would constitute a denial of Defendant's due process rights and

26 to a trial by jury, both substantive and procedural, in violation of the Due Process and Equal

27 ///

28

8.

.ITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

ANSWER TO UNVERIFIED COMPLAINT                                    Case No.  BCV-17-100243

1  Protection clauses of the Fourteenth Amendment of the United States Constitution and the Due

2  Process and Equal Protection clauses of Article I, Section 7 of the California Constitution.

3  **SEPARATE AFFIRMATIVE DEFENSE**

4  **(PAGA – Eighth Amendment Violation)**

5      25.    As a separate and distinct affirmative defense to the COMPLAINT and each

6  purported cause of action therein, Defendant alleges that Labor Code section 2699, *et seq*. imposes

7  excessive fines in violation of Amendment 8 of the United States Constitution and Article 1, Section

8  17 of the California State Constitution. *People ex. rel. Lockyer v. R.J. Reynolds*, 37 Cal. 4th 707

9  (2005).

10  **SEPARATE AFFIRMATIVE DEFENSE**

11  **(Statutory Penalties Violate Equal Protection)**

12      26.    As a separate and distinct affirmative defense to the COMPLAINT and each

13  purported cause of action therein, Defendant alleges that Plaintiff's claims for statutory penalties are

14  barred to the extent the provision of California law allowing the award of statutory penalties, and the

15  substantive rules, procedures and standards for determining whether or not to award them, and, if so,

16  in what amount, violate Defendant's rights to equal protection under the United States and California

17  Constitutions.

18  **SEPARATE AFFIRMATIVE DEFENSE**

19  **(PAGA – Plaintiff Lacks Standing To Recover Penalties)**

20      27.    As a separate and distinct affirmative defense to the COMPLAINT and each

21  purported cause of action therein, Defendant alleges that Plaintiff lacks standing to assert claims for

22  penalties on behalf of others except to the extent and degree that they are "aggrieved parties," i.e.

23  parties who suffered injury from the same act.  To the extent that Plaintiff seeks to recover on behalf

24  of unnamed and unidentified persons, he has no standing to do so under the PAGA statute.

25  ///

26  ///

27  ///

28

9.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

1

2

## SEPARATE AFFIRMATIVE DEFENSE

### (PAGA – Unconstitutional Violation Of Separation Of Powers)

3        28.      As a separate and distinct affirmative defense, Defendant alleges that the

4 COMPLAINT and each cause of action set forth therein are barred because the Private Attorneys

5 General Act, Labor Code sections 2698, *et seq*. violates separation of powers by empowering private

6 attorneys to prosecute public claims, thus improperly transferring the prosecutorial function with its

7 concomitant necessary discretion to private parties and or the court.

8

## SEPARATE AFFIRMATIVE DEFENSE

### (PAGA – Unjust Enrichment)

9

10       29.      As a separate and distinct affirmative defense, Defendant alleges that Plaintiff and the

11 putative class members or other allegedly aggrieved employees are not entitled to recovery of civil

12 penalties under the Private Attorneys General Act, Labor Code section 2698, *et seq*., to the extent

13 that such penalties are sought in addition to penalties for the same claims and such duplicative

14 recovery is barred and constitutes unjust enrichment.

15

## SEPARATE AFFIRMATIVE DEFENSE

### (UCL Unconstitutionally Vague)

16

17       30.      As a separate and distinct affirmative defense, Defendant asserts that the

18 COMPLAINT and each cause of action set forth therein, or some of them, are barred because

19 Business and Professions Code section 17200, *et seq*., is unconstitutionally vague and overbroad as

20 applied to the facts and circumstances of this case, and Plaintiff's First Amended Complaint is

21 barred because the prosecution of this action by Plaintiff as a representative of persons allegedly

22 similarly situated or of the general public would constitute a denial of Defendant's due process

23 rights, both procedural and substantive, in violation of the Fourteenth Amendment of the United

24 States Constitution and the Constitution and laws of the State of California. See, e.g., *People ex rel*

25 *Lockyer v. R.J. Reynolds Tobacco Co.*, 37 Cal. 4th 707 (2005).

