1  KEITH A. JACOBY, Bar No. 150233
   LITTLER MENDELSON, P.C.
2  2049 Century Park East, 5th Floor
   Los Angeles, CA 90067.3107
3  Telephone: 310.553.0308
   Facsimile.: 310.553.5583
4
5  GREGORY G. ISKANDER, Bar No. 200215
   NATALIE M.KUZMA, Bar No. 286401
6  LITTLER MENDELSON, P.C.
   Treat Towers
7  1255 Treat Boulevard
   Suite 600
8  Walnut Creek, CA 94597
   Telephone: 925.932.2468
9
   SOPHIA BEHNIA, Bar No. 289318
10 LITTLER MENDELSON, P.C.
   333 Bush Street, 34th Floor
11 San Francisco, California 94104
   Telephone: 415.433.1940
12 Facsimile: 415.399.8490

13 Attorneys for Defendant
   T-MOBILE USA, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMANUEL SALGADO, on behalf of himself and all others similarly situated, | Case No. 1:17-cv-00339-DAD-JLT |
| Plaintiff, | STIPULATED PROTECTIVE ORDER; ORDER GRANTING STIPULATED PROTECTIVE ORDER |
| v. | |
| T-MOBILE USA, INC., a Delaware corporation; and DOES 1 to 100, inclusive, | (Doc. 10) |
| Defendant. | |

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

STIPULATION AND [PROPOSED] ORDER                Case No. 1:17-cv-00339-DAD-JLT_____

CONFIDENTIALITY STIPULATION AND AGREEMENT AND PROTECTIVE ORDER AND FRE 502(D) AND (E)

WHEREAS, Plaintiff EMMANUEL SALGADO, on behalf of himself and all others similarly situated ("Plaintiff") and Defendant T-MOBILE USA, INC. ("Defendant") (collectively the "parties") are presently engaged in discovery;[1]

WHEREAS, some information sought by the parties is of a confidential or proprietary nature;

WHEREAS, the purpose of this Stipulation is to permit the parties to discover such information pursuant to procedures designed to protect and preserve the confidentiality of that information;

WHEREAS, the parties have agreed to stipulate to protect certain privileged, work-product or otherwise protected information (including metadata where applicable), whether stored in electronic, paper, or other tangible form, against claims of waiver in the event they are produced during the course of this Proceeding whether pursuant to a Court Order, a party's discovery request or informal production;

WHEREAS, both parties may be required to produce large volumes of information during discovery, and wish to comply with discovery deadlines and complete discovery as expeditiously as possible, while preserving and without waiving any evidentiary protections or privileges applicable to the information contained in the information produced, including as against third parties and other Federal and State proceedings, and in addition to their agreement, need the additional protections of a Court Order under FRE 502(d) and (e) to do so;

WHEREAS, in order to comply with applicable discovery deadlines, parties may be required to produce information that has been subject to minimal or no attorney review, and wish to foreclose any arguments that the disclosure or production of information subject to a legally recognized claim of protection from disclosure, including without limitation the attorney-client privilege, the work-product doctrine, or other applicable protection ("Protected Information"):

---

[1] Current discovery is specifically and only regarding Plaintiff's Motion for Remand and the issue of federal jurisdiction, and in no way does Plaintiff intend by entering this Agreement to voluntarily avail himself of federal jurisdiction; however, whether this action remains in Federal Court or is remanded to state court, the terms of this Stipulation and any order of the Court shall remain enforceable as to any materials produced pursuant to the Stipulated Protective Order.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

STIPULATED PROTECTIVE ORDER 2. Case No. 1:17-cv-00339-DAD-JLT

(a) was not inadvertent by the Producing Party;

(b) that the Producing Party did not take reasonable steps to prevent the disclosure of Protected Information;

(c) that the Producing Party did not take reasonable or timely steps to rectify such disclosure; and/or

(d) that such disclosure acts as a waiver of applicable privileges or protections associated with such Protected Information.

WHEREAS, because the purpose of this Stipulation is to protect and preserve Protected Information, the parties agree they are bound as follows from and after the date their counsel have signed it, even if such execution occurs prior to Court approval.

