Kevin T. Barnes, Esq. (#138477)
Gregg Lander, Esq. (#194018)
LAW OFFICES OF KEVIN T. BARNES
5670 Wilshire Boulevard, Suite 1460
Los Angeles, CA 90036-5664
Tel.: (323) 549-9100 / Fax: (323) 549-0101
Email: Barnes@kbarnes.com

Attorneys for Plaintiff EMMANUEL SALGADO,
on behalf of himself and all others similarly situated

**Additional Counsel on Next Page**

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMANUEL SALGADO, on behalf of himself and all others similarly situated,<br><br>          Plaintiffs,<br><br>          v.<br><br>T-MOBILE USA, INC., a Delaware corporation; and DOES 1 to 100, inclusive,<br><br>          Defendants. | **CLASS ACTION**<br><br>Case No.: 1:17-cv-00339-JLT<br><br>**[PROPOSED]**<br>**FIRST AMENDED COMPLAINT FOR:**<br><br>1. **FAILURE TO PAY OVERTIME WAGES AT THE LEGAL OVERTIME PAY RATE;**<br>2. **FAILURE TO PAY ALL WAGES;**<br>3. **FAILURE TO PROVIDE ALL MEAL PERIODS;**<br>4. **FAILURE TO AUTHORIZE AND PERMIT ALL PAID REST PERIODS;**<br>5. **FAILURE TO PAY PREMIUM WAGES AT THE LEGAL PAY RATE;**<br>6. **FAILURE TO FULLY REIMBURSE WORK EXPENSES;**<br>7. **FAILURE TO PAY PAID TIME OFF PAY;**<br>8. **FAILURE TO MAINTAIN REQUIRED RECORDS;**<br>9. **DERIVATIVE FAILURE TO TIMELY FURNISH ACCURATE ITEMIZED WAGE STATEMENTS;**<br>10. **DERIVATIVE VIOLATIONS OF LABOR CODE §203;**<br>11. **INDEPENDENT VIOLATIONS OF LABOR CODE §203;**<br>12. **PENALTIES PURSUANT TO LABOR CODE §2699; AND**<br>13. **UNFAIR BUSINESS PRACTICES**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Honorable Jennifer L. Thurston<br><br>Action filed: February 3, 2017<br>Trial Date: None Set |

**- 1 -**

**_Additional Counsel for Plaintiffs:_**

Raphael A. Katri, Esq. (#221941)
LAW OFFICES OF RAPHAEL A. KATRI
8549 Wilshire Boulevard, Suite 200
Beverly Hills, CA 90211-3104
Tel.: (310) 940-2034 / Fax: (310) 733-5644
Email: RKatri@socallaborlawyers.com

Attorneys for Plaintiff EMMANUEL SALGADO
on behalf of himself and all others similarly situated

Dennis F. Moss Esq. (#77512)
Ari E. Moss, Esq. (#238579)
MOSS BOLLINGER, LLP
15300 Ventura Boulevard, Suite 207
Sherman Oaks, CA 91403
Tel: (310) 773-0323 / Fax: (310) 861-0389
Email: Dennis@dennismosslaw.com

Attorneys for Plaintiff DAVID GARCIA
individually and on behalf of all others similarly situated

Nazo Koulloukian, Esq. (#263809)
KOUL LAW FIRM
3435 Wilshire Boulevard, Suite 1710
Los Angeles, CA 90010
Tel: (213) 761-5484 / Fax: (818) 561-3938
Email: Nazo@koullaw.com

Attorneys for Plaintiff ANDRE WONG
on behalf of himself and all aggrieved employees

Sahag Majarian II, Esq. (SBN 146621)
LAW OFFICES OF SAHAG MAJARIAN II
18250 Ventura Boulevard
Tarzana, CA 91356
Tel: (818) 609-0807 / Fax: (818) 609-0892
Email: SahagII@aol.com

Attorneys for Plaintiff DAVID GARCIA
individually and on behalf of all others similarly situated and Plaintiff
ANDRE WONG on behalf of himself and all aggrieved employees

Matthew J. Matern, Esq. (#159798)
Joshua D. Boxer, Esq (#226712)
MATERN LAW GROUP, PC
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, CA 90266
Tel: (310) 531-1900 / Fax: (310) 531-1901
Email: MMatern@maternlawgroup.com

Attorneys for Plaintiff GAEL F. GROB
individually and on behalf of all others similarly situated

Plaintiffs EMMANUEL SALGADO, DAVID GARCIA, ANDRE WONG, and GAEL F. GROB, individuals on behalf of themselves and all others similarly situated (hereinafter collectively referred to as "the Named Plaintiffs"), hereby file this First Amended Complaint against Defendants T-MOBILE USA, INC., T-MOBILE US, INC., METROPCS COMMUNICATIONS, INC. and DOES 1 to 100 (hereinafter collectively referred to as "Defendants"). Plaintiffs are informed and believe, and on the basis of that information and belief, allege as follows:

## I.

## INTRODUCTION

1.       Pursuant to Federal Rule of Civil Procedure ("FRCP") Rule 23, Plaintiffs institute this Class Action and Private Attorney General action for actual damages, liquidated damages, statutory penalties, restitution, attorneys' fees and the costs of this action against Defendants for multiple violations of the California Labor Code ("Labor Code"), California Business and Professions Code ("B&PC") §17000 et seq. and §17200, et seq., the applicable Wage Order(s) issued by the California Industrial Welfare Commission (hereinafter, the "IWC Wage Order(s)"), and related common law principles.

2.       Plaintiffs' action seeks monetary damages, including full restitution and penalties from Defendants as a result of Defendants' unlawful, fraudulent and/or unfair business practices.

3.       The acts complained of herein occurred, occur and will occur, at least in part, within the time period from four (4) years preceding the filing of the original Complaint herein, up to and through the time of trial for this matter although this should not automatically be considered the statute of limitations for any cause of action herein.

RELEVANT JOB TITLES

4.       For introductory and general information only (and not to be considered a proposed class definition), the relevant job titles held by the

**SALGADO V. T-MOBILE USA. INC. - FIRST AMENDED COMPLAINT**

California citizens in this action are Defendants' hourly-paid employees who were subjected to Defendants' policies and practices as described herein (hereafter, including but not limited to Retail Sales Associate, Mobile Experts, Sales Leads, Retail Associate Managers, and/or Retail Store Managers). Any differences in job activities between the different individuals in these positions were and are legally insignificant to the issues presented by this action.

SUMMARY OF CLAIMS

5.    With regard to Defendants' hourly-paid employees, Defendants have:

a.    Failed to pay overtime wages at the appropriate overtime pay rate;

b.    Failed to pay straight time, minimum, overtime, and/or commission wages for all hours worked in a timely manner;

c.    Failed to provide executed commission agreements;

d.    Failed to provide all legally-requisite meal periods;

e.    Failed to authorize and permit all paid rest periods;

f.    Failed to pay meal and/or rest premium wages at the legal pay rate;

g.    Failed to reimburse for all work-related expenses;

h.    Failed to pay all accrued paid time off pay;

i.    Failed to maintain required records;

j.    Failed to timely furnish accurate itemized wage statements;

k.    Derivatively violated Labor Code §203;

l.    Independently violated Labor Code §203;

m.   Incurred penalties pursuant to Labor Code §§2698, et seq.; and

n.    Conducted unfair business practices.

## II.

## PARTIES

PLAINTIFFS

6.    Plaintiff EMMANUEL SALGADO is an individual over the age of eighteen (18) and is now and/or at all times mentioned in this Complaint was a

**SALGADO V. T-MOBILE USA. INC. - FIRST AMENDED COMPLAINT**

citizen of the State of California. Plaintiff EMMANUEL SALGADO worked for Defendants as an hourly-paid Retail Sales Associate and hourly-paid Retail Associate Manager from approximately November 2010 to August 10, 2016 in Bakersfield, California.

7.      Plaintiff GAEL F. GROB is an individual over the age of eighteen (18) and is now and/or at all times mentioned in this Complaint was a citizen of the State of California. Plaintiff GAEL F. GROB worked for Defendants as an hourly-paid Mobile Expert (formerly known as Retail Sales Associate) from approximately May 2015 to April 2019 in Santa Clarita, California.

8.      Plaintiff DAVID GARCIA is an individual over the age of eighteen (18) and is now and/or at all times mentioned in this Complaint was a citizen of the State of California. Plaintiff DAVID GARCIA worked for Defendants as an hourly-paid Retail Sales Associate from approximately February 2008 to November 2015 in Covina, California.

9.      Plaintiff DAVID GARCIA is an individual over the age of eighteen (18) and is now and/or at all times mentioned in this Complaint was a citizen of the State of California. Plaintiff DAVID GARCIA worked for Defendants as an hourly-paid Retail Sales Associate from approximately February 2008 to November 2015 in Covina, California.

10.     Plaintiff ANDRE WONG is an individual over the age of eighteen (18) and is now and/or at all times mentioned in this Complaint was a citizen of the State of California. Plaintiff ANDRE WONG worked for Defendants as an hourly-paid Mobile Expert (formerly known as Retail Sales Associate) from approximately September 2010 to September 2018 in Montclair, California.

11.     The named Plaintiffs seek recovery herein from Defendants because with regard to the named Plaintiffs, while acting for Defendants in their capacity as hourly-paid employees, Defendants have:

        a.    Failed to pay overtime wages at the appropriate overtime pay rate;

b.  Failed to pay straight time, minimum, overtime, and/or commission wages for all hours worked in a timely manner;

c.  Failed to provide executed commission agreements;

d.  Failed to provide all legally-requisite meal periods;

e.  Failed to authorize and permit all paid rest periods;

f.  Failed to pay meal and/or rest premium wages at the legal pay rate;

g.  Failed to reimburse for all work-related expenses;

h.  Failed to pay all accrued paid time off pay;

i.  Failed to maintain required records;

j.  Failed to timely furnish accurate itemized wage statements;

k.  Derivatively violated Labor Code §203;

l.  Independently violated Labor Code §203;

m.  Incurred penalties pursuant to Labor Code §§2698, et seq.; and

n.  Conducted unfair business practices.