26 ///

27 ///

28

10.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

ANSWER TO UNVERIFIED COMPLAINT                              Case No.  BCV-17-100243

**SEPARATE AFFIRMATIVE DEFENSE**

**(Equitable Relief Unavailable)**

31.     As a separate and distinct affirmative defense to the COMPLAINT and each purported cause of action therein, Defendant alleges that Plaintiff is not entitled to equitable relief because he has an adequate remedy at law.

**SEPARATE AFFIRMATIVE DEFENSE**

**(Offset/Set-Off)**

32.     As a separate and distinct affirmative defense, Defendant asserts that the COMPLAINT and each cause of action set forth therein, or some of them, are subject to the doctrines of set-off, offset and/or recoupment on the part of Defendant.

**SEPARATE AFFIRMATIVE DEFENSE**

**(Bad Faith)**

33.     As a separate and distinct affirmative defense to the COMPLAINT and each purported cause of action therein, Defendant alleges that a reasonable opportunity for investigation and discovery will reveal that Plaintiff's claims are unreasonable and/or were filed in bad faith and/or are frivolous and, for that reason, justify an award of attorneys' fees and costs against Plaintiff and his attorneys.

**SEPARATE AFFIRMATIVE DEFENSE**

**(Standing)**

34.     As a separate and distinct affirmative defense to the COMPLAINT and each purported cause of action therein, Defendant alleges that Plaintiff lacks standing to prosecute the action either individually or as a class representative.

**SEPARATE AFFIRMATIVE DEFENSE**

**(Failure To State A Claim For Prejudgment Interest)**

35.     As a separate and distinct affirmative defense to the COMPLAINT and each purported cause of action therein, Defendant alleges that the COMPLAINT fails to properly state a

///

11.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

ANSWER TO UNVERIFIED COMPLAINT                    Case No.  BCV-17-100243

1  claim upon which prejudgment interest may be awarded, as the damages claimed are not sufficiently

2  certain to allow an award of prejudgment interest.

3  ### SEPARATE AFFIRMATIVE DEFENSE

4  **(Failure To State A Claim For Attorneys' Fees)**

5     36.    As a separate and distinct affirmative defense to the COMPLAINT and each

6  purported cause of action therein, Defendant alleges that the COMPLAINT fails to properly state a

7  claim upon which attorneys' fees may be awarded.

8  ### PRAYER FOR RELIEF

9  WHEREFORE, Defendant prays for judgment as follows:

10          1.    That Plaintiff takes nothing by this action;

11          2.    That the COMPLAINT and each purported cause of action alleged therein be

12                dismissed with prejudice;

13          3.    That the Court award Defendant its costs of suit and attorneys' fees incurred

14                herein; and

15          4.    That Defendant be awarded such further relief as the Court deems just and

16                proper.

17  Dated: March 7, 2017

18

19                                    KEITH A. JACOBY
20                                    RYAN L. EDDINGS
                                      GREGORY G. ISKANDER
21                                    LITTLER MENDELSON, P.C.
                                      Attorneys for Defendant
22                                    T-MOBILE USA, INC.

Firmwide:146214833.1 066431.1019

23

24

25

26

27

28                                        12.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

POS-040

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: | FOR COURT USE ONLY |
|---|---|---|

NAME: Gregory G. Iskander SBN #200215
FIRM NAME: Littler Mendelson, P.C.
STREET ADDRESS: 1255 Treat Boulevard, Suite 600
CITY: Walnut Creek     STATE: CA     ZIP CODE: 94597
TELEPHONE NO.: 925.932.2468     FAX NO.: 925.946.9809
E-MAIL ADDRESS: giskander@littler.com
ATTORNEY FOR (name): T-MOBILE USA, INC.

**RECEIVED**
MAR - 7 2017
SUPERIOR COURT
METROPOLITAN DIVISION

SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN
STREET ADDRESS: 1415 Truxtun Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Bakersfield, CA 93301
BRANCH NAME: Metropolitan Division

Plaintiff/Petitioner: EMMANUEL SALGADO

Defendant/Respondent: T-MOBILE USA, INC., et al.