THEREFORE, the parties seek the entry of an Order, pursuant to Federal Rule of Civil Procedure 26(c), governing the disclosure of "Confidential Information" and "Highly Confidential – Attorneys' Eyes Only Information" on the terms set forth herein, as well as an Order, pursuant to FRE 502, governing the destruction of Protected Information and affording them the protections of FRE 502(d) and (e), on the terms set forth herein.

**IT IS HEREBY STIPULATED**, as follows:

This Protective Order will be entered pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Rule 502 of the Federal Rules of Evidence.

**1. Definition of "Documents or Electronically Stored Information."**

The terms "Documents", "Electronically Stored Information" and "Documents or Electronically Stored Information" shall be synonymous in meaning and equal in scope to the usage of these terms in Rule 34 of the Federal Rules of Civil Procedure.

**2. Definition of "Confidential Information."**

"Confidential Information" shall include sensitive research, development, financial, accounting, commercial, confidential, proprietary or private information in the possession of any party that is generally unavailable to others in the industry or to the public, and is not readily determinable from public sources. A Party or a Non-Party may designate as "Confidential" any information produced in disclosures or in response to discovery requests or subpoenas by that party

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

STIPULATED PROTECTIVE ORDER 3. Case No. 1:17-cv-00339-DAD-JLT

or by any other party that, in good faith, the designating party deems confidential, including without limitation any information concerning: (a) classified and proprietary human resources information of Defendant relating to any current or former employees, including without limitation, Documents or Electronically Stored Information containing employee compensation-related information, and other personally identifiable information, health or medical-related information, home addresses, or home telephone numbers; (b) Defendant's policies or procedures; (c) Defendant's financial, accounting, commercial, operations, training, or other proprietary or trade secret information of Defendant; (d) the financial, accounting, or other private or confidential information of any current, former, or prospective customer, business partner, or third-party vendor of Defendant; (e) business or marketing plans of Defendant; (f) proprietary business or pricing information; (g) written discovery, Documents, Electronically Stored Information and deposition testimony previously marked "Confidential" in the Prior T-Mobile Cases; and (h) any portion of depositions (including audio or video) where information described in Sub-paragraphs (a)-(g) above is disclosed or used in an exhibit.

**3. Designation and Use of Confidential Information.**

The Confidential designation shall be made by stamping or otherwise affixing a label or sticker stating "CONFIDENTIAL" to the information so designated at the time of their production. In the case of Electronically Stored Information, a party producing Confidential Information in an electronically-stored format shall stamp or otherwise affix a label or sticker to the physical medium by which the information is transmitted (e.g. computer disk, CD Rom, etc.) stating "CONFIDENTIAL." If the party to whom such confidential-designated Electronically Stored Information is produced shall create any readable report or output from such Confidential Information that is disclosed to another person authorized to review the information pursuant to Paragraph 5 below, that party shall prominently label each page of such output report as "CONFIDENTIAL." A party need not perform such labeling for any report or output that is reviewed solely by that party.

Information previously produced may be retroactively designated, by the party producing the information or by another party, by written notice specifically identifying the information within

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

STIPULATED PROTECTIVE ORDER    4.    Case No. 1:17-cv-00339-DAD-JLT

thirty (30) days of the Court ordering this Stipulation. Information produced without designation or with improper designation may be retroactively designated in the same manner and shall be treated as confidential from the date written notice of the designation is provided to the Receiving Party. In the event of any change in designation pursuant to this Paragraph, the party making the change shall promptly provide substitute copies of all information as to which confidential status is claimed, with the replacement information to bear a stamp, label, or sticker identifying the information as Confidential. Thereafter, the original, incorrectly designated information (and all copies thereof) shall be promptly destroyed, with confirmation in writing.

Information disclosed or discussed in a deposition may be designated as "Confidential" by any party by so indicating on the record at the time of the deposition or, within thirty (30) days after receipt by the party of the applicable deposition transcript, by notifying counsel for the other party in writing as to which portions of the deposition transcript contain Confidential Information.

Nothing contained in this Stipulation shall affect the right of a party to use or disclose information that such party has produced and designated "Confidential" as such party sees fit; however, if the disclosing party uses or discloses the information in a manner inconsistent with the designation of the information as Confidential, and such use or disclosure is not inadvertent or unintentional, and is left uncorrected upon discovery of such use or disclosure, the information will not be deemed Confidential for purposes of this Stipulation. All Confidential Information obtained by any person shall be maintained carefully so as to preclude access by persons who are not entitled to receive such information.