DEFENDANTS, T-MOBILE USA, INC., T-MOBILE US, INC., METROPCS COMMUNICATIONS, INC.

12.     Defendants T-MOBILE USA, INC., T-MOBILE US, INC., METROPCS COMMUNICATIONS, INC. are now and/or at all times mentioned in this Complaint were Delaware corporations and the owners and operators of an industry, business and/or facility licensed to do business and actually doing business in the State of California.

DOES 1 TO 100, INCLUSIVE

13.     DOES 1 to 100, inclusive are now, and/or at all times mentioned in this Complaint were licensed to do business and/or actually doing business in California.

14.     Plaintiffs do not know the true names or capacities, whether individual, partner or corporate, of DOES 1 to 100, inclusive and for that reason, DOES 1 to 100 are sued under such fictitious names pursuant to California Code of

**SALGADO V. T-MOBILE USA. INC. - FIRST AMENDED COMPLAINT**

Civil Procedure ("CCP") §474.

15.    Plaintiffs will seek leave of court to amend this Complaint to allege such names and capacities as soon as they are ascertained.

ALL DEFENDANTS

16.    Defendants, and each of them, are now and/or at all times mentioned in this Complaint were in some manner legally responsible for the events, happenings and circumstances alleged in this Complaint.

17.    Defendants, and each of them, proximately subjected Plaintiffs to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.

18.    Defendants, and each of them, are now and/or at all times mentioned in this Complaint were the agents, servants and/or employees of some or all other Defendants, and vice-versa, and in doing the things alleged in this Complaint, Defendants are now and/or at all times mentioned in this Complaint were acting within the course and scope of that agency, servitude and/or employment.

19.    Defendants, and each of them, are now and/or at all times mentioned in this Complaint were members of and/or engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuance of said joint venture, partnership and common enterprise.

20.    Defendants, and each of them, at all times mentioned in this Complaint concurred and contributed to the various acts and omissions of each and every one of the other Defendants in proximately causing the complaints, injuries and/or damages alleged in this Complaint.

21.    Defendants, and each of them, at all times mentioned in this Complaint approved of, condoned and/or otherwise ratified each and every one of the acts and/or omissions alleged in this Complaint.

22.    Defendants, and each of them, at all times mentioned in this Complaint aided and abetted the acts and omissions of each and every one of the

other Defendants thereby proximately causing the damages alleged in this Complaint.

## III.

## JURISDICTION AND VENUE

23.     This Court has jurisdiction in this matter due to Defendant's March 7, 2017 removal based on the Class Action Fairness Act of 2005.

## IV.

## CLASS ACTION ALLEGATIONS

24.     FRCP 23(a) states: "One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."

25.     Further, CCP §382 provides in pertinent part: "…[W]hen the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all."

26.     Plaintiffs bring this suit as a class action pursuant to FRCP 23 and CCP §382, on behalf of individuals who are entitled to the monies unlawfully withheld by Defendants.

27.     The putative classes Plaintiffs will seek to certify are currently composed of and defined as follows:

   a.   All California citizens employed by Defendants as hourly-paid employees (as defined, supra) during the appropriate time period who were subjected to Defendants' policies and practices regarding the calculation of overtime pay as specifically described herein (hereinafter, the "Overtime Rate Class");

**SALGADO V. T-MOBILE USA. INC. - FIRST AMENDED COMPLAINT**

b. All California citizens employed by Defendants as hourly-paid employees (as defined, supra) during the appropriate time period who were subjected to Defendants' policies and practices regarding the payment of straight time, minimum, overtime, and/or commission wages as specifically described herein (hereinafter, the "Wage Class");

c. All California citizens employed by Defendants as hourly-paid employees (as defined, supra) during the appropriate time period who were subjected to Defendants' policies and practices regarding meal periods as specifically described herein (hereinafter, the "Meal Period Class");

d. All California citizens employed by Defendants as hourly-paid employees (as defined, supra) during the appropriate time period who were subjected to Defendants' policies and practices regarding paid rest periods as specifically described herein (hereinafter, the "Rest Period Class");

e. All California citizens employed by Defendants as hourly-paid employees (as defined, supra) during the appropriate time period who were subjected to Defendants' policies and practices regarding the payment of meal and/or rest period premiums as specifically described herein (hereinafter, the "Premium Rate Class");

f. All California citizens employed by Defendants as hourly-paid employees (as defined, supra) during the appropriate time period who were subjected to Defendants' policies and practices regarding business expense reimbursement as specifically described herein (hereinafter, the "Reimbursements Class");

g. All California citizens employed by Defendants as hourly-paid

SALGADO V. T-MOBILE USA. INC. - FIRST AMENDED COMPLAINT

employees (as defined, supra) during the appropriate time period who were subjected to Defendants' policies and practices regarding the paid time off pay, as specifically described herein (hereinafter, the "PTO Class");

h.  All California citizens employed by Defendants as hourly-paid employees (as defined, supra) during the appropriate time period who were subjected to Defendants' policies and practices regarding the maintenance of payroll records as specifically described herein (hereinafter, the "Payroll Records Class");

i.  All California citizens employed by Defendants as hourly-paid employees (as defined, supra) during the appropriate time period who were subjected to Defendants' policies and practices regarding itemized wage statements as specifically described herein (hereinafter, the "Wage Statement Class");

j.  All formerly-employed California citizens employed by Defendants as hourly-paid employees (as defined, supra) during the appropriate time period who were derivatively subjected to Defendants' policies and practices regarding Labor Code §203 and the payment of final wages as specifically described herein (hereinafter, the "Derivative LC 203 Class"); and

k.  All formerly-employed California citizens employed by Defendants as hourly-paid employees (as defined, supra) during the appropriate time period who were independently subjected to Defendants' policies and practices regarding Labor Code §203 and the payment of final wages as specifically described herein (hereinafter, the "Independent LC 203 Class"); and

l.  All California citizens employed by Defendants as hourly-paid employees (as defined, supra) during the appropriate time period

regarding whom Defendants have engaged in unlawful, unfair and/or fraudulent business acts or practices prohibited by B&PC §17200, et seq. as specifically described herein (hereinafter, the "17200 Class").

28.   The Overtime Rate Class, Wage Class, Meal Period Class, Rest Period Class, Premium Rate Class, Reimbursements Class, PTO Class, Payroll Records Class, Wage Statement Class, Derivative LC 203 Class, Independent LC 203 Class and 17200 Class are herein collectively referred to as the "Classes."

29.   Throughout discovery in this litigation, Plaintiffs may find it appropriate and/or necessary to amend the definition of the Classes. Plaintiffs will formally define and designate a class definition at such time when Plaintiffs seek to certify the Classes alleged herein.

30.   Numerosity (FRCP 23(a)(1)); (CCP §382):

   a.   The potential quantity of members of the Classes as defined is so numerous that joinder of all members would be unfeasible and impractical.

   b.   The disposition of the claims of the members of the Classes through this class action will benefit both the parties and this Court.

   c.   The quantity of members of the Classes is unknown to Plaintiffs at this time; however, it is estimated that each of the Classes numbers greater than 100 individuals.

   d.   The quantity and identity of such membership is readily ascertainable via inspection of Defendants' records.

31.   Questions of Law or Fact Common To The Class (FRCP 23(a)(2)): There are common questions of law and/or fact as to the members of the Classes which predominate over questions affecting only individual members of the Classes, including, without limitation:

**SALGADO V. T-MOBILE USA. INC. - FIRST AMENDED COMPLAINT**

a. Whether Defendants paid all overtime wages owed to the members of the Overtime Rate Class at the appropriate overtime pay rate;

b. Whether Defendants paid the legal and appropriate straight time pay, minimum wage pay, overtime pay and/or commission pay for all work hours and work performed to the members of the Wage Class and/or paid those wages timely;

c. Whether Defendants failed and continue to fail to provide legally-requisite meal periods to the members of the Meal Period Class in violation of the Labor Code and Section 11 of the IWC Wage Orders;

d. Whether Defendants failed and continue to fail to authorize and permit paid rest periods to the members of the Rest Period Class in violation of the Labor Code and Section 12 of the IWC Wage Orders;

e. Whether Defendants paid the legal and appropriate pay rate for meal and/or rest period premiums to the members of the Premium Rate Class;

f. Whether Defendants failed to fully reimburse for all work-related expenses incurred by the members of the Reimbursements Class;

g. Whether Defendants paid the appropriate accrued paid time off pay to the members of the PTO Class;

h. Whether Defendants failed to properly maintain required payroll records;

i. Whether Defendants failed to timely furnish accurate, itemized and legal wage statements to the members of the Wage Statement Class;

j. Whether Defendants are derivatively liable pursuant to Labor Code §203 to the members of the Derivative LC 203 Class;

**SALGADO V. T-MOBILE USA. INC. - FIRST AMENDED COMPLAINT**

k.  Whether Defendants are independently liable pursuant to <u>Labor</u> <u>Code</u> §203 to the members of the Independent LC 203 Class;

l.  Whether the members of the Classes are entitled to penalties pursuant to <u>Labor Code</u> §§2698, et seq.;

m.  Whether Defendants' conduct constitutes unfair competition within the meaning of <u>B&PC</u> §17200, et seq.;

n.  Whether Defendants' conduct constitutes unfair business practices within the meaning of <u>B&PC</u> §17200, et seq.;

o.  Whether the members of the Classes are entitled to compensatory damages, and if so, the means of measuring such damages;

p.  Whether the members of the Classes are entitled to restitution; and

q.  Whether Defendants are liable for attorneys' fees and costs.

32.  <u>Typicality</u> (<u>FRCP</u> 23(a)(3)): The claims of the Named Plaintiffs are typical of the claims of all members of the represented Classes because all members of the Classes sustained injuries and damages arising out of Defendants' common course of conduct in violation of law and the injuries and damages of all members of the Classes were caused by Defendants' wrongful conduct in violation of law, as alleged herein.