CASE NUMBER:
BCV-17-100243

JUDICIAL OFFICER:

DEPARTMENT:

**PROOF OF SERVICE—CIVIL**

Check method of service *(only one)*:
☐ By Personal Service   ☒ By Mail   ☐ By Overnight Delivery
☐ By Messenger Service   ☐ By Fax

*Do not use this form to show service of a summons and complaint or for electronic service.*
*See USE OF THIS FORM on page 3.*

1. At the time of service I was over 18 years of age **and not a party to this action**.

2. My residence or business address is:
   1255 Treat Boulevard, Suite 600, Walnut Creek, CA 94597

3. ☐   The fax number from which I served the documents is *(complete if service was by fax)*: 925.946.9809

4. On *(date)*: March 7, 2017          I served the following **documents** *(specify)*:

   *ANSWER TO UNVERIFIED COMPLAINT

   ☐   The documents are listed in the *Attachment to Proof of Service–Civil (Documents Served)* (form POS-040(D)).

5. I served the documents on the **person or persons** below, as follows:
   a. Name of person served: SEE ATTACHMENT
   b. ☐   *(Complete if service was by personal service, mail, overnight delivery, or messenger service.)*
      Business or residential address where person was served:
   SEE ATTACHMENT

   c. ☐   *(Complete if service was by fax.)*
      Fax number where person was served: 323.549.0101 / 310.733.5644

   ☒   The names, addresses, and other applicable information about persons served is on the *Attachment to Proof of Service—Civil (Persons Served)* (form POS-040(P)).

6. The documents were served by the following means *(specify)*:
   a. ☐   **By personal service.** I personally delivered the documents to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made (a) to the attorney personally; or (b) by leaving the documents at the attorney's office, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office; or (c) if there was no person in the office with whom the notice or papers could be left, by leaving them in a conspicuous place in the office between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
POS-040 [Rev. February 1, 2017]

**PROOF OF SERVICE—CIVIL**
**(Proof of Service)**

Code of Civil Procedure, §§ 1011, 1013, 1013a,
2015.5; Cal. Rules of Court, rule 2.306
*www.courts.ca.gov*

American LegalNet, Inc.
www.FormsWorkFlow.com

POS-040

| CASE NAME:<br>EMMANUEL SALGADO v. T-MOBILE USA, INC., et al. | CASE NUMBER:<br>BCV-17-100243 |
|---|---|

6. b. ☒ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 5 and *(specify one):* MAIL

    (1) ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

    (2) ☒ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

    I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at *(city and state):* WALNUT CREEK, CA

  c. ☐ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 5. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

  d. ☐ **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 5 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

  e. ☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 5. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: March 7, 2017

Monica A. Martinez
_____
(TYPE OR PRINT NAME OF DECLARANT)

► _____
(SIGNATURE OF DECLARANT)

*(If item 6d above is checked, the declaration below must be completed or a separate declaration from a messenger must be attached.)*

### DECLARATION OF MESSENGER

☐ **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made (a) to the attorney personally; or (b) by leaving the documents at the attorney's office, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office; or (c) if there was no person in the office with whom the notice or papers could be left, by leaving them in a conspicuous place in the office between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

    At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

    I served the envelope or package, as stated above, on *(date):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(NAME OF DECLARANT)

► _____
(SIGNATURE OF DECLARANT)

**PROOF OF SERVICE—CIVIL**
**(Proof of Service)**

American LegalNet, Inc.
www.FormsWorkFlow.com

POS-040

# INFORMATION SHEET FOR PROOF OF SERVICE—CIVIL

*(This information sheet is not part of the official proof of service form and does not need to be copied, served, or filed.)*

**USE OF THIS FORM**

This form is designed to be used to show proof of service of documents by (1) personal service, (2) mail, (3) overnight delivery, (4) messenger service, or (5) fax.