**4. Designation and Use of Highly Confidential - Attorneys' Eyes Only Information**

A Party or a Non-Party may designate as "Highly Confidential – Attorneys' Eyes Only Information" any documents or information produced in response to informal or formal discovery requests, subpoenas and/or other exchanges of documents/information which, in good faith, such designating Party or Non-Party believes could place it at a competitive disadvantage if disclosed to anyone other than Receiving Party's counsel of record in this Proceeding because such documents or information contain commercially sensitive information, proprietary information, or trade secrets,

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

STIPULATED PROTECTIVE ORDER 5. Case No. 1:17-cv-00339-DAD-JLT

the disclosure of which is likely to cause irreparable harm of significant injury to the competitive position of the designating Party. Such a designation specifically includes, but is not limited to, any "Class List" that may be produced by T-Mobile containing the names, private contact information, and any other information of individuals who will be captured by the class definition adopted in this Proceeding.[2]

### 5. Disclosure of Confidential Information.

Other than at trial, a deposition related to this Proceeding, court filings subject to Paragraph 14, or a hearing or conference regarding any motion in this Proceeding, Confidential Information may not be disclosed or made available by a recipient of such information to any person other than:

(a) current employees of the Defendant, whose assistance is needed in the prosecution or defense of this Proceeding;

(b) former employees of the Defendant, whose assistance is needed in the prosecution or defense of this Proceeding;

(c) the in-house legal counsel of Defendant, and the clerical, paralegal, and secretarial staff of such in-house legal counsel;

(d) the Named Plaintiff to this Proceeding;

(e) the counsel of record of any party to this Proceeding, and the legal, clerical, paralegal, and secretarial staff of such counsel;

(f) individuals whom any party to this Proceeding intends to call as witnesses at trial, provided that such party reasonably believes that the witness has knowledge concerning the information, including deponents during the course of their depositions;

(g) outside experts or consultants who are engaged expressly for the purpose of assisting in the Proceeding, as well as commercial copy services, data entry and computer support organizations hired by and assisting outside counsel for a party;

(h) A mediator selected by mutual agreement of the Parties; and

(i) the Court, court personnel, any court or shorthand reporter or typist used to

---

[2] T-Mobile reserves the right to request distribution of a *Belaire-West* notice prior to producing any "Class List" to counsel for Plaintiff.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

STIPULATED PROTECTIVE ORDER          6.          Case No. 1:17-cv-00339-DAD-JLT

record or transcribe testimony, and jurors or alternate jurors.

Nothing herein shall prevent any person from seeking, by written agreement of the signatories hereto or court order, further, greater or lesser protection with respect to the use of any Confidential Information in connection with this Proceeding.

**6.     Disclosure of Highly Confidential - Attorneys' Eyes Only Information**

In the case of documents and the information contained therein, designation of Highly Confidential – Attorneys' Eyes Only Information produced pursuant to this Order shall be made by placing the following legend on the face of and/or in the title of the document or collection of documents: "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." Upon such designation, all parties shall treat the identified information as highly confidential under this agreement until and unless it is otherwise agreed by all parties or ordered by the Court. In the event a Party or Non-Party neglects to identify any disclosed information as highly confidential, it may do so after disclosure by sending notice to all parties that clearly delineates the highly confidential information, which shall be treated as highly confidential from the date written notice of the designation is provided to the Receiving Party.

Highly Confidential–Attorneys' Eyes Only Information shall be disclosed only to the Receiving Party's counsel of record in this Proceeding for purposes that are specifically and directly related to the reasonable conduct of this Proceeding, and to no other persons. Such information shall be held in the highest confidence by each person to whom it is disclosed, shall be used only for purposes that are specifically and directly related to the conduct of this Proceeding, and shall not be used for any business purpose. The Receiving Party shall maintain a log of all electronic images and paper copies of Highly Confidential–Attorneys' Eyes Only Information in its possession and all such copies shall be securely destroyed subject to the provisions of Paragraph 7 herein.