33.  <u>Adequacy</u> (<u>FRCP</u> 23(a)(4)): The Named Plaintiffs:

a.  will adequately represent the members of the Classes;

b.  will fairly protect the interests of the members of the Classes;

c.  possess no interests antagonistic to the members of the Classes; and

d.  will vigorously pursue this suit via attorneys who are competent, skilled and experienced in litigating matters of this type.

34.  <u>Superiority</u> (<u>FRCP</u> 23(b)); (<u>CCP</u> §382): The nature of this action and the nature of the laws available to Plaintiffs make the use of the class action format particularly efficient and the appropriate procedure to afford relief to Plaintiffs for

the wrongs alleged herein. Further, this action is maintainable as a class action because the prerequisites of <u>FRCP</u> 23(a) are satisfied as outlined above, and in addition:

    a. California has a public policy which encourages the use of the class action device;

    b. By establishing a technique whereby the claims of many individuals can be resolved at the same time, the class suit both eliminates the possibility of repetitious litigation and provides small claimants with a method of obtaining redress for claims which would otherwise be too small to warrant individual litigation;

    c. This case involves a small number of large corporate Defendants and a large number of individual Class members with many relatively small claims and common issues of law and fact;

    d. If each individual member of each of the Classes was required to file an individual lawsuit, the large corporate Defendants would necessarily gain an unconscionable advantage because Defendants would be able to exploit and overwhelm the limited resources of each individual member of the Classes with Defendants' vastly superior financial and legal resources;

    e. Requiring each individual member of each of the Classes to pursue an individual remedy would also discourage the assertion of lawful claims by the members of the Classes who would be disinclined to pursue an action against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being;

    f. Proof of a common business practice or factual pattern, of which the members of the Classes experienced, is representative of the

**SALGADO V. T-MOBILE USA. INC. - FIRST AMENDED COMPLAINT**

Classes herein and will establish the right of each of the members of the Classes to recover on the causes of action alleged herein;

g.  Absent class treatment, the prosecution of separate actions by the individual members of the Classes, even if possible, would likely create:

i)  a substantial risk of each individual plaintiff presenting in separate, duplicative proceedings the same or essentially similar arguments and evidence, including expert testimony;

ii)  a multiplicity of trials conducted at enormous expense to both the judicial system and the litigants;

iii) inconsistent or varying verdicts or adjudications with respect to the individual members of the Classes against Defendants; and

iv) potentially incompatible standards of conduct for Defendants;

v)  potentially incompatible legal determinations with respect to individual members of the Classes which would, as a practical matter, be dispositive of the interest of the other members of the Classes who are not parties to the adjudications or which would substantially impair or impede the ability of the members of the Classes to protect their interests.

h.  The claims of the individual members of the Classes are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attending thereto; and

i.  Courts seeking to preserve efficiency and other benefits of class actions routinely fashion methods to manage any individual questions. The Supreme Court of California urges trial courts to be procedurally innovative in managing class actions, which have an obligation to consider the use of innovative procedural tools to

**SALGADO V. T-MOBILE USA. INC. - FIRST AMENDED COMPLAINT**

certify a manageable class.

35.    Whether each member of the Classes might be required to ultimately justify an individual claim does not preclude maintenance of a class action (see, e.g. <u>Collins v. Rocha</u> (1972) 7 Cal.3d 232, 238); <u>Pulaski & Middleman, LLC v. Google, Inc.</u> (9th Cir. 2015 802 F.2d 979, 986-87).

**V.**

**<u>CAUSES OF ACTION</u>**

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY OVERTIME WAGES**

**AT THE LEGAL OVERTIME PAY RATE**

**(On Behalf of the Overtime Rate Class)**

**(Against All Defendants)**

36.    Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

37.    <u>Labor Code</u> §510(a) states in pertinent part: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek … shall be compensated at the rate of no less than one and one-half times the regular rate of pay for any employee."

38.    The "regular rate of pay" includes "all [applicable] remuneration paid to, or on behalf of the employee." See, e.g., 29 U.S.C. §207(3). The California Industrial Welfare Commission applies this standard for determining an employee's regular rate of pay for overtime calculation purposes.

39.    <u>Labor Code</u> §§1194(a) states: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's

fees, and costs of suit."

40.    Defendants, as a matter of established company policy and procedure, at each and every one of the individual facilities owned and/or operated by Defendants, consistently:

      a.  Administered a uniform company policy and practice regarding the payment of wages, including overtime and bonuses, to the members of the Overtime Rate Class;

      b.  Scheduled and/or required the members of the Overtime Rate Class to work in excess of eight (8) hours per workday and/or in excess of forty (40) hours per workweek;

      c.  Paid the members of the Overtime Rate Class nondiscretionary commissions based on sales and other earnings, including but not limited to "Com Currnt Mo" payments;

      d.  Also paid the members of the Overtime Rate Class in the form of nondiscretionary prizes and/or manufacturers' products as compensation;

      e.  Failed to pay the members of the Overtime Rate Class for all work accomplished in excess of forty (40) hours per week at the appropriate overtime rate, reflecting all applicable forms of remuneration, including but not limited to said commissions and prizes, as required by law.

41.    Defendants' pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement, pursuant to Labor Code §218 and Labor Code §1194(a), to recovery by the members of the Overtime Rate Class, in a civil action, for the unpaid balance of the full amount of the overtime premiums owing.

42.    That calculation of individual damages for the members of the Overtime Rate Class may at some point be required does not foreclose the

possibility of taking common evidence on questions regarding their entitlement to overtime compensation (see, e.g. Collins v. Rocha (1972) 7 Cal.3d 232; Hypolite v. Carleson (1975) 52 Cal.App.3d 566; Employment Development Dept. v. Superior Court (1981) 30 Cal.3d 256).

43.    Pursuant to Labor Code §218.6, Labor Code §1194(a) and CCP §3287, the members of the Overtime Rate Class seek recovery of pre-judgment interest on all amounts recovered herein.

44.    Pursuant to Labor Code §218.5 and/or Labor Code §1194, the members of the Overtime Rate Class request that the Court award reasonable attorneys' fees and costs incurred by them in this action.

**SECOND CAUSE OF ACTION**

**FAILURE TO PAY ALL WAGES**

**(On Behalf of the Wage Class)**

**(Against All Defendants)**

45.    Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

46.    Labor Code §510(a) states in pertinent part: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek … shall be compensated at the rate of no less than one and one-half times the regular rate of pay for any employee."

47.    Labor Code §1182.12, effective July 1, 2014, states: "Notwithstanding any other provision of this part, on and after July 1, 2014, the minimum wage for all industries shall be not less than nine dollars ($9) per hour, and on and after January 1, 2016, the minimum wage for all industries shall be not less than ten dollars ($10) per hour." Further, pursuant to Labor Code §1182.12(b)(1)(A), for any employer who employs 26 or more employees, the minimum wage shall be as follows: "From January 1, 2017, to December 31, 2017, inclusive, - ten dollars and

fifty cents ($10.50) per hour." Pursuant to <u>Labor Code</u> §1182.12(b)(1)(B), for any employer who employs 26 or more employees, the minimum wage shall be as follows: "From January 1, 2018, to December 31, 2018, inclusive, - eleven dollars ($11) per hour." Pursuant to <u>Labor Code</u> §1182.12(b)(1)(C), for any employer who employs 26 or more employees, the minimum wage shall be as follows: "From January 1, 2019, to December 31, 2019, inclusive, - twelve dollars ($12) per hour." Pursuant to <u>Labor Code</u> §1182.12(b)(1)(D), for any employer who employs 26 or more employees, the minimum wage shall be as follows: "From January 1, 2020, to December 31, 2020, inclusive, - thirteen dollars ($13) per hour." Pursuant to <u>Labor Code</u> §1182.12(b)(1)(E), for any employer who employs 26 or more employees, the minimum wage shall be as follows: "From January 1, 2021, to December 31, 2021, inclusive, - fourteen dollars ($14) per hour." Finally, pursuant to <u>Labor Code</u> §1182.12(b)(1)(F), for any employer who employs 26 or more employees, the minimum wage shall be as follows: "From January 1, 2022, and until adjusted by subdivision (c) - fifteen dollars ($15) per hour."

48.     <u>Labor Code</u> §§1194(a) states: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

49.     Further, pursuant to <u>Labor Code</u> §1197, payment of less than the minimum wage fixed by the Labor Commission is unlawful.

50.     Pursuant to <u>Labor Code</u> §1198, it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission or under conditions prohibited by the <u>IWC Wage Order(s)</u>.

51.     Pursuant to the <u>IWC Wage Order(s)</u>, Defendants are required to pay the members of the Wage Class for all hours worked, meaning the time during

which an employee is subject to the control of an employer, including all the time the employee is suffered or permitted to work, whether or not required to do so.

52.    Defendants, as a matter of established company policy and procedure, at each and every one of the individual facilities owned and/or operated by Defendants, consistently:

      a.    Administered a uniform company policy and practice as to the pay policies regarding the members of the Wage Class;

      b.    Failed to timely pay the members of the Wage Class for all straight time, minimum wage, overtime, commissions, hours worked and/or work performed, including but not limited to such tasks as responding to GroupMe texts, scheduling, picking up devices, making telephone calls, performing overrides/exchanges, submitting reports, management calls, and/or Small Business Prep, and as such,

      c.    Scheduled to work and/or required the members of the Wage Class to work without paying for all time they were under Defendants' control.

53.    Because Defendants required the members of the Wage Class to remain under Defendants' control without paying therefore, this resulted in the members of the Wage Class earning less than the legal minimum wage in the State of California.

54.    Defendants' pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement, pursuant to Labor Code §218, to recovery by Plaintiffs and the members of the Wage Class, in a civil action, of the unpaid balance of the full amount of wages owing, calculated at the appropriate rate.