This proof of service form should **not** be used to show proof of service of a summons and complaint. For that purpose, use *Proof of Service of Summons* (form POS-010).

Also, this proof of service form should **not** be used to show proof of electronic service. For that purpose, use *Proof of Electronic Service* (form POS-050).

Certain documents must be personally served. For example, an order to show cause and temporary restraining order generally must be served by personal delivery. You must determine whether a document must be personally delivered or can be served by mail or another method.

**GENERAL INSTRUCTIONS**

A person must be over 18 years of age to serve the documents. The person who served the documents must complete the Proof of Service. **A party to the action cannot serve the documents**.

The Proof of Service should be typed or printed. If you have Internet access, a fillable version of this proof of service form is available at *www.courts.ca.gov/forms.htm.*

*Complete the top section of the proof of service form as follows:*

First box, left side: In this box print the name, address, and telephone number of the person for whom you served the documents.

Second box, left side: Print the name of the county in which the legal action is filed and the court's address in this box. The address for the court should be the same as the address on the documents that you served.

Third box, left side: Print the names of the plaintiff/petitioner and defendant/respondent in this box. Use the same names as are on the documents that you served.

Fourth box, left side: Check the method of service that was used. You should check only one method of service and should show proof of only one method on the form. If you served a party by several methods, use a separate form to show each method of service.

First box, top of form, right side: Leave this box blank for the court's use.

Second box, right side: Print the case number in this box. The case number should be the same as the case number on the documents that you served.

Third box, right side: State the judge and department assigned to the case, if known.

*Complete items 1–6:*

1. You are stating that you are over the age of 18.

2. Print your home or business address.

3. If service was by fax service, print the fax number from which service was made.

4. List each document that you served. If you need more space, check the box in item 4, complete the *Attachment to Proof of Service—Civil (Documents Served)* (form POS-040(D)), and attach it to form POS-040.

5. Provide the names, addresses, and other applicable information about the persons served. If more than one person was served, check the box on item 5, complete the *Attachment to Proof of Service—Civil (Persons Served)* (form POS-040(P)), and attach it to form POS-040.

6. Check the box before the method of service that was used, and provide any additional information that is required. The law may require that documents be served in a particular manner (such as by personal delivery) for certain purposes. Service by fax generally requires the prior agreement of the parties.

**You must sign and date the proof of service form. By signing, you are stating under penalty of perjury that the information that you have provided on form POS-040 is true and correct.**

---


American LegalNet, Inc.
www.FormsWorkFlow.com

POS-040(P)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| EMMANUEL SALGADO v. T-MOBILE USA, INC., et al. | BCV-17-100243 |

## ATTACHMENT TO PROOF OF SERVICE—CIVIL (PERSONS SERVED)
*(This attachment is for use with form POS-040.)*

### NAMES, ADDRESSES, AND OTHER APPLICABLE INFORMATION ABOUT PERSONS SERVED:

| <u>Name of Person Served</u> | <u>Where Served</u> |
|---|---|
| *(If the person served is an attorney, the party or parties represented should also be stated.)* | *(Provide business or residential address where service was made by personal service, mail, overnight delivery, or messenger service. For service by fax, provide fax number.)* |
| Kevin T. Barnes/Gregg Lander<br>Attorneys for Plaintiff | Law Offices of Kevin T. Barnes<br>5670 Wilshire Blvd., Suite 1460<br>Los Angeles, CA 90036-5664; (F) 323.549.0101 |
| Raphael A. Katri<br>Attorneys for Plaintiff | Law Offices of Raphael A. Katri<br>8549 Wilshire Blvd., Suite 200<br>Beverly Hills, CA 90211-3104; (F) 310.733.5644 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

Form Approved for Optional Use
Judicial Council of California
POS-040(P) [Rev. February 1, 2017]

**ATTACHMENT TO PROOF OF SERVICE—CIVIL (PERSONS SERVED)**
**(Proof of Service)**

Page _____ of _____
www.courts.ca.gov



American LegalNet, Inc.
www.FormsWorkFlow.com