The unauthorized disclosure of Highly Confidential–Attorneys' Eyes Only Information shall give the Producing Party or Non-Party the right to seek and obtain immediate injunctive or other equitable relief to enjoin any unauthorized use or disclosure of its Highly Confidential-Attorneys' Eyes Only Information in addition to any other rights or remedies that it may have at law or otherwise.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

### 7. Information Security Protections.

Any person in possession of another party's Confidential Information shall maintain a written information security program that includes reasonable administrative, technical, and physical safeguards designed to protect and confidentiality of such Confidential Information, protect against any reasonably anticipated threats or hazards to the security of such Confidential Information, and protect against unauthorized access to or use of such Confidential Information. To the extent a person or party does not have an information security program they may comply with this provision by having the Confidential Information managed by and/or stored with e-discovery vendors or claims administrators who maintain such an information security program.

If the Receiving Party discovers a breach of security, including any actual or suspected unauthorized access, relating to another party's Confidential Information, the Receiving Party shall: (1) promptly provide written notice to Designating Party of such breach; (2) investigate and take reasonable efforts to remediate the effects of the breach, and provide Designating Party with assurances reasonably satisfactory to Designating Party that such breach shall not recur; and (3) provide sufficient information about the breach that the Designating Party can reasonably ascertain the size and scope of the breach. If required by any judicial or governmental request, requirement or order to disclose such information, the Receiving Party shall take all reasonable steps to give the Designating Party sufficient prior notice in order to contest such request, requirement or order through legal means. The Receiving Party agrees to cooperate with the Designating Party or law enforcement in investigating any such security incident. In any event, the Receiving Party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access.

No copies of Confidential Information shall be made except as required for the conduct of this Proceeding and by or on behalf of attorneys of record in this action. Any person making copies of such information shall maintain all copies within their possession or the possession of those entitled to access to such information under this Order. Exhibits containing Confidential Information that are attached to pleadings or motions filed with the court may be retained in counsel's file. Any other copies of Confidential Information shall be destroyed when no longer required for purposes of this Proceeding.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

STIPULATED PROTECTIVE ORDER        8.        Case No. 1:17-cv-00339-DAD-JLT

All information produced in this matter shall be used by the Receiving Party solely for the purpose of prosecuting or defending this Proceeding, and not for, or in connection with, any other cases or disputes, or for any business, commercial, competitive, personal or for any other purpose. Any information listing the names, addresses, or other identifying or contact information for T-Mobile's employees shall not be used by Receiving Parties or their counsel to solicit the participation of the identified individuals in any other complaint, lawsuit, or legal proceedings. Receiving Parties shall not disclose any information produced in the Proceeding to persons other than those specified in Paragraph 5 of this Stipulation without the prior written consent of the Producing Party and a Court order compelling such production. If a Receiving Party is served, at any time during or after the pendency of this matter, a subpoena or Court order seeking disclosure of information produced in the Proceeding, Receiving Party shall immediately notify the Producing Party and await Producing Party's written consent before disclosing any information produced by that Producing Party in the Proceeding.

**8. Signing of Declaration of Confidentiality.**

Each person to whom disclosure is made pursuant to Paragraphs 5(b), 5(f) or 5(g) shall be given a copy of this Stipulation and shall sign a declaration, a copy of which is attached hereto as Exhibit A, prior to receipt of any Confidential Information. Such declaration shall state that the Receiving Party agrees that he or she is bound by the terms of this Stipulation. Nothing contained herein shall limit the duty or obligation of a party to produce information in a timely manner pursuant to the Federal Rules of Civil Procedure or pursuant to any agreed extension by the opposing party's counsel of record. Deponents may be shown Confidential Information during their deposition, but shall not be permitted to keep copies of said Confidential Information nor any portion of the deposition transcript reflecting the Confidential Information.