55.    Further, Defendants' pattern and practice in uniform administration of corporate policy regarding Defendants' failure to pay the legal minimum wage to

**SALGADO V. T-MOBILE USA. INC. - FIRST AMENDED COMPLAINT**

the members of the  Wage Class as described herein is unlawful and creates entitlement, pursuant to <u>Labor Code</u> §1194(a), to recovery by the members of the Wage Class, in a civil action, for the unpaid balance of the full amount of the unpaid minimum wages owed, calculated as the difference between the straight time compensation paid and the applicable minimum wage, including interest thereon.

56.    Pursuant to <u>Labor Code</u> §1194.2(a) (which provides that in any action under <u>Labor Code</u> §1194, an employee shall be entitled to recover liquidated damages), the members of the Wage Class seek recovery of liquidated damages on the straight-time portion of uncompensated hours of work (not including the overtime portion thereof) in an amount equal to the wages unlawfully unpaid and interest thereon.

57.    That calculation of individual damages for the members of the Wage Class may at some point be required does not foreclose the possibility of taking common evidence on questions regarding their entitlement to overtime compensation (see, e.g. <u>Collins v. Rocha </u>(1972) 7 Cal.3d 232; <u>Hypolite v. Carleson</u> (1975) 52 Cal.App.3d 566; <u>Employment Development Dept. v. Superior Court</u> (1981) 30 Cal.3d 256).

58.    Pursuant to <u>Labor Code</u> §218.6, <u>Labor Code</u> §1194(a) and <u>CCP</u> §3287, the members of the Wage Class seek recovery of pre-judgment interest on all amounts recovered herein.

59.    Pursuant to <u>Labor Code</u> §218.5 and/or <u>Labor Code</u> §1194, the members of the Wage Class request that the Court award reasonable attorneys' fees and costs incurred by them in this action.

///

///

///

///

**THIRD CAUSE OF ACTION**

**FAILURE TO PROVIDE ALL MEAL PERIODS**

**(On Behalf of the Meal Period Class)**

**(Against All Defendants)**

60.    Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

61.    <u>Labor Code</u> §226.7(b) provides that "An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health."

62.    <u>Labor Code</u> §512 provides that "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

63.    <u>Labor Code</u> §516 provides that the Industrial Welfare Commission "may adopt or amend working condition orders with respect to break periods, meal periods, and days of rest for any workers in California consistent with the health and welfare of those workers."

64.    Section 11(C) of the <u>IWC Wage Orders</u> provides that "Unless the employee is relieved of all duty during a 30 minute meal period, the meal period

shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

65.    Section 11(D) of the IWC Wage Order(s) provides that "If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

66.    On one or more occasions, the members of the Meal Period Class worked over five (5) hours per shift and therefore were entitled to a meal period of not less than thirty (30) minutes prior to exceeding five (5) hours of employment.

67.    Further, on one or more occasions, some members of the Meal Period Class worked over ten (10) hours per shift and therefore were entitled to a second meal period of not less than 30 minutes.

68.    The members of the Meal Period Class did not validly or legally waive their meal periods, by mutual consent with Defendants or otherwise.

69.    The members of the Meal Period Class did not enter into any written agreement with Defendants agreeing to an on-the-job paid meal period.

70.    As a matter of Defendants' established company policy, Defendants failed to always comply with the meal period requirements established by Labor Code §226.7, Labor Code §512, Labor Code §516 and Section 11 of the IWC Wage Order(s) by failing to always provide the members of the Meal Period Class with a first and in some cases a second legally compliant meal period.

71.    Pursuant to Section 11(D) of the IWC Wage Order(s) and Labor Code §226.7(c), which states "If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an

applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.," the members of the Meal Period Class are entitled to damages in an amount equal to one (1) additional hour of pay at each employee's regular rate of compensation for each work day that the meal period was not provided, in a sum to be proven at trial.

72.    Pursuant to <u>Labor Code</u> §218.6 and <u>CCP</u> §3287, the members of the Meal Period Class seek recovery of pre-judgment interest on all amounts recovered herein.

## FOURTH CAUSE OF ACTION
## FAILURE TO AUTHORIZE AND PERMIT ALL PAID REST PERIODS
### (On Behalf of the Rest Period Class)
### (Against All Defendants)

73.    Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

74.    <u>Labor Code</u> §226.7(b) provides that "An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health."

75.    <u>Labor Code</u> §516 provides that the Industrial Welfare Commission "may adopt or amend working condition orders with respect to break periods, meal periods, and days of rest for any workers in California consistent with the health and welfare of those workers."

///

76.     Section 12(A) of the <u>IWC Wage Order(s)</u> states: "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

77.     Section 12(B) of the <u>IWC Wage Order(s)</u> states: "If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

78.     The members of the Rest Period Class sometimes worked over four (4) hours per shift and therefore were entitled to a rest period of not less than ten (10) minutes prior to exceeding four (4) hours of employment.

79.     As a matter of Defendants' established company policy, Defendants failed to always authorize and permit the required rest periods established by <u>Labor Code</u> §226.7 and <u>Labor Code</u> §516 and Section 12 of the <u>IWC Wage Order(s)</u>.

80.     Pursuant to Section 12 of the <u>IWC Wage Order(s)</u> and <u>Labor Code</u> §226.7(b) which states "if an employer fails to provide an employee a meal or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided," the members of the Rest Period Class are entitled to damages in an amount equal to one (1) additional hour of pay at each employee's regular rate of compensation for each work day that the rest period was not so provided.

81.    Pursuant to Labor Code §218.6 and CCP §3287, the members of the Rest Period Class seek recovery of pre-judgment interest on all amounts recovered herein.

82.    Pursuant to Labor Code §218.5, the members of the Rest Period Class request that the Court award reasonable attorneys' fees and costs incurred by them in this action.

## FIFTH CAUSE OF ACTION
## FAILURE TO PAY PREMIUM WAGES AT THE LEGAL PAY RATE
### (On Behalf of the Premium Rate Class)
### (Against All Defendants)

83.    Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

84.    Labor Code §516 provides that the Industrial Welfare Commission "may adopt or amend working condition orders with respect to break periods, meal periods, and days of rest for any workers in California consistent with the health and welfare of those workers."

85.    Section 11(C) of the IWC Wage Orders provides that "Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

86.    Section 11(D) of the IWC Wage Order(s) provides that "If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that

the meal period is not provided."

87.    Section 12(A) of the IWC Wage Order(s) states: "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

88.    Section 12(B) of the IWC Wage Order(s) states: "If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

89.    The "regular rate of pay" includes "all [applicable] remuneration paid to, or on behalf of the employee." See, e.g., 29 U.S.C. §207(3). The California Industrial Welfare Commission applies this standard for determining an employee's regular rate of pay for overtime calculation purposes.

90.    As a matter of Defendants' established company policy, Defendants failed to always comply with the meal and/or rest period requirements established by Labor Code §226.7, Labor Code §512, Labor Code §516 and Section 11 and/or 12 of the IWC Wage Order(s).

91.    Pursuant to Section 11(D) and/or Section 12 of the IWC Wage Order(s) and Labor Code §226.7(b)/(c), which states "if an employer fails to provide an employee a meal or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided," the members of the

Premium Rate Class were entitled to damages in an amount equal to one (1) additional hour of pay at each employee's regular rate of compensation for each work day that a meal and/or rest period was not provided, in a sum to be proven at trial.

92.    However, Defendants, as a matter of established company policy and procedure, at each and every one of the individual facilities owned and/or operated by Defendants, consistently:

      a.    Administered a uniform company policy and practice regarding the payment of wages, including premium pay, to the members of the Premium Rate Class;

      b.    Paid the members of the Premium Rate Class meal and /or rest period premium wages not at the regular rate of pay, but at a base rate of pay or otherwise, and/or not including "all [applicable] remuneration paid to, or on behalf of the employee"; and

      c.    As such, failed to pay the members of the Premium Rate Class all compensation owed, as required by law.

93.    Defendants' pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement, pursuant to Labor Code §218 and Labor Code §1194(a), to recovery by the members of the Premium Rate Class, in a civil action, for the unpaid balance of the full amount of the meal and/or rest period premiums owing.

94.    That calculation of individual damages for the members of the Premium Rate Class may at some point be required does not foreclose the possibility of taking common evidence on questions regarding their entitlement to overtime compensation (see, e.g. Collins v. Rocha (1972) 7 Cal.3d 232; Hypolite v. Carleson (1975) 52 Cal.App.3d 566; Employment Development Dept. v. Superior Court (1981) 30 Cal.3d 256).

95.    Pursuant to Labor Code §218.6, Labor Code §1194(a) and CCP §3287, the members of the Premium Rate Class seek recovery of pre-judgment interest on all amounts recovered herein.

96.    Pursuant to Labor Code §218.5 and/or Labor Code §1194, the members of the Premium Rate Class request that the Court award reasonable attorneys' fees and costs incurred by them in this action.

**SIXTH CAUSE OF ACTION**

**FAILURE TO FULLY REIMBURSE WORK EXPENSES**

**(On Behalf of the Reimbursements Class)**

**(Against All Defendants)**

97.    Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

98.    Pursuant to Labor Code §450(a), "no employer…may compel or coerce any employee… to patronize his or her employer, or any other person, in the purchase of any thing of value."

99.    Pursuant to Labor Code §2802(a), "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer."

100.    Labor Code §2804 states in pertinent part: "Any contract or agreement, express or implied, made by any employee to waive the benefits of this article or any part thereof is null and void, and this article shall not deprive any employee or his personal representative of any right or remedy to which he is entitled under the laws of this State."

101.    As a matter of Defendants' established company policy, the members of the Reimbursements Class were and are required by Defendants to personally incur necessary expenditures in direct consequence of the discharge of their duties,

including but not limited to mileage-related expenses for such work-related tasks as driving between stores, making bank runs, and/or attending special events as part of Defendants' "Retail Reach Out" program, and the use of their personal mobile devices and data plans for work-required tasks.