**9. Destruction of Information.**

At the conclusion of the Proceeding, upon written notice from the Producing Party, all information covered by this Stipulation, and all copies of same, and all information or portions thereof containing information derived from information covered by this Stipulation including any readable reports or output from the physical medium by which Electronically Stored Information

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

STIPULATED PROTECTIVE ORDER 9. Case No. 1:17-cv-00339-DAD-JLT

was transmitted, shall be destroyed as follows:

    a) Within sixty (60) days of the conclusion of this Proceeding, and subject to Sub-paragraphs (d) and (e) below, all Confidential Information, including any and all copies, abstracts, summaries, physical medium by which data was transmitted, and readable reports or output from the physical medium by which data was transmitted, shall be destroyed. Upon written notice from Producing Party, within sixty (60) days of the conclusion of this Proceeding, counsel shall certify, in writing, that any and all such Confidential Information, including any and all copies, abstracts, summaries, physical medium by which data was transmitted, and readable reports or output from the physical medium by which data was transmitted, produced by the opposing party, has been destroyed.

    b) If Confidential Information is furnished to outside experts or consultants pursuant to Paragraph 5(g), the attorney for the party using such expert or consultant shall have the responsibility of ensuring that all such Confidential Information including any and all copies, abstracts, summaries, physical medium by which data was transmitted, and readable reports or output from the physical medium by which data was transmitted, is destroyed, and so certifying in writing as provided in Sub-paragraph (a) above.

    c) If "Confidential Information" or "Highly Confidential-Attorneys' Eyes Only Information" has been loaded into any review database, the attorney for the party using such database shall have the responsibility of ensuring that all such "Confidential Information" and "Highly Confidential-Attorneys' Eyes Only Information" (including all associated images and native files), are extracted from such databases (including any associated staging databases) and destroyed. "Destroyed" shall mean deletion of information from all databases, applications and/or file systems in a manner such that they are not readily accessible without the use of specialized tools or techniques typically used by a forensic expert.

    d) Counsel of record for the parties may retain copies of any part of the Confidential Information and "Highly Confidential-Attorneys' Eyes Only Information" produced by others that has become part of the official record of this Proceeding as well as abstracts or summaries of information that reference Confidential Information and "Highly Confidential-

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

STIPULATED PROTECTIVE ORDER     10.     Case No. 1:17-cv-00339-DAD-JLT

Attorneys' Eyes Only Information" that contain counsel's mental impressions or opinions. Such copies shall remain subject to the terms of this Protective Order.

        e) The parties, counsel of record for the parties, and experts or consultants for a party shall not be required to destroy any Confidential Information and "Highly Confidential-Attorneys' Eyes Only Information" to the extent such information is (i) stored on media that is generally considered not reasonably accessible, such as disaster recovery backup tapes, or (ii) only retrievable through the use of specialized tools or techniques typically used by a forensic expert; provided that to the extent any Confidential Information and "Highly Confidential-Attorneys' Eyes Only Information" is not destroyed due to the foregoing reasons, such Confidential Information and "Highly Confidential-Attorneys' Eyes Only Information" shall remain subject to the confidentiality obligations of this Protective Order.

**10. Disputes Regarding Designation of Confidential Information and Highly Confidential-Attorneys' Eyes Only Information.**

Where disputes arise as to the protected nature of any information, such disputes shall be resolved, if possible, by agreement by and among the parties. The party challenging a confidentiality designation shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. The parties and the non-party who designated the information as confidential shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (by oral dialogue; other forms of communication will not suffice) within 14 days of the date of service of notice. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated information, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

If an agreement cannot be reached within thirty (30) days from a party's receipt of a written request from the Receiving Party that certain information not be designated as "Confidential," the Receiving Party may serve within forty-five (45) days from its giving of the request that certain information not be designated as "Confidential" an appropriate motion requesting that certain

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

STIPULATED PROTECTIVE ORDER    11.    Case No. 1:17-cv-00339-DAD-JLT

information not be designated "Confidential." In any such dispute, the designating party shall bear the burden of persuasion. All motions challenging the designation of information as "Confidential" must be timely brought for hearing before the close of discovery in this matter.

## 11. FRE 502 Privilege Protections

Pursuant to FRE 502(d) and (e), the parties agree to and the Court orders protection of privileged, work-product or otherwise protected Documents and Electronically Stored Information against claims of waiver (including as against third parties and in other federal and state proceedings) as follows:

(a) The disclosure or production, by a Producing Party, of Protected Information, to a Receiving Party, shall in no way constitute the voluntary disclosure of such information.