102.    Defendants are legally required to reimburse the members of the Reimbursements Class for all necessary expenditures at a reasonable rate.

103.    Defendants failed to fully and reasonably reimburse the members of the Reimbursements Class for all necessary expenditures at a reasonable rate, including but not limited to the aforementioned expenditures.

104.    As a proximate result of the aforementioned violations of Labor Code §450(a) and §2802(a), the members of the Reimbursements Class are entitled to recovery from Defendants of the unpaid balance for all necessary expenditures at a reasonable rate, including but not limited to the aforementioned expenditures.

105.    As a proximate result of the aforementioned violations of Labor Code §450(a) and §2802(a), the members of the Reimbursements Class have been damaged in an amount according to proof at the time of Trial.

106.    Pursuant to Labor Code §2802(b), the members of the Reimbursements Class request that the Court award interest at the same rate as judgments in civil actions, accruing from the date on which each member of the Reimbursements Class incurred the necessary expenditure or loss.

107.    Pursuant to Labor Code §2802(c), the members of the Reimbursements Class request that the Court award reasonable attorneys' fees and costs incurred by them in this action.

///
///
///
///
///

**SALGADO V. T-MOBILE USA. INC. - FIRST AMENDED COMPLAINT**

## SEVENTH CAUSE OF ACTION
## FAILURE TO PAY PAID TIME OFF PAY
### (On Behalf of the PTO Class)
### (Against All Defendants)

108.   Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

109.   Labor Code §227.3 states in pertinent part: "[W]henever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served; provided, however, that an employment contract or employer policy shall not provide for forfeiture of vested vacation time upon termination."

110.   With regard to the allegations in this action, California law makes no distinction between "vacations" and "paid time off."

111.   At all times relevant to this action, Defendants had a uniform and consistent corporate policy, procedure and practice to provide paid time off pay to the members of the PTO Class.

112.   During their employment by Defendants, the members of the PTO Class accrued paid time off pay.

113.   Defendants had a consistent and uniform policy, practice and procedure of failing to timely pay all accrued paid time off pay due and owing to the members of the PTO Class after their termination.

114.   The members of the PTO Class are entitled to damages and restitution in an amount according to proof at trial.

115.   Pursuant to Labor Code §218.6 and CCP §3287, the members of the PTO Class seek recovery of pre-judgment interest on all amounts recovered herein.

116.   Pursuant to Labor Code §218.5 and CCP §3287, the members of the PTO Class request that the Court award reasonable attorneys' fees and costs incurred by them in this action.

## EIGHTH CAUSE OF ACTION
## FAILURE TO TIMELY FURNISH ACCURATE ITEMIZED WAGE STATEMENTS
### (On Behalf of the Wage Statement Class)
### (Against All Defendants)

117.   Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

118.   Labor Code §226(a) states in pertinent part: "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee… (4) all deductions… (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid… (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee….".

119.   Further, the IWC Wage Orders §7(A) states in pertinent part: "(A) Every employer shall keep accurate information with respect to each employee including the following: (3) Time records showing when the employee begins and ends each work period. Meal periods, split shift intervals, and total daily hours worked shall also be recorded…(5) Total hours worked in the payroll period and applicable rates of pay…."

120.   Therefore, pursuant to Labor Code §226(a) and the IWC Wage Orders

§7(A), California employers are required to maintain accurate records pertaining to the total hours worked for Defendants by the members of the Wage Statement Class, including but not limited to, beginning and ending of each work period, meal period and split shift interval, the total daily hours worked, and the total hours worked per pay period and applicable rates of pay.

121.    As a pattern and practice, in violation of <u>Labor Code</u> §226(a) and the <u>IWC Wage Orders</u> §7(A), Defendants did not and still do not furnish each of the members of the Wage Statement Class with an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) all deductions, (4) net wages earned and/or (5) all applicable hourly rates in effect during each respective pay period and the corresponding number of hours worked at each hourly rate by each respective individual.

122.    As a pattern and practice, in violation of <u>Labor Code</u> §226(a) and the <u>IWC Wage Orders</u> §7(A), Defendants did not and do not maintain accurate records pertaining to the total hours worked for Defendants by the members of the Wage Statement Class, including but not limited to, beginning and ending of each work period, meal period and split shift interval, the total daily hours worked, and the total hours worked per pay period and applicable rates of pay.

123.    As of January 1, 2013, SB 1255 amended <u>Labor Code</u> §226 to clarify that an employee suffers injury if the employer fails to provide accurate and complete information as required by any one or more items listed in <u>Labor Code</u> §226(a)(1)-(9) and the employee cannot promptly and easily ascertain requisite information without reference to other documents or information.

124.    Here, the members of Wage Statement Class suffered injury because Defendants failed to provide accurate and complete information as required by one or more items listed in <u>Labor Code</u> §226(a)(1)-(9) and the Wage Statement Class members could not and cannot promptly and easily ascertain requisite information without reference to other documents or information.

**SALGADO V. T-MOBILE USA. INC. - FIRST AMENDED COMPLAINT**

125.   In addition, the members of the Wage Statement Class have suffered injury as a result of Defendants' failure to maintain accurate records for the members of the Wage Statement Class in that the members of the Wage Statement Class were not timely provided written accurate itemized statements showing all requisite information, including but not limited to total hours worked by the employee, net wages earned and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate, in violation of Labor Code §226 and the IWC Wage Orders §7(A), such that the members of the Wage Statement Class were misled by Defendants as to the correct information regarding various items, including but not limited to total hours worked by the employee, net wages earned and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate.

126.   The actual injuries suffered by the members of the Wage Statement Class as a result of Defendants' knowing and intentional failure to maintain accurate records for the members of the Wage Statement Class include but are not limited to:

   a. Confusion over whether they received all wages owed them by Defendants;

   b. The difficulty and expense of attempting to reconstruct time and pay records;

   c. Being forced to engage in mathematical computations to analyze whether Defendants' wages in fact compensated for all hours worked;

   d. The inability to accurately calculate wage rates complicated by the fact that wage statement information required by Labor Code §226 is missing;

   e. That such practice prevents the members of the Wage Statement

**SALGADO V. T-MOBILE USA. INC. - FIRST AMENDED COMPLAINT**

Class from being able to effectively challenge information on their wage statements; and/or

    f.  The difficulty and expense of filing and maintaining this lawsuit, and the discovery required to collect and analyze the very information that California law requires.

127.   Pursuant to Labor Code §226(e), the members of the Wage Statement Class are entitled to fifty dollars ($50.00) per employee for the initial pay period in which a violation hereunder occurs and one hundred dollars ($100.00) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000.00).

128.   Pursuant to Labor Code §226(g), the currently-employed members of the Wage Statement Class are entitled to injunctive relief to ensure Defendants' compliance with Labor Code §226.

129.   Pursuant to Labor Code §226(e) and/or §226(g), the members of the Wage Statement Class are also entitled to an award of costs and reasonable attorneys' fees.

**NINTH CAUSE OF ACTION**

**FAILURE TO MAINTAIN REQUIRED RECORDS**

**(On Behalf of the Payroll Records Class)**

**(Against All Defendants)**

130.   Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

131.   As part of Defendants' illegal payroll policies and practices to deprive the Payroll Records Class of all wages earned and due, Defendants knowingly and intentionally failed to maintain records as required under Labor Code §§226, 1174, and IWC Wage Order No. 7-2001, §7, including but not limited to the following records: total daily hours worked by each employee; applicable rates of pay; all

deductions; meal periods; time records showing when each employee begins and ends each work period; and accurate itemized statements.

132.    As a proximate result of Defendants' unlawful actions and omissions, the Payroll Records Class has been damaged in an amount according to proof at trial, and are entitled to all wages earned and due, plus interest thereon. Additionally, the Payroll Records Class is entitled to all available statutory penalties, including but not limited to civil penalties pursuant to <u>Labor Code</u> §§226(e), 226.3, and 1174.5, and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in <u>Labor Code</u> §226(e), as well as other available remedies.

**TENTH CAUSE OF ACTION**

**DERIVATIVE VIOLATIONS OF <u>LABOR CODE</u> §203**

**(On Behalf of the Derivative LC 203 Class)**

**(Against All Defendants)**

133.    Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the <u>preceding</u> and foregoing paragraphs of this Complaint as if fully set forth herein.

134.    <u>Labor Code</u> §203 provides that if an employer willfully fails to pay, without abatement or reduction, in <u>accordance</u> with <u>Labor Code</u> §§201 and 202, any wages of an employee who is discharged or who quits, the wages of the employee shall continue at the same rate, for up to thirty (30) days from the due date thereof, until paid or until an action therefore is commenced.

135.    The <u>members</u> of the Derivative LC 203 Class are no longer employed by Defendants as they were either discharged from or quit Defendants' employ.

136.    Defendants had a consistent and uniform policy, practice and procedure of willfully failing to pay the earned wages of Defendants' former employees, as set forth above, according to amendment or proof.

137.    As set forth above, Defendants willfully failed to pay the members of

- 36 -

the Derivative LC 203 Class their entire wages due and owing at the time of their termination or within seventy-two (72) hours of their resignation, and failed to pay those sums for up to thirty (30) days thereafter.

138.   Defendants' willful failure to pay wages to the members of the Derivative LC 203 Class violates Labor Code §203 because Defendants knew or should have known wages were due to the members of the Derivative LC 203 Class, as set forth above, but Defendants failed to pay them.

139.   Thus, the members of the Derivative LC 203 Class are entitled to recovery pursuant to Labor Code §203.

## ELEVENTH CAUSE OF ACTION
## INDEPENDENT VIOLATIONS OF LABOR CODE §203
### (On Behalf of the Independent LC 203 Class)
### (Against All Defendants)

140.   Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

141.   Labor Code §203 provides that if an employer willfully fails to timely pay, without abatement or reduction, in accordance with Labor Code §§201 and 202, any wages of an employee who is discharged or who quits, the wages of the employee shall continue at the same rate, for up to thirty (30) days from the due date thereof, until paid or until an action therefore is commenced.