(b) The disclosure of Protected Information in this action shall not result in the waiver of any privilege, evidentiary protection or other protection associated with such information as to the Receiving Party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind.

(c) If, during the course of this Proceeding, a party determines that any information produced by another party is Protected Information:

(i) the Receiving Party shall: (A) refrain from reading the Protected Information any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure; (B) immediately notify the Producing Party in writing that it has discovered Protected Information; (C) specifically identify the Protected Information by Bates Number range or hash value, and, (D) within ten (10) days of discovery by the Receiving Party, destroy all copies of such Protected Information, along with any notes, abstracts or compilations of the content thereof. To the extent that Protected Information has been loaded into a review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Information extracted from the database. Where such Protected Information cannot be destroyed or separated, it shall not be reviewed, disclosed, or otherwise used by the Receiving Party. Notwithstanding, the Receiving Party is under no obligation to search or review the Producing Party's disclosures or productions to identify Protected Information.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

STIPULATED PROTECTIVE ORDER 12. Case No. 1:17-cv-00339-DAD-JLT

(ii) If the Producing Party intends to assert a claim of privilege or other protection over information identified by the Receiving Party as Protected Information, the Producing Party will, within ten (10) days of receiving the Receiving Party's written notification described above, inform the Receiving Party of such intention in writing and shall provide the Receiving Party with a log for such Protected Information that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. In the event that any portion of the Protected Information does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the Protected Information that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

(d) If, during the course of the above-captioned proceeding (the "Proceeding"), a party determines it has produced Protected Information:

(i) the Producing Party may notify the Receiving Party of such production in writing, and demand the destruction of such information. Such notice shall be in writing, however, it may be delivered orally on the record at a deposition or at a court proceeding, promptly followed up in writing. The Producing Party's written notice will identify the Protected Information produced by Bates Number range or hash value, the privilege or other protection claimed, and the basis for the assertion of the privilege or other protection and shall provide the Receiving Party with a log for such Protected Information that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. In the event that any portion of the identified information does not contain Protected Information, the Producing Party shall also provide to the Receiving Party a redacted copy of the Protected Information that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

(ii) The Receiving Party must, within fourteen (14) days of receiving the Producing Party's written notification described above, destroy the Protected Information and any copies, along with any notes, abstracts or compilations of the content thereof. To the extent that Protected Information has been loaded into a review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Information extracted

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

STIPULATED PROTECTIVE ORDER 13. Case No. 1:17-cv-00339-DAD-JLT

from the database.

    (e) To the extent that Protected Information has already been used in or described in other information generated or maintained by the Receiving Party prior to the date of receipt of written notice by the Producing Party as set forth in Sub-paragraphs (c)(ii) and d(i), the Receiving Party shall sequester such other information until the claim has been resolved. If the Receiving Party disclosed the Protected Information before receiving notice pursuant to this Paragraph, the Receiving Party must take reasonable steps to retrieve the Protected Information.

    (f) The Receiving Party's destruction of Protected Information as provided herein will not act as a waiver of the Requesting Party's right to move for the production of the destroyed information on the grounds that the information is not, in fact, subject to a viable claim of privilege or protection. However, the Receiving Party is prohibited and estopped from arguing that:

    (i) the disclosure or production of the Protected Information acts as a waiver of an applicable privilege or evidentiary protection;

    (ii) the disclosure of the Protected Information was not inadvertent;

    (iii) the Producing Party did not take reasonable steps to prevent the disclosure of the Protected Information; and

    (iv) the Producing Party failed to take reasonable or timely steps to rectify the error pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), or otherwise.

    (g) Either party may submit Protected Information to the Court under seal for a determination of the claim of privilege or other protection. The Producing Party shall preserve the Protected Information until such claim is resolved. The Receiving Party may not use the Protected Information for any purpose absent an Order from this Court.

    (h) Upon a determination by the Court that the Protected Information is protected by the applicable privilege or evidentiary protection, and if the Protected Information has been sequestered rather than destroyed by the Receiving Party, the Protected Information shall destroyed within 10 (ten) days of the Court's Order. The Court may also order the identification by the Receiving Party of Protected Information by search terms or other means.