142.   The members of the Independent LC 203 Class are no longer employed by Defendants as they were either discharged from or quit Defendants' employ.

143.   Defendants had a consistent and uniform policy, practice and procedure of willfully failing to timely pay the earned wages of Defendants' former employees, including commissions and vacation wages, according to amendment or proof.

144.    For example, Plaintiff, EMMANUEL SALGADO was terminated on August 10, 2016. However, Plaintiff was not paid final wages, including final commissions, until September 30, 2016.

145.    As such, Defendants willfully failed to pay the members of the Independent LC 203 Class all wages due and owing at the time of their termination and/or within seventy-two (72) hours of their resignation.

146.    Defendants' willful failure to timely pay final wages to the members of the Independent LC 203 Class violates Labor Code §203 because Defendants knew or should have known final wages were due to the members of the Independent LC 203 Class by a date certain, but Defendants failed to pay them on a timely basis on or before that deadline.

147.    Thus, the members of the Independent LC 203 Class are entitled to recovery pursuant to Labor Code §203.

**TWELFTH CAUSE OF ACTION**

**PENALTIES PURSUANT TO LABOR CODE §2699**

**(On Behalf of the Aggrieved Employees)**

**(Against All Defendants)**

148.    Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

**A.    VIOLATIONS OF LABOR CODE §2751 REGARDING COMMISSION CONTRACTS**

149.    Labor Code §2751(a) states: "Whenever an employer enters into a contract of employment with an employee for services to be rendered within this state and the contemplated method of payment of the employee involves commissions, the contract shall be in writing and shall set forth the method by which the commissions shall be computed and paid."

150.    Further, Labor Code §2751(b) states in pertinent part: "The employer

shall give a signed copy of the contract to every employee who is a party thereto and shall obtain a signed receipt for the contract from each employee."

151.    During the relevant time period, Defendants had a consistent and uniform policy, practice and procedure, when entering into a contract of employment with Plaintiff and all other similarly situated aggrieved employees for services to be rendered within California and the contemplated method of payment involved commissions, of failing to utilize a written contract signed by both the employer and employee setting forth the method by which the commissions shall be computed and paid.

## B.    PENALTIES ASSESSED

152.    Pursuant to <u>Labor Code</u> §2699(a) (which provides that any provision of the <u>Labor Code</u> that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency ("LWDA") (or any of its departments, divisions, commissions, board agencies or employees), such civil penalties may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees) and <u>Labor Code</u> §2699(f) (which establishes a civil penalty for violations of all <u>Labor Code</u> provisions except those for which a civil penalty is specifically provided), the members of all Classes seek recovery of all applicable civil penalties, as follows:

a.    As applicable, civil penalties under <u>Labor Code</u> §558 (in addition to and entirely independent and apart from any other penalty provided in the <u>Labor Code</u>), for violations of <u>Labor Code</u> §§1-556, in the amount of $50 for each underpaid aggrieved employee for each pay period the aggrieved employee was underpaid, and $100 for each subsequent violation for each underpaid employee for each pay period for which the employee was underpaid;

b.    As applicable, civil penalties under <u>Labor Code</u> §2751, which

states: "Whenever an employer enters into a contract of employment with an employee for services to be rendered within this state and the contemplated method of payment of the employee involves commissions, the contract shall be in writing and shall set forth the method by which the commissions shall be computed and paid." Further, Labor Code §2751(b) states in pertinent part: "The employer shall give a signed copy of the contract to every employee who is a party thereto and shall obtain a signed receipt for the contract from each employee." During the relevant time period, Defendants had a consistent and uniform policy, practice and procedure, when entering into a contract of employment with the aggrieved employees for services to be rendered within California, with the contemplated method of payment involving commissions, of failing to utilize a written contract setting forth the method by which the commissions shall be computed and paid. Defendants' pattern, practice and uniform administration of corporate policy regarding commission contracts as described herein is unlawful and creates an entitlement to recovery by the aggrieved employees of penalties pursuant to Labor Code §§2698, et seq. Further, Plaintiffs are entitled to recover reasonable attorneys' fees and costs pursuant to Labor Code §2699(g)(1), Labor Code §218.5, and/or any other applicable statute;

c.  As applicable, civil penalties under Labor Code §226.3 (in addition to and entirely independent and apart from any other penalty provided in the Labor Code), for each violation of Labor Code §226(a), in the amount of $250 for each aggrieved employee per pay period for each violation and $1,000 for each aggrieved

**SALGADO V. T-MOBILE USA, INC. - FIRST AMENDED COMPLAINT**

employee per pay period for each subsequent violation;

    d.   As applicable, civil penalties under <u>Labor Code</u> §256 (in addition to and entirely independent and apart from any other penalty provided in the <u>Labor Code</u>), for any aggrieved employee who was discharged or quit, and was not paid all earned wages at termination in accordance with <u>Labor Code</u> §§201, 201.1, 201.5, 202, and 205.5, in the amount of a civil penalty of one day of pay, at the same rate, for each day that he or she was paid late, until payment was/is made, up to a maximum of thirty (30) days;

    e.   As applicable, civil penalties under <u>Labor Code</u> §2699(f), for all violations of the <u>Labor Code</u> except for those for which a civil penalty is specifically provided, in the amount of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation; and two hundred dollars ($200.00) for each aggrieved employee per pay period for each subsequent violation; and

    f.   Any and all additional applicable civil penalties and sums as provided by the <u>Labor Code</u> and/or other relevant statutes.

153.   In addition, Plaintiffs seek and are entitled to seventy-five percent (75%) of all penalties obtained under <u>Labor Code</u> §2699 to be allocated to the LWDA, for education of employers and employees about their rights and responsibilities under the <u>Labor Code</u>, and twenty-five percent (25%) to all aggrieved employees.

154.   Further, Plaintiffs are entitled to recover reasonable attorneys' fees and costs pursuant to <u>Labor Code</u> §§2699(g)(1), 218.5 (Wages), 1194(a), and any other applicable statute.

155.   <u>Labor Code</u> §2699.3(a) states in pertinent part: "A civil action by an aggrieved employee pursuant to subdivision (a) or (f) of Section 2699 alleging a

violation of any provision listed in Section 2699.5 shall commence only after the following requirements have been met: (1) (A) The aggrieved employee or representative shall give written notice by online filing with the Labor and Workforce Development Agency and by certified mail to the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation."

156.    Labor Code §2699.3(c)(1) states in pertinent part: "A civil action by an aggrieved employee pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision other than those listed in Section 2699.5 or Division 5 (commencing with Section 6300) shall commence only after the following requirements have been met: (1) (A) The aggrieved employee or representative shall give written notice by online filing with the Labor and Workforce Development Agency and by certified mail to the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation."

157.    Here, Plaintiffs' civil action alleges violations of provisions listed in Labor Code §2699.5 and violations of provisions other than those listed in Labor Code §2699.5. As such, Labor Code §2699.3(a) and §2699.3(c) apply to this action.

158.    On November 4, 2016, Plaintiffs complied with Labor Code §2699.3(a) and Labor Code §2699.3(c) in that Plaintiffs gave written notice by online filing with the LWDA and by certified mail to Defendants of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations. Attached hereto as Exhibit "1" is Plaintiffs' LWDA letters.

159.    Labor Code §2699.3(a) further states in pertinent part: "(2)(A) The agency shall notify the employer and the aggrieved employee or representative by certified mail that it does not intend to investigate the alleged violation within 60

calendar days of the postmark date of the notice received pursuant to paragraph (1). Upon receipt of that notice or if no notice is provided within 65 calendar days of the postmark date of the notice given pursuant to paragraph (1), the aggrieved employee may commence a civil action pursuant to Section 2699."

160.    As of January 8, 2017 (65 calendar days after Plaintiffs' LWDA letter was filed online), Plaintiffs had not received any notification that the LWDA intended to investigate the alleged violations. As such, Plaintiffs have complied with Labor Code §2699.3(a) and have been given authorization therefrom to commence a civil action which includes a cause of action pursuant to Labor Code §2699.

161.    Further, as of December 11, 2016 (33 calendar days after Plaintiffs' LWDA letter was mailed via certified mail), Plaintiffs have not received from Defendants written notice by certified mail that the alleged violations have been cured, including a description of actions taken. As such, Plaintiffs have complied with Labor Code §2699.3(c) and have been given authorization therefrom to commence a civil action which includes a cause of action pursuant to Labor Code §2699.

## THIRTEENTH CAUSE OF ACTION
## UNFAIR BUSINESS PRACTICES
### (On Behalf of the 17200 Class)
### (Against All Defendants)

162.    Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

163.    B&PC §17200 provides in pertinent part "…[U]nfair competition shall mean and include any unlawful, unfair or fraudulent business act…".

164.    B&PC §17205 provides that unless otherwise expressly provided, the remedies or penalties provided for unfair competition "are cumulative to each other

and to the remedies or penalties available under all other laws of this state."

165.    B&PC §17204 provides that an action for any relief from unfair competition may be prosecuted by any person who has suffered injury in fact and has lost money or property as a result of such unfair competition.

166.    Defendants have engaged in unlawful, unfair and fraudulent business acts or practices prohibited by B&PC §17200, including those set forth in the preceding and foregoing paragraphs of the complaint, thereby depriving the members of the 17200 Class of the minimum working standards and conditions due to them under the Labor Code and/or the IWC Wage Orders, as specifically described herein.

167.    Defendants have engaged in unfair business practices in California by practicing, employing and utilizing the employment practices outlined in the preceding paragraphs, specifically, by requiring employees to perform the labor services complained of herein without the requisite compensation.

168.    Defendants' use of such practices constitutes an unfair business practice, unfair competition and provides an unfair advantage over Defendants' competitors.