    (i) Nothing contained herein is intended to, or shall serve to limit a party's right

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

to conduct a review of information (including metadata where applicable), whether stored in electronic, paper, or other tangible form, for relevance and responsiveness, and for the segregation of privileged or otherwise protected information before such information is produced to another party.

**12.    Further Protective Orders.**

Nothing in this Stipulation shall affect any party's right to seek further protective orders under Rule 26(c).

**13.    Enforcement.**

The provisions of this Stipulation may be enforced like any other court order.

**14.    Filing Confidential Information.**

If a party intends to file Confidential Information or Highly Confidential-Attorneys' Eyes Only Information with this Court that has not previously been filed with the Court, it shall first notify all other parties of its intention to do so, to allow the parties to have a discussion as to whether such filings with the Court shall be filed under seal. If Confidential Information or Highly Confidential-Attorneys' Eyes Only Information has previously been filed with the Court, a party may choose to follow the same decision that was made earlier about whether that Information should be filed under seal instead of notifying all other parties. To avoid the unnecessary filing of information under seal, counsel for the parties may request an agreement on the filing of such information, and such agreement will not be unreasonably withheld. Nothing in this Stipulation shall affect any party's right to seek to have information filed under seal, subject to the requirements of Federal Rule 5.2 and Rule 141 of this Court's Local Rules. The Court also retains discretion whether to afford confidential treatment to any Confidential Information or Highly Confidential-Attorneys' Eyes Only Information and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

**15.    Full Force and Effect.**

This Stipulation, until it is entered by the Court, and even if it is never entered by the Court, shall be deemed to be an enforceable agreement between the Parties, except to the extent that it is inconsistent with any Order of the Court. By operation of the parties' agreement and Court Order, the parties are specifically afforded the full protections of FRE 502(d) and (e).

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

STIPULATED PROTECTIVE ORDER        15.        Case No. 1:17-cv-00339-DAD-JLT

This Order will survive the termination of the Proceeding and will continue to be binding upon all persons to whom Highly Confidential-Attorneys' Eyes Only Information, Confidential Information, or Protected Information is produced or disclosed.

This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Date: 4th day of May, 2017.

Respectfully submitted,

ATTORNEYS FOR

Plaintiff,

By____/s/ Gregg Lander_____

Defendant,

By____/s/ Sophia Behnia_____

**ORDER**

IT IS SO ORDERED.

Dated: **May 4, 2017**          **/s/ Jennifer L. Thurston**
                                UNITED STATES MAGISTRATE JUDGE

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

STIPULATED PROTECTIVE ORDER     16.     Case No. 1:17-cv-00339-DAD-JLT

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

EMMANUEL SALGADO, on behalf of himself and all others similarly situated,

Plaintiff,

v.

T-MOBILE USA, INC., a Delaware corporation; and DOES 1 to 100, inclusive,

Defendant.

Case No. 1:17-cv-00339-DAD-JLT
(Kern County Superior Court Case No. BCV-17-100243)

# **DECLARATION AND AGREEMENT TO BE BOUND BY THE STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

1. My name is _____.

I live at _____.

I am employed as _____ (state position) by _____ (state name and address of employer).

2. I am aware that a Confidentiality Stipulation and Agreement and Protective Order (the "Protective Order") has been entered in the above case by the Court, and a copy thereof has been given to me. I have read and understand the terms of the Protective Order. I agree to be bound by the terms of the Protective Order.

3. I promise that information designated as "Confidential" pursuant to the Protective Order in this case will be used by me <u>only</u> in connection with the above captioned Proceeding.

4. I agree to comply with the terms of this Order with regard to identification, sequestering and destruction of Protected Information.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

STIPULATED PROTECTIVE ORDER 17. Case No. 1:17-cv-00339-DAD-JLT

5. I understand that any use or disclosure of information obtained by me from Confidential Information or Protected Information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt by this Court.

6. I agree to submit myself to the personal jurisdiction of the above-captioned Court in connection with any proceedings concerning the Protective Order.

_____
(Signature of Declarant)

SUBSCRIBED AND SWORN to before me this \_\_\_\_\_ day of _____, _____.

_____
Notary Public

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

STIPULATED PROTECTIVE ORDER 18. Case No. 1:17-cv-00339-DAD-JLT