169.    Plaintiffs have suffered injury in fact and have lost money or property as a result of such unfair competition.

170.    Plaintiffs seek full restitution from Defendants, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by Defendants by means of the unfair practices complained of herein.

171.    Further, if Defendants are not enjoined from the conduct set forth above, Defendants will continue to practice, employ and utilize the employment practices outlined in the preceding paragraphs.

172.    Therefore, Plaintiffs request that the Court issue a preliminary and permanent injunction prohibiting Defendants from engaging in the foregoing conduct.

173.    Plaintiffs seek the appointment of a receiver, as necessary, to establish the total monetary relief sought from Defendants.

## VI.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray:

a.    That the Court issue an Order certifying the Classes herein, appointing all named Plaintiffs as representative of all others similarly situated, and appointing all law firms representing all named Plaintiffs as counsel for the members of the Classes;

As to the First Cause of Action for Failure to Pay Overtime Wages at the Appropriate Overtime Pay Rate:

b.    For damages, as set forth in Labor Code §1194(a) and the IWC Wage Order(s) regarding wages due and owing, according to proof;

c.    For pre-judgment interest as allowed by Labor Code §218.6, Labor Code §1194(a) and CCP §3287;

d.    For an award of reasonable attorneys' fees and costs pursuant to Labor Code §218.5 and/or Labor Code §1194(a);

As to the Second Cause of Action for Failure to Pay All Wages:

e.    For recovery of the unpaid balance of the full amount of the straight time compensation due and owing, according to proof;

f.    For liquidated damages on the straight-time portion of uncompensated hours of work (not including the overtime portion thereof), as authorized by Labor Code §1194.2(a);

g.    For recovery of the unpaid balance of the full amount of overtime compensation due and owing, calculated at the appropriate rate and according to proof;

h.    For recovery of the unpaid balance of the full amount of commission wages due and owing, paid at the regular rate of compensation;

**SALGADO V. T-MOBILE USA. INC. - FIRST AMENDED COMPLAINT**

i.    For pre-judgment interest as allowed by <u>Labor Code</u> §218.6, <u>Labor Code</u> §1194(a) and <u>CCP</u> §3287;

j.    For an award of reasonable attorneys' fees and costs pursuant to <u>Labor Code</u> §218.5 and/or <u>Labor Code</u> §1194(a);

<u>As to the Third Cause of Action for Failure to Provide Meal Periods</u>:

k.    For one (1) hour of pay at the regular rate of compensation for each member of the Meal Period Class for each workday that a meal or rest period was not provided;

l.    For pre-judgment interest as authorized by <u>Labor Code</u> §218.6 and <u>CCP</u> §3287;

<u>As to the Fourth Cause of Action for Failure to Authorize and Permit Paid Rest Periods</u>:

m.    For one (1) hour of pay at the regular rate of compensation for each member of the Rest Period Class for each workday that a meal or rest period was not provided;

n.    For pre-judgment interest as authorized by <u>Labor Code</u> §218.6 and <u>CCP</u> §3287;

o.    For an award of reasonable attorneys' fees and costs pursuant to <u>Labor Code</u> §218.5;

<u>As to the Fifth Cause of Action for Failure to Pay Premium Wages At the Legal Pay Rate</u>:

p.    For damages, as set forth in <u>Labor Code</u> §1194(a) and the <u>IWC Wage Order(s)</u> regarding wages due and owing, according to proof;

q.    For pre-judgment interest as allowed by <u>Labor Code</u> §218.6, <u>Labor Code</u> §1194(a) and <u>CCP</u> §3287;

r.    For an award of reasonable attorneys' fees and costs pursuant to <u>Labor Code</u> §218.5 and/or <u>Labor Code</u> §1194(a);

///

**SALGADO V. T-MOBILE USA. INC. - FIRST AMENDED COMPLAINT**

As to the Sixth Cause of Action for Unpaid Reimbursements for Work Expenses:

    s.    For recovery of the unpaid balance for all necessary expenditures and losses incurred in direct consequence of the discharge of Defendants' duties;

    t.    For interest thereon at the same rate as judgments in civil actions, accruing from the date on which each member of the Reimbursements Class incurred the necessary expenditure or loss, pursuant to Labor Code §2802(b);

    u.    For reasonable attorneys' fees and costs pursuant to Labor Code §2802(c);

As to the Seventh Cause of Action for Failure to Pay Paid Time Off Pay:

    v.    For damages regarding wages due and owing, according to proof;

    w.    For pre-judgment interest as authorized by Labor Code §218.6 and CCP §3287;

    x.    For an award of reasonable attorneys' fees and costs pursuant to Labor Code §218.5;

As to the Eighth Cause of Action for Failure to Timely Furnish Accurate Itemized Wage Statements:

    y.    For recovery as authorized by Labor Code §226(e);

    z.    For an award of costs and reasonable attorneys' fees pursuant to Labor Code §226(e) and/or §226(g);

As to the Ninth Cause of Action for Failure to Timely Furnish Accurate Itemized Wage Statements:

    aa.    For recovery as authorized by Labor Code §§226(e); 226.3, and 1174.5;

    bb.    For an award of costs and reasonable attorneys' fees pursuant to Labor Code §226(e) and/or §226(g);

///

**SALGADO V. T-MOBILE USA. INC. - FIRST AMENDED COMPLAINT**

1  As to the Tenth Cause of Action for Derivative Violations of Labor Code §203:

2       cc.    For recovery as authorized by Labor Code §203;

3  As to the Eleventh Cause of Action for Independent Violations of Labor Code

4  §203:

5       dd.    For recovery as authorized by Labor Code §203;

6  As to the Twelfth Cause of Action for Penalties Pursuant to Labor Code §2699:

7       ee.    For civil penalties pursuant to Labor Code §2699(f), in addition to and

8            entirely independent and apart from other penalties in the Labor Code

9            and for Labor Code violations without a specific civil penalty, in the

10           amount of $100 for each aggrieved employee per pay period for each

11           violation, and $200 for each aggrieved employee per pay period for

12           each subsequent violation;

13      ff.    For civil penalties pursuant to Labor Code §558, in addition to and

14           entirely independent and apart from other penalties in the Labor Code,

15           as follows:

16           i.  For any initial violation, fifty dollars ($50) for each aggrieved

17              underpaid employee for each pay period for which the employee

18              was underpaid;

19           ii.  For each subsequent violation, one hundred dollars ($100) for each

20              aggrieved underpaid employee for each pay period for which the

21              employee was underpaid;

22      gg.    For civil penalties under Labor Code §210, in addition to and entirely

23           independent and apart from other penalties in the Labor Code, in the

24           amount of $100 for each aggrieved employee per pay period for each

25           violation, and $200 for each aggrieved employee per pay period for

26           each subsequent violation;

27      hh.    For civil penalties per Labor Code §226.3, in addition to and entirely

28           independent and apart from other penalties in the Labor Code, in the

**SALGADO V. T-MOBILE USA. INC. - FIRST AMENDED COMPLAINT**

amount of $250 for each aggrieved employee per pay period for each violation, and $1,000 for each aggrieved employee per pay period for each subsequent violation;

ii.    For civil penalties per <u>Labor Code</u> §256, in addition to and entirely independent and apart from other penalties in the <u>Labor Code</u>, in the amount of one day of pay, at the same rate, for each day that an aggrieved employee was paid late, at the time of termination, until payment was/is made, up to a maximum of thirty (30) days;

jj.    For reasonable attorneys' fees and costs incurred pursuant to <u>Labor Code</u> §§2699(g)(1) and any other applicable statute;

<u>As to the Thirteenth Cause of Action for Unfair Business Practices</u>:

kk.    For an accounting, under administration of Plaintiffs and/or the receiver and subject to Court review, to determine the amount to be returned by Defendants, and the amounts to be refunded to members of the Classes who are owed monies by Defendants;

ll.    For an Order requiring Defendants to identify each of the members of the Classes by name, home address, home telephone number and, if available, email address;

mm.    For an Order requiring Defendants to make full restitution and payment pursuant to California law;

nn.    For an Order for a preliminary and/or permanent injunction prohibiting Defendants from engaging in the acts complained of herein;

oo.    For the creation of an administrative process wherein each injured member of the Classes may submit a claim in order to receive his/her money;

pp.    For interest to the extent permitted by law;

qq.    For an award of attorneys' fees and costs incurred in the investigation,

**SALGADO V. T-MOBILE USA. INC. - FIRST AMENDED COMPLAINT**

filing and prosecution of this action pursuant to CCP §1021.5, B&PC §17200, et seq., Labor Code §1194 and/or any other applicable provision of law;

As to All Causes of Action:

    rr.    For such relief as this Court may deem just and proper, including reasonable attorneys' fees and costs incurred.

## VII.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial of their claims by jury to the extent authorized by law.


Dated: November 7, 2019      **LAW OFFICES OF KEVIN T. BARNES**
                                         **MOSS BOLLINGER, LLP**
                                         **KOUL LAW FIRM**
                                       **LAW OFFICES OF SAHAG MAJARIAN II**
                                       **MATERN LAW GROUP, PC**

                          By:    */s/ Kevin T. Barnes*
                                      Kevin T. Barnes, Esq.
                                      Gregg Lander, Esq.
                                      Dennis F. Moss Esq.
                                      Ari E. Moss, Esq.
                                      Nazo Koulloukian, Esq.
                                      Sahag Majarian II, Esq.
                                      Matthew J. Matern, Esq.
                                      Joshua D. Boxer, Esq.
                                      Attorneys for Plaintiffs

EXHIBIT 1

LAW OFFICES OF

# KEVIN T. BARNES

KEVIN T. BARNES
GREGG LANDER

—

OF COUNSEL:
JOSEPH ANTONELLI

5670 WILSHIRE BOULEVARD, SUITE 1460
LOS ANGELES, CALIFORNIA 90036-5664

TELEPHONE: (323) 549-9100
Toll-Free: (877) 309-3577 / FAX: (323) 549-0101

A Professional Law Corporation

—

www.kbarnes.com

—

Barnes@kbarnes.com

November 4, 2016

**VIA ELECTRONIC MAIL ($75 filing fee to follow by mail)**

PAGA Administrator
California Labor and Workforce Development Agency
PAGAfilings@dir.ca.gov

     Re:    <u>T-Mobile USA, Inc. (hereafter, the "Employer")</u>

**NOTICE OF <u>LABOR CODE</u> VIOLATIONS PURSUANT TO <u>LABOR CODE</u> §2699.3**

    To:    PAGA Administrator, California Labor and Workforce Development Agency and the Employer

    From:  Emmanuel Salgado (the "Employee"), who was subjected to the wage and hour practices set forth below

The Employee, by way of the above-named counsel, submits this Notice, pursuant to and in compliance with the requirements of California <u>Labor Code</u> §2699.3(a)/(c), and alleges the facts and theories to support the alleged violations as follows:

During the applicable time period, the Employer employed the Employee and all others similarly situated as hourly-paid employees, including but not limited to Sales Representatives, Sales Leads, Retail Associate Managers (aka Assistant Managers) and/or Store Managers. During this time period, the Employer utilized consistent policies and procedures regarding the Employee and all other similarly situated hourly-paid "Store Employees" as follows:

<u>First</u>, the Employer failed to use the correct regular rate when calculating overtime pay for the Employee and all others similarly situated. Specifically, the Employee and all others similarly situated received additional pay from the Employer in the form of various commissions. As a separate and independent theory, the Employee and all others similarly situated received additional pay from the Employer in the form of various prizes and/or products from a manufacturer who is a client of the Employer, which is earned as part of their compensation. However, the Employer did not consider this additional pay (commissions, prizes and/or product) in the computation of the regular rate of pay for the Employee and all others similarly situated. As such, the Employer owe the Employee and all others similarly situated unpaid overtime wages, and penalties pursuant to <u>Labor Code</u> §§2699(f) and/or 558.

<u>Second</u>, the Employee and all others similarly situated performed work for the Employer while clocked out, including but not limited to using the "GroupMe" mobile application, scheduling, making and receiving work-related telephone calls to and from customers, co-workers and supervisors, "Small Business Prep" and other meetings, picking up devices and submitting reports. As such, the Employer failed to pay all straight time wages, minimum wages and overtime wages due for the time the Employee and all others similarly situated were subject, as stated, to the Employer's control, allegedly in violation of <u>Labor Code</u> §§510, 1194, 1197 and 1198 and the applicable Industrial Wage Order, and owes penalties pursuant to <u>Labor Code</u> §§2699(f) and/or 558.

<u>Third</u>, the Employer failed to provide the Employee and all others similarly situated with paid rest breaks, as the Employee and those similarly situated did not always get full ten minute uninterrupted rest breaks within the first four hours or major fraction thereof their shift. As such, the Employee and all others similarly situated were not always timely provided a legally compliant rest break. The Employer did not pay a rest period penalty for any of these violations. As such, the Employer violated <u>Labor Code</u> §226.7 and the applicable

PAGA Administrator
Re: T-Mobile USA, Inc.
November 4, 2016
Page 2

Industrial Wage Order, ¶12(A)/(B), and owes rest period wages and penalties pursuant to <u>Labor Code</u> §§2699(f) and/or 558.

    <u>Fourth</u>, the Employee and all others similarly situated incurred mileage-related expenses for the use of their personal vehicles while performing reasonable and necessary work-related duties, including but not limited to driving between the Employee's stores and to/from work-related "Retail Reach Out" events, and/or making bank runs. The Employee failed to reimburse mileage for these reasons, even though the Employer did reimburse the Employee and all others similarly situated mileage expenses for work-related manager meetings. As such, the Employer violated <u>Labor Code</u> §§450 and 2802 by failing to reimburse the Employee and all others similarly situated for all mileage-related expenses reasonably incurred in the course of their required work duties.

    <u>Fifth</u>, as stated, in addition to an hourly wage, the Employer sometimes paid the Employee and all others similarly situated in the form of a commission on sales. However, the Employer did not utilize a written contract setting forth the method by which the Employer's commissions would be computed, and did not give a signed copy to the Employee and all others similarly situated. As such, the Employer violated <u>Labor Code</u> §2751, which provides that whenever an employer enters into a contract of employment with an employee for services to be rendered within California and the contemplated method of payment of the employee involves commissions, the contract shall be in writing and shall set forth the method by which the commissions shall be computed and paid. Further, the Employer must give a signed copy of this contract to every employee who is a party thereto and must obtain a signed receipt for the contract from each employee. This did not occur here, and as such, the Employer owes penalties pursuant to <u>Labor Code</u> §§2699(a)/(f).

    <u>Sixth</u>, regarding wage statements, pursuant to <u>Labor Code</u> §226 and the applicable Industrial Wage Order, the Employer is required to include on a paystub such information as all hours worked, the hourly rate of pay, and the rate of pay for overtime and double time work. Here, because of the Employer's illegal wage and hour policies as set forth above, all wages earned were not reflected on the wage statements provided by the Employer to the Employee and all others similarly situated, and the Employer issued improper wage statements. As such, the Employer derivatively violated <u>Labor Code</u> §226, and owe penalties pursuant to <u>Labor Code</u> §§2699(f).

    <u>Seventh</u>, regarding waiting time penalties, pursuant to <u>Labor Code</u> §203, the Employee and all others similarly situated are entitled to thirty day of wages at their regular rate of pay for the Employer's failure to pay all wages due upon separation of employment. Here, because of the Employer's illegal wage and hour policies as set forth above, the Employer derivatively violated <u>Labor Code</u> §203, and owe penalties pursuant to <u>Labor Code</u> §§2699(f) and/or 256.

    <u>Eighth</u>, and finally, also regarding waiting time penalties, and in addition to the derivative violations of <u>Labor Code</u> §203 above, the Employer did not timely pay the Employee and other similarly situated separated employees all wages due and owing in a timely manner. For example, the Employee last day of work for the Employer was August 10, 2016. However, the Employee was not paid final wages and commissions until September 30, 2016. Therefore, as an independent violation of <u>Labor Code</u> §§201-203, the Employer owes the Employee and all others similarly situated who did not timely receive their final wages for up to thirty day of wages at their regular rate of pay, and owes penalties pursuant to <u>Labor Code</u> §§2699(f).

    Pursuant to <u>Labor Code</u> §2699.3(a)(2)(A), please advise within sixty-five (65) calendar days of the postmark date of this notice whether the LWDA intends to investigate these alleged violations. Further, pursuant to <u>Labor Code</u> §2699.3(c)(2)(A), the Employer may cure the alleged violations within thirty-three (33) calendar days of the postmark date of this notice and within that period, give notice by certified mail if the alleged violation is cured, including a description of actions taken.

    We understand that if we do not receive a response within sixty-five (65) calendar days of the postmark and filing date of this notice that the LWDA intends to investigate these allegations and/or a notice from the

PAGA Administrator
Re: T-Mobile USA, Inc.
November 4, 2016
Page 3


Employer that the alleged violations are cured, and/or if the alleged violations are not cured, then the Employee may immediately thereafter commence a civil action against the Employer pursuant to <u>Labor Code</u> §2699.

      Thank you for your consideration.

                          Very Truly Yours,

                          Kevin T. Barnes
                          Gregg Lander


cc: (via Certified Mail)                cc: (via U.S. Mail)
T-Mobile USA, Inc.                    Raphael A. Katri, Esq.
12920 SE 38th Street               LAW OFFICES OF RAPHAEL A. KATRI
Bellevue, WA 98006                8549 Wilshire Boulevard, Suite 200
                                      Beverly Hills, CA 90211-3104

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I, the undersigned, am over the age of 18 years and not a party to this action. My business address is 1635 Pontius Avenue, Second Floor, Los Angeles, CA 90025-3361, which is located in Los Angeles County, where the service herein occurred.

On the date of execution hereof, I caused to be served the following attached document/s:

**[PROPOSED] FIRST AMENDED COMPLAINT FOR:**

on the interested parties in this action, addressed as follows:

| _Attorneys for Defendant:_ | _Attorneys for Plaintiffs:_ |
|---|---|
| Sophia Behnia, Esq.<br>LITTLER MENDELSON, P.C.<br>333 Bush Street, 34th Floor<br>San Francisco, CA 94104<br>Tel.: (415) 276-2561<br>Fax: (415) 358-5784<br>Email: SBehnia@littler.com | Raphael A. Katri, Esq.<br>LAW OFFICES OF<br>RAPHAEL A. KATRI<br>8549 Wilshire Boulevard, Suite 200<br>Beverly Hills, CA 90211-3104<br>Tel.: (310) 940-2034<br>Fax: (310) 733-5644<br>Email: RKatri@socallaborlawyers.com |

Keith A. Jacoby, Esq.
LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, CA 90067-3107
Tel.: (310) 553-0308
Fax: (310) 553-5583
Email: KJacoby@littler.com

Ryan L. Eddings, Esq.
LITTLER MENDELSON, P.C.
5200 North Palm Avenue, Suite 302
Fresno, CA 93704-2225
Tel.: (559) 244-7500
Fax: (559) 244-7525
Email: Reddings@littler.com

Gregory G. Iskander, Esq.
Natalie Jansen, Esq.
LITTLER MENDELSON, P.C.
1255 Treat Boulevard, Suite 600
Walnut Creek, CA 94597
Tel.: (925) 932-2468
Fax: (925) 946-9809
Email: GIskander@littler.com

using the following service method:

**PROOF OF SERVICE**

**X** **VIA ELECTRONIC SERVICE:** The above documents were electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the above interested parties.

I DECLARE under penalty of perjury that the foregoing is true and correct.

Executed on November 7, 2019, at Los Angeles, California.

*/s/ Cindy Rivas*
**Cindy Rivas**

**PROOF OF SERVICE**